UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | |
| | § | _____ |
| CEDAR HILL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Cedar Hill Independent ("Defendant" or "CHISD") files this Notice of Removal of this action to the United States District Court for the Northern District of Texas, Dallas Division, and would respectfully show the Court as follows:

## I.   PROCEDURAL HISTORY

Plaintiff filed her Original Petition on April 14, 2020 in the 101st District Court of Dallas County, Texas, styled Cause No. DC-20-05649, *Grinda Coleman v. Cedar Hill Independent School District*. A true and correct copy of this pleading is attached hereto as Exhibit D-1. Defendant was served with process on September 4, 2020 and filed its Original Answer on September 25, 2020. Plaintiff alleged that Defendant violated Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA") related to Plaintiff's employment with Defendant. Pl.'s Orig. Pet., at 7-8.

On August 9, 2021, Plaintiff filed her Second Amended Petition[1] against Defendant, which added claims under the federal Family and Medical Leave Act, codified at 29 U.S.C. § 2601 *et seq.* ("FMLA") in addition to her state-law TCHRA claims. Ex. D-22, Pl.'s 2d Am. Pet.,

---

[1] Plaintiff's "Second Amended Petition and Jury Demand," filed August 9, 2021, is in fact her third amended petition and jury demand.

¶¶ 25-32. A true and correct copy of the Second Amended Petition is attached hereto as Exhibit D-22. Plaintiff's FMLA claim added in August 2021 was the first claim under federal law alleged in this case.

## II.      BACKGROUND

This case arises from Plaintiff's employment with and separation from Defendant. Defendant is a Texas school district located in Dallas County and Ellis County, Texas. Plaintiff is a former employee and teacher. In 2018, Plaintiff requested, and Defendant granted, a temporary disability leave for Plaintiff to receive medical treatment. Ex. D-22, Pl.'s 2d Am. Pet., ¶¶ 13-16.

In her Second Amended Petition, Plaintiff alleges that, while she was on temporary leave in the fall semester of 2018, Defendant wrongfully filled her teaching position with another candidate and failed to properly return her to a long-term, full-time teaching position. *Id.* Plaintiff has now sued CHISD for disability discrimination under the TCHRA as well as the FMLA. *Id.* at ¶¶ 19-32. Her TCHRA allegations assert that Defendant discriminated against her on the basis of disability by failing to return her to a full-time, long-term position immediately upon return from leave, while her FMLA allegations assert that Defendant wrongfully denied her job-protected leave under federal law. *Id.* at ¶ 25-32.

## III.      GROUNDS FOR REMOVAL

This removal complies with 28 U.S.C. §§ 1441(a) and 1446, as this case is a civil action for which the district courts of the United States have original jurisdiction and is being removed to the federal court for the district and division in which the state action is currently pending.

### A.    Federal Question Jurisdiction

This Court has federal question jurisdiction over Plaintiff's FMLA claim. 28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." Federal question jurisdiction is established when a party asserts a cause of action arising under federal law. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (holding federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint); *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg*, 876 F.2d 1157, 1160–61 (5th Cir. 1989) (holding a defendant may remove a state court action to federal court if such an action could have been filed in federal court originally).

In this lawsuit, Plaintiff alleges Defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. Ex. D-22, Pl.'s 2d Am. Pet., at 7-10. Therefore, removal of this civil action is proper under 28 U.S.C. § 1331 based on federal question jurisdiction because Plaintiff has filed suit under federal law, specifically the Family and Medical Leave Act. Accordingly, this court has original jurisdiction over this lawsuit.

### B.    Supplemental Jurisdiction

This Court has supplemental jurisdiction over Plaintiff's TCHRA claim. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Plaintiff alleges a cause of action against Defendant for disability discrimination under the TCHRA. In her Second Amended Petition, Plaintiff avers that the same alleged acts and omissions relating to her status and employment from August 2018 through February 2019

violated her rights under both statutes (FMLA and TCHRA). Ex. D-22, Pl.'s 2d Am. Pet., at ¶ 25-32. Therefore, Plaintiff's state law disability discrimination claim is so related to her federal FMLA claim, over which this Court has original jurisdiction, "that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a); *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012). Plaintiff's alleged medical status, requests for leave, and resulting alleged treatment by Defendant during the period from August 2018 to February 2019 are central to both the state and federal claims Plaintiff asserts. Accordingly, all Plaintiff's claims are part of the same case or controversy, and the Court has supplemental jurisdiction over Plaintiff's TCHRA claim pursuant to 28 U.S.C. § 1367(a).

## VI.   COMPLIANCE WITH REMOVAL REQUIREMENTS

### A.  Removal is Timely

This Notice of Removal is filed within thirty (30) days after Defendant was served with Plaintiff's Second Amended Petition. It is therefore timely as 28 U.S.C. § 1446 provides that an originally non-removable case may be removed within thirty days after service of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In this case, Plaintiff's Original Petition was not removable. However, this action became removable when Plaintiff added the FMLA claim in her Second Amended Petition filed and served on August 9, 2021. *See* Ex. D-22. Thus, removal on or before September 8, 2021 is timely. Because Defendant is now removing the case within thirty days of the service of the Second Amended Petition, removal is timely under 28 U.S.C. § 1446(b)(3).

**B.  Venue is Proper**

Removal to this Court is proper because the state court action was pending in a Judicial District Court of Dallas County, Texas. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court for purposes of removal only because the Northern District of Texas, Dallas Division is the district and division embracing the place where the state court action is pending.

**C.  N.D. Tex. Local Rule Requirements**

Pursuant to Local Rule 81.1 and 28 U.S.C. § 1446(a), the following items are filed simultaneously herewith and incorporated herein by reference:

- Exhibit A: Civil Cover Sheet;

- Exhibit B: Supplemental Civil Cover Sheet;

- Exhibit C: Copy of the state court action Docket Sheet;

- Exhibit D: Index of Documents Filed in the state court action;

- Exhibits D-1 through D-22: copies of each document filed in the state court action, including all process, pleadings, and orders, but excluding any discovery material.

**D.     Notice Requirements**

Pursuant to 28 U.S.C. § 1446(d), Defendant will file a true and correct copy of this Notice and all exhibits with the Clerk of the 101st District Court of Dallas County, Texas, thus giving notice that such court may proceed no further with respect to this action. Defendant will also promptly provide Plaintiff with written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

In filing this Notice, Defendant does not waive, and expressly reserves, the right to assert any and all challenges and objections to service, personal jurisdiction, and any defenses, exceptions, rights, or motions in connection with Plaintiff's claims.

WHEREFORE, Defendant Cedar Hill Independent School District respectfully removes this matter from the 101st Judicial District Court of Dallas County, Texas to this Court for trial and determination of all issues and for all other relief, in law or equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Katie Anderson*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL PLC**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

On August 31, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the below-listed counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

N. Sue Allen
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Katie Anderson*
**KATIE ANDERSON**

# EXHIBIT A

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GRINDA COLEMAN | CEDAR HILL INDEPENDENT SCHOOL DISTRICT |

**(b)** County of Residence of First Listed Plaintiff   Dallas County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sue Allen, ALLEN LAW FIRM, 4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133, (817) 926-5005

Attorneys *(If Known)*
Katie Anderson, Elizabeth Griffin, and Price Anderson, CLARK HILL PLC, 901 Main St., #6000, Dallas, TX 75202, 214-651-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [x] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 2601
Brief description of cause:
Plaintiff alleges Defendant violated Family and Medical Leave Act by failing to properly provide medical leave.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$100,000 - $200,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE   Hon. Staci Williams     DOCKET NUMBER   DC-20-05649

DATE
Aug 31, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Katie Anderson

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT B

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   | --- | --- |
   | | |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   | --- | --- |
   | | Sue Allen, Bar No. 00791992, ALLEN LAW FIRM, 4701 Altamesa Blvd., Suite 2R, Fort Worth, Texas 76133, (817) 926-5005 |
   | | Katie Anderson, Bar No. 00789631; Elizabeth Griffin, Bar No 2409245, R. Price Anderson, Bar No. 24116029; CLARK HILL |
   | | PLC, 901 Main St. #6000, Dallas, TX 75202; 214-651-4300 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?            Yes                No

   If "*Yes,*" by which party and on what date?

   _____          _____

   Party                                                Date

4. **Answer:**

   Was an Answer made in State Court?          Yes                    No

        If "*Yes*," by which party and on what date?

   _____          _____

   Party                                                          Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |-------|--------------------------|
   |       |                          |
   |       |                          |
   |       |                          |
   |       |                          |
   |       |                          |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |-------|--------|
   |       |        |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |-------|----------|
   |       |          |

# EXHIBIT C

## Case Information

DC-20-05649 | GRINDA COLEMAN vs. CEDAR HILL INDEPENDENT SCHOOL DISTRICT

Case Number
DC-20-05649

Court
101st District Court

Judicial Officer
WILLIAMS, STACI

File Date
04/14/2020

Case Type
EMPLOYMENT

Case Status
OPEN

## Party

PLAINTIFF
COLEMAN, GRINDA

Address
334 MIZELL STREET
DUNCANVILLE TX 75116

Active Attorneys ▾
Lead Attorney
ALLEN, N SUE
Retained

DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL DISTRICT

Address
ITS REGISTERED AGENT, DR. GERALD HUDSON,
SUPERINTENDENT
285 UPTOWN BLVD.BUILDING #300
CEDAR HILL TX 75104

Active Attorneys ▾
Attorney
ANDERSON, KATHERINE
ELIZA
Retained

Lead Attorney
GRIFFIN, ELIZABETH F
Retained

## Events and Hearings

04/14/2020 NEW CASE FILED (OCA) - CIVIL

04/14/2020 ORIGINAL PETITION ▼

ORIGINAL PETITION

04/14/2020 CASE FILING COVER SHEET ▼

COVER SHEET

04/14/2020 CORRESPONDENCE - LETTER TO FILE ▼

LETTER

04/14/2020 ISSUE CITATION ▼

ISSUE CITATION - CEDAR HILL ISD - ESERVE

04/16/2020 CITATION▼

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**CEDAR HILL ISD - ESERVE**

09/25/2020 PLEA TO JURISDICTION ▼

DEFENDANT ORIGINAL ANSWER-CEDAR HILL INDEPENDENT SCHOOL DISTRICT

Comment
**DEFENDANT**

09/25/2020 SPECIAL EXCEPTIONS ▼

DEFENDANT ORIGINAL ANSWER-CEDAR HILL INDEPENDENT SCHOOL DISTRICT

Comment
**DEFENDANT**

09/25/2020 ORIGINAL ANSWER - GENERAL DENIAL ▼

DEFENDANT ORIGINAL ANSWER-CEDAR HILL INDEPENDENT SCHOOL DISTRICT

09/25/2020 BRIEF FILED ▼

DEFENDANT BRIEF IN SUPPORT OF PLEA TO THE JURISDICTION

Comment
DEFENDANT BRIEF IN SUPPORT OF PLEA TO THE JURISDICTION

---

10/27/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEFENDANT (CEDAR HILL) FIRST AMENDED ANSWER, PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS

Comment
FIRST

---

10/27/2020 PLEA TO JURISDICTION ▾

DEFENDANT (CEDAR HILL) FIRST AMENDED ANSWER, PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS

Comment
DEFENDANT FIRST AMENDED

---

10/27/2020 SPECIAL EXCEPTIONS ▾

DEFENDANT (CEDAR HILL) FIRST AMENDED ANSWER, PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS

Comment
DEFENDANT FIRST AMENDED

---

10/29/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING RE: DEFENDANT PLEA TO JURISDICTION

Comment
RE: DEFENDANT PLEA TO THE JURISDICTION

---

12/01/2020 RESPONSE ▾

PLAINTIFF RESPONSE TO DEFENDANT PLEA TO JURISDICTION

Comment
PLAINTIFF RESPONSE TO DEFENDANT PLEA TO JURISDICTION

---

12/01/2020 AFFIDAVIT ▾

PLAINTIFF AFFIDAVIT

---

12/02/2020 AMENDED PETITION ▾

PLAINTIFF AMENDED PETITION

Comment
AMENDED

---

12/03/2020 RESPONSE ▾

DEFENDANT'S REPLY IN SUPPORT OF PLEA TO THE JURISDICTION

Comment
DEFENDANT'S REPLY TO PLAINTIFF'S REPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION

---

12/04/2020 Plea to Jurisdiction ▾

DEFENDANT BRIEF IN SUPPORT OF PLEA TO THE JUDISDICTION

DEFENDANT (CEDAR HILL) FIRST AMENDED ANSWER, PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS

NOTICE OF HEARING RE: DEFENDANT PLEA TO JURISDICTION

PLAINTIFF RESPONSE TO DEFENDANT PLEA TO JURISDICTION

DEFENDANT REPLY IN SUPPORT OF PLEA TO THE JURISDICTION

PROPOSED ORDER (DEFENDANT) PLEA TO THE JURISDICTION

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:30 AM

Comment
***ZOOM HEARING *** DF PLEA JURISDICTION FILED 10/27/20 KATIE ANDERSON 214-632-5983

---

12/04/2020 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER (DEFENDANT) PLEA TO THE JURISDICTION

Comment
PROPOSED ORDER PLEA TO THE JURISDICTION

---

12/04/2020 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING DEFENDANT PLEAS TOTHE JURISDICTION

Comment
PROPOSED ORDER DENYING PLEA TO THE JURISDICTION

---

12/09/2020 ORDER - DENY ▾

ORDER - DENY

Comment
ORDER DENYING DEFENDNAT'S PLEA TO THE JURISDICTION

---

03/15/2021 MOTION - COMPEL ▾

DEFENDANT'S MOTION TO COMPEL

---

03/15/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

DEFENDANT- PROPOSED ORDER TO COMPEL

Comment
DEFENDANT'S PROPOSED ORDER TO COMPEL

---

03/25/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - DEFENDANT'S MOTION TO COMPEL

Comment
DEFENDANT'S MOTION TO COMPEL

---

04/12/2021 NOTICE OF HEARING / FIAT ▾

DEFENDANT'S MOTION TO COMPEL

Comment
DEFENDANT'S MOTION TO COMPEL

---

04/22/2021 RESPONSE ▾

PLAINTIFF'S RESPONSE IN TO MOTION TO COMPEL

Comment
PLAINTIFF'S RESPONSE IN TO MOTION TO COMPEL

---

04/22/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PLAINTIFF'S RESPONSE IN TO MOTION TO COMPEL

Comment
PROPOSED ORDER DENYING DEFENDANT'S PLEA IN ABATEMENT

---

04/26/2021 RESPONSE ▾

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Comment
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

---

04/27/2021 Motion - Compel ▾

DEFENDANT'S MOTION TO COMPEL

DEFENDANT- PROPOSED ORDER TO COMPEL

Judicial Officer
WILLIAMS, STACI

Hearing Time
10:00 AM

Comment
MARY HAMMET * 817 688 6064

---

04/30/2021 JURY DEMAND ▾

JURY DEMAND

05/19/2021 AMENDED PETITION ▼

PLAINTIFF GRINDA COLEMAN S SECOND AMENDED PETITION AND JURY DEMAND

Comment
SECOND AMENDED PETITION

05/27/2021 Status Conference ▼

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:30 AM

Cancel Reason
BY COURT ADMINISTRATOR

06/03/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

PROPOSED AGREED SCHEDULING ORDER

Comment
PROPOSED AGREED SCHEDULING ORDER

07/12/2021 SCHEDULING ORDER ▼

SCHEDULING ORDER

Comment
AGREED

08/09/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

SECOND AMENDED ANSWER - CEDAR HILL INDEPENDANT SCHOOL DISTRICT

Comment
SECOND

08/09/2021 AMENDED PETITION ▼

AMENDED PETITION - SECOND

Comment
SECOND

03/08/2022 Non Jury Trial ▼

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

Cancel Reason
CASE TRIAL RESET

03/08/2022 Jury Trial - Civil ▾

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

COLEMAN, GRINDA
| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $300.00 |
| Total Payments and Credits | | | $300.00 |
| 4/15/2020 | Transaction Assessment | | $300.00 |
| 4/15/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 23478-2020-DCLK | COLEMAN, GRINDA | ($300.00) |

CEDAR HILL INDEPENDENT SCHOOL DISTRICT
| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $40.00 |
| Total Payments and Credits | | | $40.00 |
| 5/3/2021 | Transaction Assessment | | $40.00 |
| 5/3/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 27203-2021-DCLK | CEDAR HILL INDEPENDENT SCHOOL DISTRICT | ($40.00) |

ORIGINAL PETITION

LETTER

COVER SHEET

ISSUE CITATION - CEDAR HILL ISD - ESERVE

DEFENDANT ORIGINAL ANSWER-CEDAR HILL INDEPENDENT SCHOOL DISTRICT

DEFENDANT BRIEF IN SUPPORT OF PLEA TO THE JUDISDICTION

DEFENDANT (CEDAR HILL) FIRST AMENDED ANSWER, PLEA TO THE JURISDICTION, SPECIAL
EXCEPTIONS

NOTICE OF HEARING RE: DEFENDANT PLEA TO JURISDICTION

PLAINTIFF RESPONSE TO DEFENDANT PLEA TO JURISDICTION

PLAINTIFF AFFIDAVIT

DEFENDANT REPLY IN SUPPORT OF PLEA TO THE JURISDICTION

PROPOSED ORDER (DEFENDANT) PLEA TO THE JURISDICTION

PLAINTIFF AMENDED PETITION

PROPOSED ORDER DENYING DEFENDANT PLEAS TOTHE JURISDICTION

ORDER - DENY

DEFENDANT'S MOTION TO COMPEL

DEFENDANT- PROPOSED ORDER TO COMPEL

NOTICE OF HEARING - DEFENDANT'S MOTION TO COMPEL

DEFENDANT'S MOTION TO COMPEL

PLAINTIFF'S RESPONSE IN TO MOTION TO COMPEL

PROPOSED ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

JURY DEMAND

101st J/NJ Trial Notice 2021

101st J/NJ Trial Notice 2021

PLAINTIFF GRINDA COLEMAN S SECOND AMENDED PETITION AND JURY DEMAND

PROPOSED AGREED SCHEDULING ORDER

SCHEDULING ORDER

SECOND AMENDED ANSWER - CEDAR HILL INDEPANDANT SCHOOL DISTRICT

AMENDED PETITION - SECOND

# EXHIBIT D

**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | |
| | § | _____ |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| Exhibit | Document | Date Filed in State Court |
|---|---|---|
| D-1 | Plaintiff Grinda Coleman's Original Petition and Jury Demand | 04/14/2020 |
| D-2 | Defendant's Plea to the Jurisdiction, Special Exceptions, and Original Answer | 09/25/2020 |
| D-3 | Defendant's Brief in Support of its Plea to the Jurisdiction | 09/25/2020 |
| D-4 | Defendant's First Amended Plea to the Jurisdiction, Special Exception, and Answers | 10/27/2020 |
| D-5 | Notice of Hearing | 10/29/2020 |
| D-6 | Plaintiff Grinda Coleman's Plaintiff's Response to Defendant's Plea to the Jurisdiction | 12/01/2020 |
| D-7 | Plaintiff Grinda Coleman's Amended Petition and Jury Demand | 12/02/2020 |
| D-8 | Defendant's Reply to Plaintiff's Response to Defendant's Plea to the Jurisdiction | 12/03/2020 |
| D-9 | Order Denying Defendant's Plea to the Jurisdiction | 12/09/2020 |

| D-10 | Defendant's Motion to Compel | 03/15/2021 |
|------|------------------------------|------------|
| D-11 | [Proposed] Order Granting Cedar Hill Independent School District's Motion to Compel Plaintiff's Discovery Responses | 03/15/2021 |
| D-12 | Notice of Hearing | 03/25/2021 |
| D-13 | Amended Notice of Hearing | 04/12/2021 |
| D-14 | Plaintiff Grinda Coleman's Plaintiffs Response to Defendant's Motion to Compel | 04/22/2021 |
| D-15 | [Proposed] Order Denying Defendant's Plea to the Jurisdiction | 04/22/2021 |
| D-16 | Defendant's Reply in Support of its Motion to Compel | 04/26/2021 |
| D-17 | Defendant Cedar Hill Independent School District's Jury Demand | 04/30/2021 |
| D-18 | Plaintiff Grinda Coleman's Second Amended Petition and Jury Demand | 05/19/2021 |
| D-19 | [Proposed] Agreed Scheduling Order | 06/03/2021 |
| D-20 | Agreed Scheduling Order | 07/12/2021 |
| D-21 | Defendant's Second Amended Answer | 08/09/2021 |
| D-22 | Plaintiff Grinda Coleman's Second Amended Petition and Jury Demand[1] | 08/09/2021 |

---

[1] Plaintiff's "Second Amended Petition and Jury Demand" is in fact her third amended petition and jury demand.

# EXHIBIT D-1

FILED
4/14/2020 3:58 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

Case 3:21-cv-02080-D    Document 1    Filed 08/31/21    Page 27 of 333    PageID 27

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **E-101ST** JUDICIAL DISTRICT |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| Defendant. | § | |

## PLAINTIFF GRINDA COLEMAN'S ORIGINAL
## PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GRINDA COLEMAN complains of defendant CEDAR HILL INDEPENDENT SCHOOL DISTRICT (Defendant or Cedar Hill ISD), and alleges the following cause of action:

### I. DISCOVERY CONTROL PLAN

1.　　This suit should be governed by discovery control plan under Rule 190.1 of the Texas Rules of Civil Procedure (Level 3).

### II. INTRODUCTION

2.　　At all times relevant to this lawsuit, Defendant is Ms. Coleman's employer and Ms. Coleman is Defendant's employee.

3.　　Ms. Coleman suffers from physical impairments that substantially limit at least one of her major life activities. Specifically, Ms. Coleman has brittle bone

**PLAINTIFF GRINDA COLEMAN'S ORIGINAL PETITION AND JURY DEMAND**　　　　　**Page 1**

**EXHIBIT
D-1**

therefore, are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

### III. JURISDICTION, VENUE AND DAMAGES

8.       The jurisdiction of this Court is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq*., which Act's purpose is to secure to those within the state of Texas freedom from discrimination in employment.  Jurisdiction is proper in the district court of Dallas County, Texas because the damages exceed the minimum amount in controversy for such court.

9.       Venue is proper in Dallas County, pursuant to Tex. Civ. Prac. & Rem. Code §15.002, because all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas and because defendants have its operations in Tarrant County, Texas.

10.       Ms. Coleman seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact and which are within the jurisdictional limits of this court. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Ms. Coleman pleads that s h e anticipates that the amount of damages s he will request the jury to assess at trial will be monetary relief over $100,000 but not more than $200,000, as well as nonmonetary relief.  Specifically, Ms. Coleman seeks an injunction against the Defendant which would require that it cease and desist discriminating against qualified individuals with disabilities and which would require that it train its human resources and executive

leadership staff in the employment laws that govern all employers, including, but not limited to the Defendant.   Ms. Coleman seeks recovery of all reasonable costs incurred in this action, including, but not limited to reasonable attorney's fees, costs, and expenses.

## IV. PARTIES

11.     Ms. Coleman is a citizen of the United States who lives in Dallas County, Texas.  At times material to this lawsuit, Ms. Coleman was employed by defendant as an active teacher in Cedar Hill High School or inactive teacher in the same system waiting for the opportunity to return to work.

12.     Defendant may be served by delivery of the citation and petition to Ms. Cheryl Wesley, president of the Board of Trustees, or the superintendent of schools, Dr. Gerald Hudson, at its administrative building, located at 285 Uptown Blvd. Building 300, Cedar Hill, Texas 75104.

## V.  FACTS

13.     Defendant employed Ms. Coleman as a teacher.  In March 2018, Ms. Coleman sought and was granted FMLA for surgery.  In summer of 2018, Ms. Coleman required additional medical treatment for a serious health condition and her impairment which affected her major life activity of standing and walking, among others,  which precluded her return to work in August at the start of the fall term.  Accordingly, Ms. Coleman applied for Temporary Disability Leave to cover her absence from August to September 2018, a period of about thirty days, as an accommodation for her disability.

Defendant's policy provided, and for, and fully allowed a temporary leave of absence. Initially Defendant denied Ms. Coleman's request, without justification, but after Ms. Coleman retained counsel who pointed out that the Defendant was required to make a reasonable accommodation for Ms. Coleman's disability, complied with its policy by granting, albeit begrudgingly, Ms. Coleman's request for a thirty-day temporary leave of absence. Defendant could have without any undue hardship placed a substitute teacher in Ms. Coleman's classroom during her thirty-day absence, it did not do so, but rather hurriedly hired a permanent replacement to take the position previously occupied by Ms. Coleman in order to prevent Ms. Coleman from returning to her position. Defendant's motivation was Ms. Coleman's age, disability, or to retaliate against her for opposing discrimination. In addition, the Defendant removed Ms. Coleman's access to its on-line job postings which would have allowed Ms. Coleman to find and apply for positions that she was qualified to teach, and which were open and available. Moreover, when a position that Ms. Coleman was qualified, for and wanted to have, became open because the teacher had occupied the position was terminated or resigned after an accusation of impropriety, Defendant held the position open administratively so that Ms. Coleman could not apply for the job. Defendant further discriminated against, and subjected Ms. Coleman to disparate treatment, when it denied Ms. Coleman's a position as a substitute teacher unless she agreed to fulfill the duties required by full time teacher at substitute teacher pay.

14.    These actions by Defendant, violate the Texas Commission on Human Rights Act (TCHRA) as well as its own policies.

15.     Ms. Coleman has a disability within the meaning of Chapter 21 of the Texas Labor Code in that she has an actual disability, record of a disability and is perceived by the Defendant as disabled.  Ms. Coleman has a physical condition that results in impairments that affect her ability to stand and walk as compared to people in the general population.

15.      Defendant unlawfully harassed, discriminated and retaliated against Ms. Coleman and constructively discharged her because she has an actual disability, record of disability, and because defendant perceived her as disabled and because she sought an accommodation for her disability when she asked for a temporary thirty day leave of absence to have, and recover, from surgery.

16.     At all relevant times to this lawsuit, Ms. Coleman was a qualified individual with a disability as defined by relevant law, and at all relevant times able to perform the essential functions of the job with or without an accommodation.

17.      Defendant treated Ms. Coleman in a disparate manner based on her age, over forty, when it refused to hold her position for thirty days so that Ms. Coleman could retain her job after return from temporary leave, and when it blocked her access the employment system which would have allowed Ms. Coleman to find other positions she could have taken after the Defendant filled her position in thirty days, and when it held a position open that Ms. Coleman was qualified for, and wanted to apply for even though the former incumbent had been terminated and/or resigned.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.    Prior to filing this suit, Ms. Coleman timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission-Civil Rights Division.

19.    This suit is filed more than 180 days, but less than two years, after the filing of Ms. Coleman's charge of discrimination was filed with the Texas Workforce Commission.  Ms. Coleman has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## VII. CAUSES OF ACTION

A.   Violations of Chapter 21, Texas Labor Code

20.    By this reference, Ms. Coleman incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

21.    At all times set forth hereinafter, defendant was at all relevant times an "employer" as defined by Texas Labor Code § 21.002(8)(D).  Defendants are subject to the provisions of Chapter 21.

22.    Ms. Coleman has a disability within the meaning of Chapter 21 because she suffers from impairments substantially limit one or more major life activities including concentrating, focusing, etc. In addition, Ms. Coleman has a record and history of such impairments and has been regarded as having such impairments by defendant.

23.    At all relevant times, Ms. Coleman was an otherwise qualified individual with disabilities within the meaning of Chapter 21, in that she was able to perform all of the essential functions of the position, with or without reasonable accommodations.

23.     Defendant discriminated against Ms. Coleman because of her disabilities 4despite that she was a qualified individual with disabilities who was and is able to perform the essential functions of the position with or without reasonable accommodations.

25.     Defendant violated Chapter 21 by, *inter alia:*

(a) failing to prevent discrimination and harassment because of disability.

(b) terminating Ms. Coleman's employment, directly on account of her disability, despite the fact that Ms. Coleman was able to perform the essential functions of her position.

(c) Retaliating against Ms. Coleman because she requested an accommodation and opposed illegal disability discrimination and harassment.

(d     Failing to take prompt and equitable steps to remedy discrimination and harassment; and

(e) Causing her harm, including but not limited to lost pay, benefits, mental anguish and attorney's fees.

## VIII. JURY DEMAND

26.     Plaintiff demands a trial by jury on all issues properly submitted to a jury, including fact issues under the Texas Commission on Human Rights, and specifically, the ultimate issues of fact as to the merits of this dispute, back pay, employee benefits and compensatory damages, except for the TCHRA attorney's fee issue and entitlement to front pay, which may be presented for post-judgment for the consideration by the Court.

## IX. REQUEST FOR DISCLOSURES

27.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X. ATTORNEYS' FEES AND COSTS

28.     Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under Texas Labor Code § 21.259, including any applicable expert fees.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court grant her the following relief from defendant and that judgment be entered for her and against defendant for each of the following:

A.     That defendant be ordered to compensate, reimburse, and make-whole the plaintiff for all the benefits plaintiff would have received had it not been for defendants' illegal actions including, but not limited to loss of wages, front pay, vacation pay, overtime payments, pension and other benefits and all other compensation due to the plaintiff that accrued at the time of the filing of this petition until the date of judgment. The plaintiff should be accorded the benefits illegally withheld from the date of plaintiff's termination until the date the plaintiff is tendered substantially equivalent employment, with interest on the withheld amounts to the date of payment or the date of plaintiff inability to work with or without accommodation, whichever is later.

B.     An additional sum representing the present value of unaccrued wage payments, vacation pay, overtime payments, front pay, and all other compensation due to the plaintiff for the period following the date of the judgment, calculated as of the date of judgment.

C.      An additional sum for actual damages and expenses plaintiff incurred in seeking new employment.

D.      An award for past pain and suffering.

E.      An award for future pain and suffering.

F.      An award for past mental anguish.

G.      An award for future mental anguish.

H.      Pre-judgment interest after judgment at the maximum legal rate allowed by law until paid.

I.      Post-judgment interest after judgment at the maximum legal rate allowed by law until paid.

J.      Costs of court.

K.      Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.

L.      Injunctive and other equitable relief, including, but not limited to an order requiring defendants to cease and desist discrimination and retaliation against persons similarly situated to Ms. Coleman; and requiring it to offer training to its managers and supervisors on employee rights under the TCHRA.

M.      Because of the callous, willful, recklessly indifferent, malicious, wanton, grossly negligent and/or intentional conduct or acts of the defendants, the plaintiff seeks exemplary damages.

N.      Such other and further relief to which the plaintiff may be justly entitled.

O.  The plaintiff expressly reserves any and all federal claims and causes of action

for presentation in a forum of her choice.

Respectfully submitted,

By: /s/ N. Sue Allen

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
**sue@sueallenlaw.com**

syndrome.  In addition, Ms. Coleman has a record of such impairments, and is regarded as having such an impairment by defendant.

4.      Ms. Coleman is, therefore, a person who suffers with actual disability, has a history of a disability and is regarded as disabled by defendant.

5.      The defendant had knowledge of Ms. Coleman's actual disabilities and her history of having disabilities.  Defendant perceived Ms. Coleman as disabled.

6.      In addition, Ms. Coleman is over forty (40) years of age.

7.      Defendant discriminated against Ms. Coleman because of her disabilities and/or age when it failed to avail her of the rights and benefits of employment as afforded to those not in her protected class.  Defendant first denied, then begrudgingly granted Ms. Coleman a thirty-day temporary leave of absence from August to September 2018, to recover from surgery required as a result of her disability.  Defendant then hurriedly filled her position before her return to work date despite being on notice that Ms. Coleman could return to work in September.  Defendant further discriminated against and treated Ms. Coleman in a disparate manner when it failed and refused to place her in a teaching position the next term as was required by Defendant's own policy and the parties' contract.  Defendant followed this act of discrimination and retaliation by denying Ms. Coleman access to its online job application system.  Further, Defendant held a job open for months after the incumbent resigned and/or was terminated just so that Ms. Coleman could not take that position.  Defendant's action in denying Ms. Coleman the right to a job in Defendant's system was a constructive discharge because of Ms. Coleman's age, or disability, or both, or because she sought an accommodation for her disability and opposed age discrimination by Defendant.  Defendant's actions,

# EXHIBIT D-2

FILED
9/25/2020 2:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 39 of 333   PageID 39

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | 101ST |
| | § | |
| *Defendants.* | § | ~~298~~TH **JUDICIAL DISTRICT** |

## DEFENDANT'S PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS, AND ORIGINAL ANSWER

Defendant Cedar Hill Independent School District ("CHISD" or "Defendant") hereby serves its Plea to the Jurisdiction, and its Original Answer to Plaintiff Grinda Coleman's ("Plaintiff") Original Petition subject thereto.

## I.     PLEA TO THE JURISDICTION

Plaintiff's claims pleaded in her Original Petition, even if true, cannot be sustained because Plaintiff has not adequately pled nor established a waiver of sovereign immunity under the Texas Commission on Human Rights Act ("TCHRA" or "the Act") or otherwise.  Therefore, CHISD is immune from liability as a matter of law.  As such, this Court lacks jurisdiction over Plaintiff's suit against CHISD and should therefore dismiss Plaintiff's claims against it. A brief in support of CHISD's plea to the jurisdiction is filed concurrently with this Plea.

## II.     SPECIAL EXCEPTIONS

Without waiving the foregoing plea to the jurisdiction, CHISD specially excepts to Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 91 as detailed below. CHISD respectfully requests that the Court order Plaintiff to replead and cure the defects in her

**DEFENDANT'S PLEA TO THE JURISDICTION,
SPECIAL EXCEPTIONS, AND ORIGINAL ANSWER**
CLARKHILL\B0729\A35347\260854081.v2-9/25/20

Page 1

EXHIBIT
D-2

Petition. Should Plaintiff fail to cure the defects, CHISD requests that the Court strike Plaintiff's claims against it.

CHISD specially excepts to Plaintiffs' identification of the discovery control plan. Plaintiff states that discovery "shall be governed by discovery control plan under Rule 190.1 of the Texas Rules of Civil Procedure (Level 3)." Pl.'s Orig. Pet., ¶ 1. First, Texas Rule of Civil Procedure 190.1 does not relate to Discovery Level 3. Second, Plaintiff has not pled any rationale to justify a Level 3 discovery plan for this case. Thus, CHISD requests that the Court order Plaintiff to replead her discovery control plan and plead justification for a Level 3 discovery plan.

CHISD specially excepts to the cause or causes of action in Plaintiff's Petition. Pl.'s Orig. Pet., ¶¶ 20-25. The cause or causes of action, alleged broadly as "Violations of Chapter 21, Texas Labor Code" are inadequate to provide CHISD notice of the specific statute(s) or cause(s) of action for which Plaintiff seeks relief. CHISD requests that the Court require Plaintiff to replead her causes of action stated against CHISD to provide sufficient notice as required by the Texas Rules of Civil Procedure.

CHISD specially excepts to Plaintiff's claims for exemplary damages and injunctive relief. Plaintiff fails to list the statute(s) or cause(s) of action that underlie her request for exemplary damages or injunctive relief. Plaintiff's pleading is inadequate to provide CHISD notice of the factual basis on which she seeks exemplary damages or injunctive relief, as well as the specific injunctive relief sought. CHISD requests that the Court require Plaintiff to replead her basis for injunctive relief and exemplary damages against CHISD.

### III.    GENERAL DENIAL

Without waiving the foregoing plea to the jurisdiction and special exceptions, CHISD hereby enters a general denial as pursuant to Texas Rule of Civil Procedure 92, and requests that

Plaintiff be required to prove by a preponderance of the evidence all her charges and allegations against CHISD.

## IV.   **DEFENSES**

Without waiving the foregoing plea to the jurisdiction, special exceptions, and without admitting any of Plaintiff's allegations, CHISD asserts the following defensive matters and affirmative defenses:

1.     CHISD is not liable to Plaintiff with regard to Plaintiff's claims for compensatory or exemplary damages on the basis of governmental immunity.

2.     Plaintiff's claims fail because all decisions with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-pretextual reasons unrelated to Plaintiff's protected status, disability, or age.

3.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own acts or omissions.

4.     Plaintiff's claims are barred, in whole or in part, because every action taken by CHISD was undertaken with good cause, in good faith, or with a good faith belief that good cause existed for any of the disputed conduct or actions taken, and CHISD did not willfully, recklessly, knowingly, or intentionally violate any law as it engaged in good faith efforts to comply with the law.

5.     Plaintiff's claims are barred because the employment decision about which Plaintiff complains was made on the basis of reasonable factors other than Plaintiff's disability or age.

6.     CHISD asserts that at all times it complied with applicable state and federal laws with respect to Plaintiff's employment.

7.     CHISD relies on the *Ellerth-Faragher* affirmative defense. CHISD maintained reasonable policies, procedures, and practices to prevent, investigate, and remediate claims of discrimination, harassment, and retaliation. Plaintiff's claims fail to the extent CHISD exercised reasonable care to promptly prevent any harassing and/or retaliatory behavior and to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by CHISD or to otherwise avoid harm.

8.     Plaintiff has failed to mitigate any damages she may have suffered, and the damages sustained by Plaintiff, if any, should be reduced by the value of the wages, benefits, and payments in lieu of wages that Plaintiff has received since the events of which Plaintiff complains.

9.     To the extent Plaintiff seeks any equitable relief, Plaintiff's claims are barred, in whole in part, by the doctrine of unclean hands.

10.     Plaintiff's claims for exemplary damages violate the Texas Constitution, and the United States Constitution, and other applicable law.

11.     CHISD seeks recovery of its costs and, as available, reasonable attorneys' fees under Tex. Labor Code § 21.259.

12.     CHISD reserves the right to assert additional affirmative defenses as they become apparent throughout the course of this lawsuit.

Respectfully submitted,

/s/ Elizabeth F. Griffin
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on September 25, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*VIA EFILE*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

/s/ Elizabeth F. Griffin
**ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Elizabeth Griffin on behalf of Liz Griffin
Bar No. 24092450
liz.griffin@clarkhillstrasburger.com
Envelope ID: 46586232
Status as of 9/28/2020 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 9/25/2020 2:22:21 PM | SENT |

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 9/25/2020 2:22:21 PM | SENT |
| R. PriceAnderson | | panderson@clarkhill.com | 9/25/2020 2:22:21 PM | SENT |
| Elizabeth Griffin | | elizabeth.griffin@clarkhillstrasburger.com | 9/25/2020 2:22:21 PM | SENT |

# EXHIBIT D-3

FILED
9/25/2020 2:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendant*. | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS PLEA TO THE JURISDICTION

Defendant Cedar Hill Independent School District ("CHISD" or "Defendant") objects to the Court's exercise of subject-matter jurisdiction over the claims asserted by Plaintiff Grinda Coleman ("Plaintiff") against CHISD and now files this brief in support of its plea to the jurisdiction concerning Plaintiff's claims. Because CHISD is immune from Plaintiff's claims, this case must be dismissed.

This dispute arises from Plaintiff's resignation from her employment with CHISD after CHISD filled Plaintiff's teaching position in compliance with its lawful policies. CHISD attempted to place Plaintiff in a full-time interim position while waiting for a full-time permanent position for which Plaintiff was certified to become available. However, Plaintiff refused the position and chose to resign. CHISD did not terminate Plaintiff's employment.

### I.
### PLAINTIFF'S CLAIMS

Plaintiff alleges violations of Chapter 21 of the Texas Labor Code against CHISD, including age discrimination, disability discrimination, and retaliation. *See generally* Pl.'s Orig. Pet. Plaintiff is a former employee and teacher at CHISD. *See id.*, ¶ 13. Plaintiff is over forty years of age. *See id.*, ¶ 17.

**EXHIBIT**
**D-3**

Plaintiff's claims arise from her employment with CHISD. *See id*., ¶ 13. In 2018, Plaintiff alleges she requested, and CHISD granted, a thirty day leave of absence for Plaintiff to receive medical treatment. *See id*. When Plaintiff failed to return to work to fill her teaching position with the time proscribed by her medical request, CHISD filled her position with another candidate and offered Plaintiff an alternative position upon her return to CHISD. *See id*., ¶ 13. Plaintiff rejected the offer, resigned from CHISD, and now brings suit against CHISD for various "violations," including age discrimination, disability discrimination, and retaliation under Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act. *See id*., ¶¶ 20-25.

Among the relief requested in this case, Plaintiff seeks compensatory damages, punitive damages, attorney's fees, costs, and an injunction requiring CHISD to "cease and desist discrimination and retaliation." *See id*., ¶ 28.

## II.
## ARGUMENT AND AUTHORITIES

A plea to the jurisdiction contests a court's authority to determine the subject matter of the cause of action. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Normally, a governmental entity such as CHISD is protected by sovereign immunity from both liability and suit. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995); *see also Guillory v. Port of Houston Auth.*, 845 S.W.2d 812, 813 (Tex. 1993); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Chapter 21 of the Labor Code has waived immunity for suits against State government entities, but only for those suits where the plaintiff sufficiently alleges a violation of Chapter 21 by pleading facts that state a prima facie case that implicates both the merits of her claims as well as the court's jurisdiction. *Mission Consol. Independent School Dist. v. Garcia*, 372 S.W.3d 629, 635-36 (Tex. 2012).

A prima facie case is shown when a plaintiff alleges that (1) she is a member of the class protected by law, (2) she was qualified for her employment position, (3) she was terminated by the employer, and (4) she was replaced by someone not in the protected class or was otherwise treated less favorably than similarly situated individuals outside her protected class. *Dallas Indep. Sch. Dist. v. Allen*, 05-16-00537-CV, 2016 WL 7405781, at *7 (Tex. App.—Dallas Dec. 22, 2016, pet. denied)

The review of a plea to the jurisdiction mirrors that of summary judgment. *Garcia,* 372 S.W.3d at 635. To avoid dismissal, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *See Texas Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 221(Tex. 2004). The governmental defendant may present evidence negating the jurisdictional facts pleaded by the plaintiff; once the defendant does so, the plaintiff must then present evidence in support of her facts. *Mesquite Indep. Sch. Dist. v. Mendoza*, 441 S.W.3d 340, 343 (Tex. App.—Dallas 2013, no pet.).

Plaintiff's pleading fails to state a prima facie claim against CHISD for alleged violations of Chapter 21 of the Texas Labor Code. Accordingly, this Court lacks jurisdiction over this matter, and Plaintiff's claims must be dismissed.

### A.    Plaintiff fails to state a prima facie claim for age discrimination.

To plead a competent claim of age discrimination to defeat a governmental entity's plea to the jurisdiction, a plaintiff must allege that (1) she is a member of the class protected by the TCHRA (*i.e*., at least forty years old), (2) she was qualified for her employment position, (3) she was terminated or suffered an adverse employment action, and (4) she was replaced by someone younger or otherwise discharged because of age. *Garcia*, 372 S.W.3d at 632; *Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Even assuming, without deciding, that the first two elements of Plaintiff's prima facie case for age discrimination are satisfied, her claim fails because the third and fourth elements are not properly pleaded. First, Plaintiff fails to plead that she was terminated or faced an adverse employment action. Plaintiff pleads that CHISD "constructively discharged her" following her surgery in the summer of 2018 but fails to identify a specific action taken against her by CHISD that terminated her, disciplined her, or otherwise harmed her position with the school district. *See* Pl.'s Orig. Pet., ¶¶ 13-17. While CHISD was forced to fill Plaintiff's position in her absence, CHISD was willing to let Plaintiff return to work as a full-time substitute teacher, the then available position for Plaintiff based on her certification. *See* Exhibit A, Declaration of Violet Dean ("Dean Dec."), ¶ 9. Thus, CHISD took no adverse action against Plaintiff. As such, Plaintiff's age discrimination claim must fail.

Additionally, Plaintiff fails to present any competent claim that she was replaced by someone younger or that she was otherwise discriminated against on the basis of her age. The burden is on Plaintiff to state a genuine issue of material fact as to the Court's jurisdiction. *See Miranda,* 133 S.W.3d at 221. However, Plaintiff's pleading outlines no means by which this Court could conclude that any conduct alleged by CHISD was undertaken on the basis of Plaintiff's age. Plaintiff does not plead that a younger individual took her position, and does not allege any conduct on the part of CHISD that could be inferred as age discrimination. Rather, she conclusorily pleads that CHISD "treated Ms. Coleman in a disparate manner based on her age, over forty, when it refused to hold her position." *See* Pl.'s Orig. Pet., ¶ 17. Such a generic and conclusory allegation is insufficient to survive dismissal. *See City of Elsa v. Gonzalez,* 325 S.W.3d 622, 625 (Tex. 2010) (conclusory pleadings were insufficient to show jurisdictional facts needed to determine whether trial court had jurisdiction).

CHISD made no action or omission regarding Plaintiff based on her age. *See* Dean Dec. at ¶¶ 11-13. Rather, CHISD merely filled an absent position in accordance its policies regarding temporary leave. *See id.* at ¶ 8. CHISD took no adverse action against Plaintiff—it did not terminate her, discipline her, or otherwise act against her. *See id.* at ¶ 11. In fact, CHISD offered Plaintiff a full-time position upon her return from leave, which Plaintiff declined. *See id.* at ¶¶ 9-10. Age played no factor in CHISD's conduct throughout the course of events at issue. *See id.* at ¶¶ 12-13.

Because Plaintiff fails to present a prima facie showing of age discrimination beyond mere legal conclusions, her age discrimination must be dismissed.

**B.    Plaintiff fails to state a prima facie claim for disability discrimination.**

For similar reasons to those stated above, Plaintiff fails to state a prima facie claim for disability discrimination against CHISD, and the Court should dismiss the claim for lack of jurisdiction.

To defeat CHISD's plea to the jurisdiction, Plaintiff must show that (1) she has a disability, (2) she was qualified for her job, and (3) she suffered an adverse employment action because of her disability. *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 436 (Tex. App.–Houston [1st Dist.] 2016, pet. denied); *see also Tex. Dep't of Aging & Disability Services v. Comer*, No. 04-17-00224-CV, 2018 WL 521627, at *3 (Tex. App.—San Antonio Jan. 24, 2018, no pet.).

Plaintiff has failed to sufficiently plead the first and third prongs of a disability discrimination claim. First, as discussed above, Plaintiff fails to plead an adverse employment action taken against her by CHISD. While Plaintiff correctly notes that CHISD was forced to fill her teaching position due to her medical absence, CHISD took no adverse action against her, did

not terminate her, did not discipline her, and did not prevent her from returning to work at the District. *See* Pl.'s Orig. Pet., ¶¶ 13-17; *see also* Dean Dec. at ¶¶ 10-12.

Second, Plaintiff offers no basis, either direct or circumstantial, to show that CHISD discriminated against her because of a disability. Even assuming arguendo that Plaintiff's "constructive discharge" through the filling of Plaintiff's teaching position was an adverse employment action, filling the position was done for logistical and procedural reasons, not discriminatory ones. *See* Dean Dec. at ¶ 8. Plaintiff did not request a disability accommodation that would allow her to return to work; rather, she sought the accommodation of not working and having her position held open for her. *See id.* at ¶¶ 6-8. In accordance with school policies, CHISD filled her position after Plaintiff failed to return to work after the end of her approved medical leave. *See id.* at ¶ 8. At the time of its alleged conduct at issue, CHISD had no notice that Plaintiff had any medical disability that would prevent her from timely returning to work. *See id.* at ¶ 7.

Even now, Plaintiff's alleged "disability" is nebulous at best. In Plaintiff's pleading she identifies her disability as "a physical condition that results in impairments that affect her ability to stand and walk as compared to people in the general population." Pl.'s Orig. Pet., ¶ 15. This non-medical description gives CHISD little to no notice as to what medical condition Plaintiff suffers from that she contends is a "disability"; which is defined by statute as being "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." *See* Tex. Labor Code Ann. § 21.002. Plaintiff's vague description of her alleged ailment remains insufficient to allege a covered "disability" under the statute. *See Datar v. Nat'l Oilwell Varco, L.P.*, 518 S.W.3d 467, 475 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (lower back sprain, which made it

harder for individual to sit and walk, was not so substantially limiting as to constitute a disability under the TCHRA).

In sum, Plaintiff's pleading fails to identify an adverse employment action, fails to specify her "disability," and fails to establish any plausible causal link between the two. *See generally* Pl.'s Orig. Pet. For these reasons, Plaintiff's disability discrimination claim should be dismissed for lack of jurisdiction.

### C.     Plaintiff fails to state a prima facie claim for retaliation.

A retaliation claim is related to, but distinct from, a discrimination claim. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 763 (Tex. 2018). An employer may not retaliate or discriminate against a person who opposes a discriminatory practice, makes a complaint or charge of discrimination, or otherwise participates in an investigation of discrimination. Tex. Labor Code Ann. § 21.055. To defeat governmental immunity, a plaintiff must plead a prima facie case for retaliation, specifically that (1) she participated in a protected activity, (2) her employer took an adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse employment action. *Tex. Dep't of Criminal Justice v. Flores*, 555 S.W.3d 656, 666 (Tex. App.—El Paso 2018, no pet.).

Plaintiff fails to establish all prongs of a prima facie case of retaliation. There is no indication in Plaintiff's pleadings as to protected activity engaged by in Plaintiff prior to any alleged adverse employment action. *See generally* Pl.'s Orig. Pet. Again, Plaintiff fails to articulate an adverse employment action taken against her by CHISD—let alone a causal connection between protected activity and an adverse employment action. *See id.*

Plaintiff did not file a charge of discrimination until after her prior teaching position was filled by CHISD. *See* Dean Dec. at ¶ 10. Plaintiff made no report of discrimination based on a

protected category to CHISD at any time, nor did she participate in an action or investigation into CHISD practices. *See id.* at ¶ 12. There is simply no act by Plaintiff that would form the basis of protected activity.

To reiterate, this dispute arises from Plaintiff's resignation from her employment with CHISD after CHISD filled Plaintiff's teaching position in compliance with its policies. *See id.* at ¶¶ 7-8. CHISD did not terminate Plaintiff. *See id.* ¶¶ at 9-11. CHISD complied with its detailed procedures and attempted to place Plaintiff in a full-time interim position while waiting for a full-time permanent position for which Plaintiff was certified to become available. *See id.* at ¶¶ 7-9. However, Plaintiff refused the position and chose to resign. *See id.* at ¶¶ 9-10.

Because Plaintiff cannot present a prima facie case for retaliation that she engaged in protected activity or suffered an adverse employment action, much less a causal connection between the two, her claim lacks jurisdiction under Texas law and must be dismissed.

### D.     Dismissal of Plaintiff's claims is required here.

Under the circumstances presented here, Plaintiff's inability to sufficiently plead prima facie claims is a fatal jurisdictional flaw due to CHISD's status as a governmental entity. *See Garcia*, 372 S.W.3d at 635-36. Because Plaintiff fails to state a prima facie case of age discrimination, disability discrimination, or retaliation against CHISD, this Court lacks jurisdiction over the claims, which must be dismissed.

WHEREFORE, Defendant Cedar Hill Independent School District respectfully requests that all of Plaintiff's claims and causes of action against it be dismissed for lack of jurisdiction.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*

**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on September 25, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

**_VIA EFILE_**

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth F. Griffin*

**ELIZABETH F. GRIFFIN**

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| CEDAR HILL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendants.* | § | 298ᵀᴴ JUDICIAL DISTRICT |

## AFFIDAVIT OF VIOLET DEAN IN SUPPORT OF DEFENDANT'S PLEA TO THE JURISDICTION

Before me the undersigned authority, personally appeared Violet Dean who, being by me duly sworn, deposed as follows:

"My name is Violet Dean. I am over twenty-one (21) years of age, I am of sound mind, and I am competent to make this Affidavit. I declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge.

1.      I am the Assistant Superintendent of Human Resources at Cedar Hill Independent School District ("CHISD"). I am authorized to make this Declaration on behalf of CHISD.

2.      I have worked in human resources at CHISD for approximately four years. Through my career at CHISD, I have regularly been involved in the process of hiring teachers, developing teachers, monitoring teacher performance, reviewing teacher performance, and issuing employment recommendations that the Superintendent presents to the Board of Trustees.

3.      Through my work, I became familiar with issues relating to Cedar Hill ISD employees, including employment disputes, investigations, resolutions, and discipline. This work includes reviewing documents and records related to past employment matters.

**AFFIDAVIT OF VIOLET DEAN**

1

4.      CHISD is an equal opportunity employer dedicated to the fair and equal treatment of all its applicants and employees regardless of race, color, national origin, sex, religion, age, disability, or any other basis protected by law.

5.      I have reviewed employment records relating to former CHISD employee Grinda Coleman. In addition, I have personal familiarity with Grinda Coleman and her work history at CHISD.

6.      Ms. Coleman was a teacher of business skills at CHISD. On August 7, 2018, Ms. Coleman informed the District that she had undergone surgery to repair a torn Achilles tendon and would not be able to stand or walk for the next four to six weeks.  Ms. Coleman requested temporary disability leave until August 31, 2018. She did not seek any disability accommodation.

7.      CHISD granted temporary leave for Ms. Coleman. Pursuant to its policies, CHISD reminded Ms. Coleman that she was not guaranteed to return to her same position following leave. CHISD did not regard Plaintiff's request for leave as notice of a disability that would prevent her from making a timely return to work.

8.      Ms. Coleman did not return to CHISD at the end of her approved temporary leave period on August 31, 2018. Rather, she requested another four weeks of temporary leave until September 28, 2018. This request was also granted by CHISD.

9.      Due to this extended period of Ms. Coleman's absence, CHISD filled her business skills teaching position with another teacher on September 12, 2018 in compliance with the District's Temporary Disability policies, found in CHISD's Board Policy Manual, Title: Compensation and Benefits, Subtitle: Leave and Absences, located at the following link: https://pol.tasb.org/Policy/Download/360?filename=DEC(LEGAL).pdf.

**AFFIDAVIT OF VIOLET DEAN**

2

10.     On September 14, 2018, CHISD notified Ms. Coleman that her prior teaching position had been filled but would monitor openings for her in compliance with district policies. CHISD offered Ms. Coleman a substitute teacher position on October 17, 2018 as a temporary holdover until the District had an opening for Ms. Coleman into a full-time position.

11.     After negotiations relating to payment, Ms. Coleman rejected the offered position on October 22, 2018. After filing administrative grievances against CHISD in October and November, she formally resigned on February 5, 2019. CHISD accepted her resignation.

12.     CHISD did not terminate Ms. Coleman, reprimand her, suspend her, discipline her, retaliate against her, or take any other adverse action against Ms. Coleman.

13.     At no time did Ms. Coleman file a report of discrimination based on a protected category to CHISD, participate in an action or investigation into CHISD practices, or otherwise oppose any alleged discriminatory practice of CHISD.

14.     CHISD did not discriminate against Ms. Coleman based on her age or disability, or any other basis in dealing with her request for leave and return therefrom, or any other aspect of her employment with CHISD. Further, CHISD did not retaliate against Ms. Coleman based on any protected activity."

THIS IS THE AFFIANT'S COMPLETE STATEMENT.

Executed on September _23_ , 2020 in Dallas County, Texas.

_____

Violet Dean, Assistant Superintendent for Human Resources
Cedar Hill Independent School District

**AFFIDAVIT OF VIOLET DEAN**

3

ClarkHill\B0729\A35347\260842973.v3-9/21/20

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the

23 day of September , 2020.

Notary Public in and for Dallas County, Texas

My Commission Expires:

July 27, 2023

ROLANDA JACKSON
Notary Public, State of Texas
Comm. Expires 07-27-2023
Notary ID 130309931

**AFFIDAVIT OF VIOLET DEAN**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 46611219
Status as of 9/28/2020 10:10 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 9/28/2020 9:02:40 AM | SENT |
| R. PriceAnderson | | panderson@clarkhill.com | 9/28/2020 9:02:40 AM | SENT |
| Elizabeth Griffin | | elizabeth.griffin@clarkhill.com | 9/28/2020 9:02:40 AM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 9/28/2020 9:02:40 AM | SENT |

# EXHIBIT D-4

FILED
10/27/2020 2:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 61 of 333   PageID 61

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S FIRST AMENDED PLEA TO THE JURISDICTION, SPECIAL EXCEPTIONS, AND ANSWER

Defendant Cedar Hill Independent School District ("CHISD" or "Defendant") hereby serves its First Amended Plea to the Jurisdiction, Special Exceptions, and Answer to Plaintiff Grinda Coleman's ("Plaintiff") Original Petition subject thereto.

## I.    PLEA TO THE JURISDICTION

Plaintiff's claims pleaded in her Original Petition, even if true, cannot be sustained because Plaintiff has not adequately pled nor established a waiver of sovereign immunity under the Texas Commission on Human Rights Act ("TCHRA" or "the Act") or otherwise.  Therefore, CHISD is immune from liability as a matter of law.  As such, this Court lacks jurisdiction over Plaintiff's suit against CHISD and should therefore dismiss Plaintiff's claims against it. A brief in support of CHISD's plea to the jurisdiction has been filed and served.

## II.    SPECIAL EXCEPTIONS

Without waiving the foregoing plea to the jurisdiction, CHISD specially excepts to Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 91 as detailed below. CHISD respectfully requests that the Court order Plaintiff to replead and cure the defects in her

EXHIBIT
D-4

Petition. Should Plaintiff fail to cure the defects, CHISD requests that the Court strike Plaintiff's claims against it.

CHISD specially excepts to Plaintiffs' identification of the discovery control plan. Plaintiff states that discovery "shall be governed by discovery control plan under Rule 190.1 of the Texas Rules of Civil Procedure (Level 3)." Pl.'s Orig. Pet., ¶ 1. First, Texas Rule of Civil Procedure 190.1 does not relate to Discovery Level 3. Second, Plaintiff has not pled any rationale to justify a Level 3 discovery plan for this case. Thus, CHISD requests that the Court order Plaintiff to replead her discovery control plan and plead justification for a Level 3 discovery plan.

CHISD specially excepts to the cause or causes of action in Plaintiff's Petition. Pl.'s Orig. Pet., ¶¶ 20-25. The cause or causes of action, alleged broadly as "Violations of Chapter 21, Texas Labor Code" are inadequate to provide CHISD notice of the specific statute(s) or cause(s) of action for which Plaintiff seeks relief. CHISD requests that the Court require Plaintiff to replead her causes of action stated against CHISD to provide sufficient notice as required by the Texas Rules of Civil Procedure.

CHISD specially excepts to Plaintiff's claims for exemplary damages and injunctive relief. Plaintiff fails to list the statute(s) or cause(s) of action that underlie her request for exemplary damages or injunctive relief. Plaintiff's pleading is inadequate to provide CHISD notice of the factual basis on which she seeks exemplary damages or injunctive relief, as well as the specific injunctive relief sought. CHISD requests that the Court require Plaintiff to replead her basis for injunctive relief and exemplary damages against CHISD.

### III.   GENERAL DENIAL

Without waiving the foregoing plea to the jurisdiction and special exceptions, CHISD hereby enters a general denial as pursuant to Texas Rule of Civil Procedure 92, and requests that

Plaintiff be required to prove by a preponderance of the evidence all her charges and allegations against CHISD.

## IV.   DEFENSES

Without waiving the foregoing plea to the jurisdiction, special exceptions, and without admitting any of Plaintiff's allegations, CHISD asserts the following defensive matters and affirmative defenses:

1.      CHISD is not liable to Plaintiff with regard to Plaintiff's claims for compensatory or exemplary damages on the basis of governmental immunity.

2.      Plaintiff's claims fail because all decisions with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-pretextual reasons unrelated to Plaintiff's protected status, disability, or age.

3.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's own acts or omissions.

4.      Plaintiff's claims are barred, in whole or in part, because every action taken by CHISD was undertaken with good cause, in good faith, or with a good faith belief that good cause existed for any of the disputed conduct or actions taken, and CHISD did not willfully, recklessly, knowingly, or intentionally violate any law as it engaged in good faith efforts to comply with the law.

5.      Plaintiff's claims are barred because the employment decision about which Plaintiff complains was made on the basis of reasonable factors other than Plaintiff's disability or age.

6.      CHISD asserts that at all times it complied with applicable state and federal laws with respect to Plaintiff's employment.

7.      CHISD relies on the *Ellerth-Faragher* affirmative defense. CHISD maintained reasonable policies, procedures, and practices to prevent, investigate, and remediate claims of discrimination, harassment, and retaliation. Plaintiff's claims fail to the extent CHISD exercised reasonable care to promptly prevent any harassing and/or retaliatory behavior and to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by CHISD or to otherwise avoid harm.

8.      Plaintiff has failed to mitigate any damages she may have suffered, and the damages sustained by Plaintiff, if any, should be reduced by the value of the wages, benefits, and payments in lieu of wages that Plaintiff has received since the events of which Plaintiff complains.

9.      To the extent Plaintiff seeks any equitable relief, Plaintiff's claims are barred, in whole in part, by the doctrine of unclean hands.

10.      Plaintiff's claims for exemplary damages violate the Texas Constitution, and the United States Constitution, and other applicable law.

11.      CHISD reserves the right to assert additional affirmative defenses as they become apparent throughout the course of this lawsuit.

## V.      ATTORNEYS' FEES

12.      CHISD seeks recovery of its costs and, as available, reasonable attorneys' fees under Tex. Labor Code § 21.259.

13.      In the alternative, in the event of a finding that Plaintiff's lawsuit is frivolous, unreasonable, and without foundation, CHISD seeks recovery of its costs and reasonable attorneys' fees under Tex. Education Code § 11.161.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on October 27, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*VIA EFILE*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth F. Griffin*
**ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Anderson on behalf of Robert Anderson
Bar No. 24116029
panderson@clarkhill.com
Envelope ID: 47568075
Status as of 10/28/2020 8:20 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 10/27/2020 2:54:50 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 10/27/2020 2:54:50 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 10/27/2020 2:54:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 10/27/2020 2:54:50 PM | SENT |

# EXHIBIT D-5

FILED
10/29/2020 1:22 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| CEDAR HILL INDEPENDENT SCHOOL, | § | DALLAS COUNTY, TEXAS |
| DISTRICT | § | |
| | § | |
| **Defendant.** | § | 101ST JUDICIAL DISTRICT |

### NOTICE OF HEARING

Please take notice that Defendant's Plea to the Jurisdiction is set for oral hearing on Friday, December 4, 2020 at 9:30 a.m. via Zoom conferencing. The Zoom conferencing information will be provided prior to the hearing via email.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*

**KATI ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300 - Telephone
(214) 651-4330 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT**
**SCHOOL DISTRICT**

**EXHIBIT**
**D-5**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on October 29, 2020, in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure as follows:

### *<u>VIA EFILE</u>*
N. Sue Allen
ALLEN LAW FIRM
4701 Altamesa Blvd., Suite 2R
Fort Worth, Texas 76133
<u>sue@sueallenlaw.com</u>

**COUNSEL FOR PLAINTIFF**

                     */s/ Elizabeth F. Griffin*
                     **ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 47644050
Status as of 10/29/2020 3:11 PM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 10/29/2020 1:22:52 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 10/29/2020 1:22:52 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 10/29/2020 1:22:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 10/29/2020 1:22:52 PM | SENT |

# EXHIBIT D-6

FILED
12/1/2020 11:52 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 72 of 333   PageID 72

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st  JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

### PLAINTIFF GRINDA COLEMAN'S PLAINTIFF'S RESPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Gwinda Coleman taught business to students in the Cedar Hill Independent School District (CHISD).  From 2014 through September 28, 2018, she had extreme difficulty kneeling, standing and walking due to physical impairments. One of her physical impairments was a disabling knee condition that manifested itself beginning in 2014.  By September 2017, Ms. Coleman walked with a pronounced limp and at times required the use of a cane.  In addition to her knee condition, Ms. Coleman had fractures in both ankles, torn Achille's tendons and had a cyst on her toe. Because Ms. Coleman's doctor was concerned about the fractures, she ordered bone density tests which revealed Ms. Coleman had osteopenia, a physical condition resulting in brittle bones.  Ms. Coleman was treated with a cast on one ankle and a surgical shoe on the other.  Ms. Coleman scheduled surgery to repair her Achilles tendons and a retro calcaneal spur. Ms. Coleman's orthopedic surgeon advised her that her knee was "bone on bone" and scheduled a total knee replacement for March 2018.  CHIISD granted Ms. Coleman FMLA leave to have surgeries on her knees which extended to the end of the school year

**EXHIBIT
D-6**

in May 2018.  In July 2018, Ms. Coleman had surgery because a rupture of her Achilles tendon caused pain and difficulty walking.  *See* Exhibit 2. Ms. Coleman was not released to work on August 7, when the school year started and contacted CHISD to discuss her options for leave.  Ms. Coleman was advised that she had used all her FMLA leave and that her Temporary Disability Leave (TDL) under the Education Code would be retroactively start to run as of March 5, to run concurrently with the FMLA leave she took on that date.  As a result of retroactively starting TDL leave, Ms. Coleman was told that if she could not return to work by September 1, 2018, she would lose her job.  Ms. Coleman retained counsel to assist her with this misapplication of CHISD policy and TDL.  At the same time, Ms. Coleman reached out to Ms. Dean and Ms. Acosta with CHISD, but was told that because she had sought the services of a lawyer, they would no longer be able to discuss the matter with her.   On August 29, 2018, Ms. Coleman's counsel, at her request, notified CHISD that Ms. Coleman had a disability, needed an accommodation and objected to the violation of CHISD's obligation under the Americans with Disabilities Act (ADA) and Texas Commission on Human Rights Act (TCHRA). Almost immediately after Ms. Coleman requested an accommodation and lodged a complaint that CHISD was violating the law, CHISD filled her position and would not allow her to return to teach so that being without income since her release on September 28, 2018, she resigned to accept a teaching job in another district in February 2019.

Ms. Coleman directly asked for a reasonable accommodation under the Texas Commission on Human Rights Act. Further, CHISD knew that Ms. Coleman had a disability and needed a reasonable accommodation. CHISD violated the TCHRA by failing to the required "interactive process" with Ms. Coleman.  CHISD then filled Ms.

Coleman's position and refused to place her in another full-time teaching position. CHISD continued to retaliate against Ms. Coleman when in October 2018, it refused to place her in the exact position she had taught when that position was vacated by the suspension of Mr. Johnson, changed her log on credentials so she could not apply for open jobs and failed to place her in open positions that she qualified to teach although it could have granted her a temporary certification to teach those positions.

The law is clear that "[i]f the employer does not engage in the good faith interactive process, the employer violates the ADA." *Lockhart v. Sys. Made Simple, Inc.*, 66 F. Supp. 3d 847, 861 (W.D. Tex. 2014)(citing *E.E.O.C. v. Chevron Phillips Chem. Co.*, LP, 570 F.3d 606, 621 (5th Cir.2009)(citing *Cutrera v. Bd. of Supervisors of La. State Univ.,* 429 F.3d 108, 113 (5th Cir.2005)).

When considering a Plea to the Jurisdiction, the trial court has discretion to decide whether the jurisdictional determination "should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).  Before ruling on the Plea, the Court should permit Plaintiff to engage in discovery regarding the issues raised in the Plea.  In this case, the evidence submitted by Ms. Coleman easily justifies the denial of the Plea, in order for the record to be fully developed regarding the retaliation concern not opening the position vacated when Mr. Johnson, who taught the same class on another campus was put on administrative suspension, discovery will be necessary concerning the motivation for Defendant's alleged retaliatory acts which based on close temporal proximity alone seem causally connected to Ms. Coleman's protected activity.

**PLAINTIFF GRINDA COLEMAN'S RESPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION**
**Page 3**

II.     **ARGUMENT**

A.     **Legal standards for Plea to the Jurisdiction**

1.     **Facts construed in light most favorable to Plaintiff**

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment, meaning that all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019)(quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).  In the face of an evidentiary challenge, the plaintiff has the burden to present sufficient evidence to demonstrate the existence of a genuine issue of material fact regarding the jurisdictional issue. Id. at 552. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).

2.     **Plaintiff's burden.**

"The governmental defendant may present facts negating jurisdictional facts pleaded by plaintiff; once the defendant does so, the plaintiff must then present evidence in support of her facts.  *Mesquite Indep. Sch. Dist. V. Mendoza*, 441 S.W. 3d 340, 343 (Tex. App. – Dallas 2013, no pet.); Defendant's Plea at page 3.  When a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment, meaning that all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. *Id.* In the face of an evidentiary challenge, the plaintiff has the burden to present sufficient evidence to demonstrate the existence of a genuine issue of material fact regarding the

jurisdictional issue. *Id.* at 552. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28.

**B.      Responses to the substantive arguments raised in Defendant's Plea**

**1.      Ms. Coleman presents a *prima facie* case of disability discrimination**

Defendant's Plea to the Jurisdiction criticizes Plaintiff's Original Petition for having failing to "sufficiently plead (sic) the first and third prong of a disability discrimination claim."  See Defendant's Plea at page 5.  Defendant contends that plaintiff "fails to plead an adverse employment action taken against her by CHISD" and that "Plaintiff offers no basis, either direct or circumstantial, to show that CHISD discriminated against her because of a disability. *Id.*  This is not correct.  Ms. Coleman's petition alleges that CHISD failed to accommodate her which is one form of discrimination the TCHRA prohibits. *See* Tex. Lab. Code § 21.128(a). **(**"It is an unlawful employment practice for a respondent covered under this chapter to fail or refuse to make a reasonable accommodation to a known individual with a disability....")

Texas Courts look to federal law to inform their construction and application of the TCHRA because one of its purposes is "to provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 [i.e., the ADA, 42 U.S.C. §§ 12101 – 12213 ] and its subsequent amendments." *See id.* § 21.001 (setting forth purposes of TCHRA); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 (Tex. 2018) (looking to federal law for guidance).  Discrimination under the ADA includes a failure to make "reasonable accommodations to the known physical or mental

limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation would impose an undue hardship."

*Feist v. La. Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quoting 42 U.S.C. § 12112(b)(5)(A)); *see also* TEX. LAB. CODE ANN. § 21.128(a) (making it unlawful for an employer to fail to make a reasonable workplace accommodation for a qualified individual with a disability).  Here, Ms. Coleman made the reasonable accommodation request for a short leave of absence to recovery from surgery.  Ms. Coleman meets each of the elements of a reasonable accommodation claim, which are the following:  "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist*, 730 at 452.

> a.  **Ms. Harmon was disabled prior to and on August 29, 2018, when she requested an accommodation.**

Defendant challenges Ms. Coleman's ability to establish a *prima facie* case of discrimination by arguing that Ms. Coleman has identified her disability as a "physical condition that results in impairments that affect her ability to stand and walk as compared to people in the general population." See Defendant's Plea at page 6.  However, plaintiff's original petition also alleges that "Ms. Coleman suffers from physical impairments that substantially limit one or her major life activities. Specifically, Ms. Coleman has brittle bone syndrome."  In her Affidavit, Ms. Coleman provides additional detail and medical records that identify one of her physical impairments as osteopenia, a physical condition affecting her musculoskeletal system, but also a knee condition that resulted in bone-on- bone at the joint which required a total knee replacement and that

these conditions and others caused such intense pain that she had difficulty walking, that she walked with a pronounced limp, used a cane and then suffered from complications of a ruptured Achilles's tendons.   Ms. Coleman's affidavit establishes that these impairments began in 2014, with a torn meniscus and continued through the date she had knee replacement surgery in 2018.  Ms. Coleman's attached certain medical records to her Affidavit and the document establishing that she was medically incapacitated as a result of surgeries to treat these impairments from March through September 2018.

The legal standard for showing actual disability is that the plaintiff suffered from "a physical or mental impairment that substantially limits one or more major life activities".   *Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 446–47 (5th Cir. 2018), *reh'g denied* (Feb. 20, 2018)(citing 42 USC § 12102(1)(A). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, bending, and standing. *Id.* § 12102(2)(A).

The EEOC has cautioned: "'Substantially limits' is not meant to be a demanding standard". 29 C.F.R. § 1630.2(j)(1)(i). "An impairment need not prevent, or significantly or severely restrict" performance of major life activities, but rather, the standard is whether it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population". *Id.* § 1630.2(j)(1)(ii). This comparison "usually will not require scientific, medical, or statistical analysis". *Id.* § 1630.2(j)(1)(v).  Courts are commanded to construe disability broadly, "to the maximum extent permitted by the terms of [the Act]". 42 U.S.C. § 12102(4)(A).

Under Fifth Circuit law, the Plaintiff's own testimony will typically suffice to establish disability, and the Court will not require medical corroboration at the summary

judgment stage of a case. *Williams*, 717 F. App'x at 448 ("Williams' detailing in her declaration her trouble sleeping, thinking, focusing, communicating, and caring for herself is no different. In the light of the relatively low bar created by the substantially-limits and summary-judgment standards, Williams' declaration creates a genuine dispute of material fact for whether her impairments are substantially limiting.")

Ms. Coleman's affidavit, supported by her letter to Ms. Dean and her doctor's statement and FMLA paperwork, easily establishes that she had a disability for years. Ms. Coleman's affidavit details her difficulty in walking, that she walked with a limp, with a cane and had difficulty standing and kneeling, all of which are major life activities as defined in the ADA. *See* 42 USC § 12102(2)(A)). Her Affidavit discusses the duration of the condition, its severity, and the manner in which it caused Ms. Coleman to be limited, including her inability to walk. Similar conditions have been held by the Fifth Circuit to constitute substantially limiting disabilities under the ADA. *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 453 (5th Cir. 2013)(osteoarthritis of knee impairing ability to walk); *Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 857 (5th Cir. 2010)(flare-ups in arthritis causing inability to walk satisfy substantially limited standard). In addition, Ms. Coleman's Affidavit details that she has osteopenia, which is a physical impairment affecting the musculoskeletal system.

Under the current standard, "An impairment need not prevent, or significantly or severely restrict" performance of major life activities, but rather, the standard is whether it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population". *Id.* § 1630.2(j)(1)(ii). Ms. Coleman's testimony that after years of cartilage degeneration, walking with a

pronounced limp and using a cane, surely shows her to have been limited in her ability to walk as compared with the general population.

### b.      Defendant knew of Ms. Coleman's disability

Ms. Coleman limped and at times used a cane so her disability was obvious.  In addition,  the undisputed evidence also shows that Ms. Coleman submitted paperwork to CHISD when she scheduled surgery for a knee replacement.   And, the Physician's Statement submitted to Ms. Dean by Ms. Coleman leave no doubt that CHISD knew that Ms. Coleman had a rupture of her Achilles tendon and that document refers to several of the specific major life activities in which she was limited – standing, kneeling and walking.  Further, the August 29 letter specifically provides CHISD with information that Ms. Coleman had a brittle bone disease, had fractures in both ankles, ruptured Achille tendons, a problem with her toe and had extreme difficulty walking.  A reasonable jury could easily find, based on these facts, that Ms. Coleman had provided CHISD with ample notice and information about her disability.

### c.      CHISD refused to engage in the interactive process with Ms. Coleman and filled her position instead of finding a reasonable accommodation for her - a violation of TCHRA

CHISD violated the TCHRA by refusing to consider Ms. Coleman's accommodation request.  Under 5th Circuit law, "[i]f the employer does not engage in the good faith interactive process, the employer violates the ADA." *Lockhart v. Sys. Made Simple, Inc.*, 66 F. Supp. 3d 847, 861 (W.D. Tex. 2014)(citing *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir.2009)(citing  *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir.2005)("An employer may not stymie the [good faith] interactive process of identifying a reasonable accommodation for

an employee's disability by preemptively terminating the employee before an accommodation can be considered or recommended")).

Once the employer has been put on notice of its employee's need for an accommodation, the TCHRA/ADA obligates both parties to engage in a good faith interactive process to develop a reasonable accommodation. *Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 316 (5th Cir.2007).  The EEOC has outlined a sequence of four steps that serves as a model for the interactive process:

> (1) Analyze the particular job involved and determine its purpose and essential functions;
>
> (2) Consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation;
>
> (3) In consultation with the individual to be accommodated, identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position; and
>
> (4) Consider the preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the employee and the employer.

*Picard v. St. Tammany Par. Hosp.*, 611 F. Supp. 2d 608, 621 (E.D. La. 2009)(*citing* EEOC Interpretive Guidance, § 1630.9).

Ms. Coleman's request for an accommodation triggered CHISD's obligation to engage in the "interactive process" under the ADA.  As part of that process, CHISD was obligated to  "[c]onsult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation."  *Picard* 611 F. Supp. 2d at 621.

The Fifth Circuit has explained that the interactive process is "a meaningful dialogue with the employee to find the best means of accommodating that disability." *Chevron Phillips,* 570 F.3d at 621 (quoting *Tobin v. Liberty Mut. Ins. Co.,* 433 F.3d 100, 108 (1st Cir.2005)). The process requires "communication and good-faith exploration." *Id.* (quoting *Kleiber v. Honda of Am. Mfg.,* 485 F.3d 862, 871 (6th Cir.2007)).

Finally, Defendant argues that Ms. Coleman's request was not a request for a reasonable, but rather a "request not tobecause attending the mandatory meeting on December 18, 2018, was an essential function of Ms. Harmon's job. Def. Plea at 21-22.

While Ms. Harmon does not dispute that attending a meeting to discuss job performance could be an essential function of the job, Ms. Harmon was not requesting not to attend at all, but only to reschedule the meeting for a time when she was not receiving medical treatment for her disability. Defendant's contention that the meeting

Given the foregoing, there are clearly genuine issues of material fact as to whether CHISD actions violate the TCHRA. Ms. Coleman presents documents and testimony showing how CHISD violated the TCHRA when it failed to engage in the interactive process and refused to grant Ms. Coleman a reasonable accommodation. Discovery will be necessary, however, to uncover additional evidence – other than the close temporal proximity to Ms. Coleman engaging in protected activity- that CHISD took specific actions to deny her a paying teaching job until the next year as retaliation for requesting an accommodation and engaging in protected activity. Plaintiff further requests that once such discovery has concluded, and Plaintiff has had a full opportunity to respond to the Plea in respect to the age claim and that the Plea to the Jurisdiction in all matters be denied.

**d. A leave of absence or leave extension are reasonable accommodations.**

In the request for a reasonable accommodation on August 29, 2018, Ms. Coleman requested an extension of her unpaid leave as an accommodation until September 28, 2018.  The law is clear that a "leave of absence and leave extensions are reasonable accommodations in some circumstances." *Criado v. IBM Corp.* , 145 F.3d 437, 443 (1st Cir. 1998). The reasonableness of a leave request must be considered in light of all the facts and circumstances. *See id.* (gathering authorities). The record here reflects that Ms. Coleman requested an additional five weeks of unpaid leave to allow for the recovery time recommended by his doctor. The Department's personnel manual allows supervisors the discretion to grant unpaid leave of up to one year.

**e.   Retaliation for requesting an accommodation and engaging in protected activity.**

The defendant criticizes plaintiff's retaliation claim for not indicating the protected activity engaged by in Plaintiff articulating an adverse employment action.  *See* Defendants  Plea at page 7.   The protected activity engaged in by Ms. Coleman is 1) requesting a reasonable accommodation; and 2) opposing CHISD's violation of the law which requires the interactive process to find a reasonable accommodation.  This protected activity was engaged in on August 29.  *See* Exhibit 3 attached to Plaintiff's Affidavit. And, a mere two weeks later, CHISD hired a permanent replacement for Ms. Coleman's job and on a timeline that needs no explanation proceeded to take other steps to hinder her ability to get back to a teaching position to earn her salary under the contract.  On these facts, a jury could reasonably find that CHISD retaliated against Ms. Coleman for engaging in protected activity. The close temporal proximity along provides the causal connection.

**Conclusion**

Given the foregoing, there are clearly genuine issues of material fact as to whether Ms. Coleman may establish a disability claim based on failure to accommodate and constructive discharge or retaliation.  Ms. Coleman presents documents and testimony showing how she can establish the jurisdictional facts.  After a period for discovery, the plaintiff will have additional facts showing that her replacement by a person substantially younger so as to flesh out her age discrimination claim.  Plaintiff requests that she be permitted to engage in "targeted" discovery on her age claim in order to fully develop the record concerning Defendant's Plea on this claim.  Plaintiff further requests that once such discovery has concluded, and Plaintiff has had a full opportunity to respond to the Plea, the Plea to the Jurisdiction be denied.

Respectfully submitted,


By: /s/ N. Sue Allen
    N. Sue Allen
    Texas Bar No. 00791992
    ALLEN LAW FIRM
    4701 Altamesa Blvd, Suite 2R
    Fort Worth, Texas 76133
    (817) 926-5005 (Telephone)
    (817) 926-5165 (Facsimile)
    sue@sueallenlaw.com


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served pursuant to the Texas Rules of Civil Procedure via the e-filing system.


    /s/ N. Sue Allen
    N. Sue Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sue Allen on behalf of Sue Allen
Bar No. 791992
sue@sueallenlaw.com
Envelope ID: 48604054
Status as of 12/4/2020 8:51 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Griffin | | egriffin@clarkhill.com | 12/3/2020 1:27:57 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 12/3/2020 1:27:57 PM | SENT |
| Katie Anderson | | kanderson@clarkhill.com | 12/3/2020 1:27:57 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 12/3/2020 1:27:57 PM | SENT |

# EXHIBIT D-7

FILED
12/2/2020 10:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 87 of 333   PageID 87

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101ˢᵗ JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## PLAINTIFF GRINDA COLEMAN'S AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GRINDA COLEMAN files this Amended Petition against defendant CEDAR HILL INDEPENDENT SCHOOL DISTRICT (Defendant or Cedar Hill ISD), and alleges the following cause of action:

### I.   DISCOVERY CONTROL PLAN

1.     This suit should be governed by discovery control plan under Rule 190.1 of the Texas Rules of Civil Procedure (Level 2).

### II. INTRODUCTION

2.     At all times relevant to this lawsuit, Defendant is Ms. Coleman's employer and Ms. Coleman is Defendant's employee.

3.     Ms. Coleman suffers from physical impairments to her musculoskeletal system.  Ms. Coleman has osteopenia which resulted in her having fractures in both of ankles and a cyst on her toe.  In addition, Ms. Coleman has a serious knee condition resulting in 'bone-on-bone connection at the joints which resulted in Ms. Coleman

**EXHIBIT
D-7**

requiring a total knee replacement.  Ms. Coleman had two torn Achilles tendons, one of which ruptured and required surgery. All of these physiological impairments to her musculoskeletal system, affected Ms. Coleman's major life activities of walking, standing and kneeling.  Ms. Coleman walked with a pronounced limp from about September 2017, and at times needed the use of a cane to walk at all through September 2018, when the various issues with her musculoskeletal system were surgically repaired. For the 2017 school year, Ms. Coleman was unable to walk from the parking lot to her classroom at the back of the school building.  Ms. Coleman has an actual disability, a record of disability, and is regarded as having such an impairment by defendant.

4.      Ms. Coleman is, therefore, a person who suffers with actual disability, has a history of a disability and is regarded as disabled by defendant.

5.      The defendant had knowledge of Ms. Coleman's actual disabilities and her history of having disabilities.  Defendant perceived Ms. Coleman as disabled.

6.      In addition, Ms. Coleman is over forty (40) years of age.

7.      Defendant discriminated and/or retaliated against Ms. Coleman because of her disabilities and/or age when it failed to grant her a Temporary Disability Leave (TDL) under the Texas Education Code 21.409 and then failed to engage in the interactive process to find a reasonable accommodation and failed to grant her a reasonable accommodation.  Defendant first denied, then begrudgingly granted Ms. Coleman a thirty-day TDL leave to recover from surgery required as a result of her disabilities.  However, CHISD would not take Ms. Coleman's call to attempt to engage in the interactive process.  Ms. Coleman specifically requested as an accommodation and protested CHISD's refusal to engage in the interactive process.  Thereafter, Defendant

hurriedly filled Ms. Coleman's teaching postion with a permanent replacement before her return to work date despite being on notice that Ms. Coleman could return to work in September.   Defendant further discriminated against and treated Ms. Coleman in a disparate manner when it failed and refused to place her in a teaching position the next term as was required by Defendant's own policy and the parties' contract.   Defendant followed this act of discrimination and retaliation by denying Ms. Coleman access to its online job application system.   Further, Defendant held a job open for months after the incumbent resigned and/or was terminated just so that Ms. Coleman could not take that position.   Defendant's action in denying Ms. Coleman the right to a job in Defendant's system was a constructive discharge because of Ms. Coleman's age, or disability, or both, or because she sought an accommodation for her disability and opposed age discrimination by Defendant.   Defendant's actions, therefore, are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

### III. JURISDICTION, VENUE AND DAMAGES

8.     The jurisdiction of this Court is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq*., which Act's purpose is to secure to those within the state of Texas freedom from discrimination in employment.   Jurisdiction is proper in the district court of Dallas County, Texas because the damages exceed the minimum amount in controversy for such court.

9.     Venue is proper in Dallas County, pursuant to Tex. Civ. Prac. & Rem. Code §15.002, because all or a substantial part of the events or omissions giving rise to

the claims occurred in Tarrant County, Texas and because defendants have its operations in Tarrant County, Texas.

10.    Ms. Coleman seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact and which are within the jurisdictional limits of this court. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Ms. Coleman pleads that s h e anticipates that the amount of damages s he will request the jury to assess at trial will be monetary relief over $100,000 but not more than $200,000, as well as nonmonetary relief. Specifically, Ms. Coleman seeks an injunction against the Defendant which would require that it cease and desist discriminating against qualified individuals with disabilities and which would require that it train its human resources and executive leadership staff in the employment laws that govern all employers, including, but not limited to the Defendant. Ms. Coleman seeks recovery of all reasonable costs incurred in this action, including, but not limited to reasonable attorney's fees, costs, and expenses.

## IV. PARTIES

11.    Ms. Coleman is a citizen of the United States who lives in Dallas County, Texas. At times material to this lawsuit, Ms. Coleman was employed by defendant as an active teacher in Cedar Hill High School or inactive teacher in the same system waiting for the opportunity to return to work.

12.    Defendant may be served by delivery of the citation and petition to Ms.

Cheryl Wesley, president of the Board of Trustees, or the superintendent of schools, Dr. Gerald Hudson, at its administrative building, located at 285 Uptown Blvd. Building 300, Cedar Hill, Texas 75104.

## V.  FACTS

13.     Defendant employed Ms. Coleman as a teacher.  Beginning in 2014, Ms. Coleman had a torn meniscus which made walking painful and difficult.   In 2017, Ms. Coleman could not walk from the parking lot of her building to her classroom.  Ms. Coleman walked with a noticeable limp and at times required the use of a cane to be able to walk. Ms. Coleman suffered fractures in both her ankles, torn Achilles tendons and a cyst on her knee.  In March 2018, Ms. Coleman's knee condition had deteriorated to a point that it was 'bone-on-bone' and her doctor recommended a total knee replacement. Ms. Coleman  sought and was granted FMLA for knee replacement surgery until the end of the school year in May 2018.  During the summer of  summer of 2018, Ms. Coleman continued to have difficulty walking, standing and kneeling and her physician diagnosed that one of her Achilles tendons had ruptured.  Thus, from the fall of 2017, to September 2018, Ms. Coleman could only walk short distances and when she walked was in great pain. She had difficulty standing and found it difficult to kneel. Ms. Coleman initially expected to recover from her July 2018, surgery, but her doctor would not release her because she needed additional time to heal.  Ms. Coleman's request TDL to cover her absences from August 6, the start of the school year, to September 28, 2018,which CHISD denied.  Ms. Coleman secure her rights to a TDL.  In a letter dated August 29, 2018, Ms. Coleman's counsel on her behalf requested leave as an accommodation and

complained that CHISD refused to engage in the interactive process directly with Ms. Coleman about her need for leave.  The letter notified CHISD that Ms. Coleman had a disability and was requested leave until September 28 as a reasonable accommodation. Defendant could have without any undue hardship placed a substitute teacher in Ms. Coleman's classroom during her brief leave of absence, but instead filled the position permanently on September 12, 2018.  Defendant's motivation for doing so was Ms. Coleman's age, disability, or CHISD was retaliating against Ms. Coleman for requesting an accommodation or for opposing discrimination.  In addition, the Defendant removed Ms. Coleman's access to its on-line job postings which would have allowed Ms. Coleman to find and apply for positions that she was qualified to teach, and which were open and available.  Moreover, when a position that Ms. Coleman was qualified, for and wanted to have, became open because the teacher had occupied the position was terminated or resigned after an accusation of impropriety, Defendant held the position open administratively so that Ms. Coleman could not apply for the job.  Defendant further discriminated against, and subjected Ms. Coleman to disparate treatment, when it denied Ms. Coleman's a position as a substitute teacher unless she agreed to fulfill the duties required by full time teacher at substitute teacher pay.

14.     These actions by Defendant, violate the Texas Commission on Human Rights Act (TCHRA) as well as CHISD's own policies.

15.     Ms. Coleman has a disability within the meaning of Chapter 21 of the Texas Labor Code has a physical condition – osteopenia with resulting bone fractures and bone cysts, degenerative knee disease that required a total knee replacement, and tears and ruptures in her Achilles' tendons.  These impairments that affect her ability to stand

and walk as compared to people in the general population in that she was unable to walk from the parking lot to her classroom, walked with a noticeable limp and required the use of a cane.  Ms. Coleman has an actual disability, a record of a disability and is perceived by the Defendant as disabled.

15.    Defendant failed to engage in the interactive process which was triggered by Ms. Coleman's request for an accommodation for her disability and failed to grant her a reasonable accommodation.   Defendant unlawfully harassed, discriminated and retaliated against Ms. Coleman and constructively discharged her because she has an actual disability, record of disability, and because defendant perceived her as disabled and because she sought an accommodation for her disability.

16.    At all relevant times to this lawsuit, Ms. Coleman was a qualified individual with a disability as defined by relevant law, and at all relevant times able to perform the essential functions of the job with or without an accommodation.

17.    Defendant treated Ms. Coleman in a disparate manner when it refused to hold her position for thirty days so that Ms. Coleman could retain her job after return from temporary leave, and when it blocked her access the employment system which would have allowed Ms. Coleman to find other positions she could have taken after the Defendant filled her position in thirty days, and when it held a position open that Ms. Coleman was qualified for, and wanted to apply for even though the former incumbent had been terminated and/or resigned.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.     Prior to filing this suit, Ms. Coleman timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission-Civil Rights Division.

19.     This suit is filed more than 180 days, but less than two years, after the filing of Ms. Coleman's charge of discrimination was filed with the Texas Workforce Commission.  Ms. Coleman has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## VII. CAUSES OF ACTION

A.   Violations of Chapter 21, Texas Labor Code – disability discrimination

20.     By this reference, Ms. Coleman incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

21.     At all times set forth hereinafter, defendant was at all relevant times an "employer" as defined by Texas Labor Code § 21.002(8)(D).  Defendants are subject to the provisions of Chapter 21.

22.     Ms. Coleman has a disability within the meaning of Chapter 21 because she suffers from impairments substantially limit one or more major life activities including walking, standing and kneeling, etc. In addition, Ms. Coleman has a record and history of such impairments and has been regarded as having such impairments by defendant.

23.     At all relevant times, Ms. Coleman was an otherwise qualified individual with disabilities within the meaning of Chapter 21, in that she was able to perform all of the essential functions of the position, with or without reasonable accommodations.

23.     Defendant discriminated against Ms. Coleman because of her disabilities despite that she was a qualified individual with disabilities who was and is able to perform the essential functions of the position with or without reasonable accommodations.

25.     Defendant violated Chapter 21 by, *inter alia:*

(a) Failing to engage in the interactive process to find a reasonable accommodation and failing to grant her a reasonable accommodation.

(b) Constructively terminating Ms. Coleman's employment, directly on account of her disability, despite the fact that Ms. Coleman was able to perform the essential functions of her position when it would not allow her to return to a paying job as a teacher after she was released to work on September 28, 2018.

(c) Retaliating against Ms. Coleman because she requested an accommodation and opposed illegal disability discrimination and harassment.

(d    Failing to take prompt and equitable steps to remedy discrimination and retaliation; and

(e) Causing Ms. Coleman harm, including but not limited to lost pay, benefits, mental anguish and attorney's fees.

## VIII. JURY DEMAND

26.     Plaintiff demands a trial by jury on all issues properly submitted to a jury, including fact issues under the Texas Commission on Human Rights, and specifically, the ultimate issues of fact as to the merits of this dispute, back pay, employee benefits and

compensatory damages, except for the TCHRA attorney's fee issue and entitlement to front pay, which may be presented for post-judgment for the consideration by the Court.

## IX. REQUEST FOR DISCLOSURES

27. Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X. ATTORNEYS' FEES AND COSTS

28. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under Texas Labor Code § 21.259, including any applicable expert fees.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court grant her the following relief from defendant and that judgment be entered for her and against defendant for each of the following:

A. That defendant be ordered to compensate, reimburse, and make-whole the plaintiff for all the benefits plaintiff would have received had it not been for defendants' illegal actions including, but not limited to loss of wages, front pay, vacation pay, overtime payments, pension and other benefits and all other compensation due to the plaintiff that accrued at the time of the filing of this petition until the date of judgment. The plaintiff should be accorded the benefits illegally withheld from the date of plaintiff's termination until the date the plaintiff is tendered substantially equivalent employment, with interest on the withheld amounts to the date of payment or the date of plaintiff inability to work with or without accommodation, whichever is later.

B.      An additional sum representing the present value of unaccrued wage payments, vacation pay, overtime payments, front pay, and all other compensation due to the plaintiff for the period following the date of the judgment, calculated as of the date of judgment.

C.      An additional sum for actual damages and expenses plaintiff incurred in seeking new employment.

D.      An award for past pain and suffering.

E.      An award for future pain and suffering.

F.      An award for past mental anguish.

G.      An award for future mental anguish.

H.      Pre-judgment interest after judgment at the maximum legal rate allowed by law until paid.

I.      Post-judgment interest after judgment at the maximum legal rate allowed by law until paid.

J.      Costs of court.

K.      Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.

L.      Injunctive and other equitable relief, including, but not limited to an order requiring defendants to cease and desist discrimination and retaliation against persons similarly situated to Ms. Coleman; and requiring it to offer training to its managers and supervisors on employee rights under the TCHRA.

M.      Auch other and further relief to which the plaintiff may be justly entitled.

Respectfully submitted,


By: /s/ N. Sue Allen
    N. Sue Allen
    Texas Bar No. 00791992
    ALLEN LAW FIRM
    4701 Altamesa Blvd, Suite 2R
    Fort Worth, Texas 76133
    (817) 926-5005 (Telephone)
    (817) 926-5165 (Facsimile)
    **sue@sueallenlaw.com**

## <u>CERTIFICATE OF SERVICE</u>


The undersigned hereby certifies that the foregoing instrument was served pursuant to the Texas Rules of Civil Procedure via the e-filing system.


    /s/ N. Sue Allen
    N. Sue Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sue Allen on behalf of Sue Allen
Bar No. 791992
sue@sueallenlaw.com
Envelope ID: 48614792
Status as of 12/4/2020 2:14 PM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Katie Anderson | | kanderson@clarkhill.com | 12/3/2020 3:31:00 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 12/3/2020 3:31:00 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 12/3/2020 3:31:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 12/3/2020 3:31:00 PM | SENT |

# EXHIBIT D-8

FILED
12/3/2020 5:19 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | DALLAS COUNTY, TEXAS |
| CEDAR HILL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant.* | § | 101ST JUDICIAL DISTRICT |

### DEFENDANT'S REPLY TO PLAINTIFF'S REPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION

Defendant Cedar Hill Independent School District ("CHISD" or "Defendant") files this Reply to the Response to Defendant's Plea to the Jurisdiction filed by Plaintiff Grinda Coleman ("Plaintiff") and argues as follows:

### I.
### EVIDENTIARY OBJECTIONS

Defendant objects to the following excerpts of the Affidavit of Grinda Coleman, filed on December 1, 2020 in support of her Response to the Plea to the Jurisdiction.

1. Defendant objects to ¶ 3 of the Affidavit on the grounds of hearsay.

2. Defendant objects to ¶ 4 of the Affidavit on the grounds of hearsay and lack of adequate foundation for such opinion testimony.

3. Defendant objects to ¶ 8 of the Affidavit on the grounds of hearsay and lack of personal knowledge as to Dr. Hidalgo's state of mind.

4. Defendant objects to ¶ 9 of the Affidavit on the grounds of hearsay and lack of adequate foundation for such opinion testimony.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION**
ClarkHill\B0729\A35347\261410068.v2-12/3/20

**Page 1**

**EXHIBIT**
**D-8**

5.   Defendant objects to the statements related to any "literature" consulted by Coleman, as stated in ¶ 9, on the basis of the best evidence rule and that Coleman should identify with specificity and attach any such "literature" to the Affidavit.

6.   Defendant objects to ¶ 12 of the Affidavit on the grounds of hearsay.

7.   Defendant objects to ¶ 16 of the Affidavit on the grounds of hearsay.

8.   Defendant objects to ¶ 17 of the Affidavit on the grounds of the best evidence rule.

9.   Defendant objects to ¶ 19 of the Affidavit on the grounds of hearsay.

10.  Defendant objects to ¶ 22 of the Affidavit on the grounds of hearsay.

11.  Defendant objects to ¶ 23 of the Affidavit on the grounds of hearsay and, alternatively, the best evidence rule.

12.  Defendant objects to ¶ 24 of the Affidavit on the grounds of hearsay.

13.  Defendant objects to ¶ 25 of the Affidavit on the grounds of hearsay and lack of adequate foundation for such opinion testimony as to a legal conclusion.

14.  Defendant objects to ¶ 26 of the Affidavit on the grounds of lack of adequate foundation for such opinion testimony as to a legal conclusion.

15.  Defendant objects to ¶ 27 of the Affidavit on the grounds of speculation, lack of personal knowledge, and lack of adequate foundation for such opinion testimony.

16.  Defendant objects to ¶ 28 of the Affidavit on the grounds of lack of adequate foundation for such opinion testimony as to a legal conclusion.

Defendant further objects to any mention of a person named "Harmon" in Plaintiff's Response on the grounds of relevance.[1]

---

[1] It appears that plaintiff's counsel failed to remove references to another case prior to filing.

## II.
## PLAINTIFF DID NOT COMMUNICATE ANY DISABILITY TO CHISD

In Plaintiff's Response to Defendant's Plea to the Jurisdiction (the "Plea"), Plaintiff asserts that she has pleaded competent claims for disability discrimination and retaliation.[2] Her response requests that the Plea be denied while also requesting that the Court grant more time so that she may have a "full opportunity to respond to the Plea."[3]

In Plaintiff's Response, she claims that she had surgery on her Achilles tendon in July 2018 and that she contacted CHISD with a request for leave on August 7, 2018. *See* Response, pg. 2. At that time, she was advised that she had used all her Family Medical Leave Act (FMLA) disability and would have to use Temporary Disability Leave (TDL). *See id.* After her attorney contacted CHISD on August 29, Plaintiff was granted TDL retroactive to August 6, 2018. *See id.*; Plaintiff's Original Petition at ¶ 13.

At no point in August or September 2018, however, did Plaintiff communicate evidence of a disability to CHISD. Although Plaintiff established that she was suffering from achilles tendonitis, a condition that prevented her from walking and bearing weights, there is no evidence such condition was long-term, as Plaintiff expected to return to work in less than two months. *See* Coleman Affidavit at ¶ 21.

Texas defines a "disability" as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." Tex. Labor Code Ann. § 21.002 (mirroring federal law). Evidence

---

[2] Plaintiff also asserted a claim for age discrimination in her Original Petition. She does not address in her Response the sufficiency of her age discrimination pleadings, but she has requested "a period of discovery" to "fully develop" her claims for age discrimination. *See* Response, pg. 13.

[3] Defendant acknowledges the mixed relief sought by Plaintiff in response to the Plea. Defendant will argue that more time is not necessary to develop facts in this matter because Plaintiff's pleadings are insufficient to establish her prima facie claims.

of a "condition" alone is insufficient; to consider the employee disabled, the employer must have notice of a condition that is "profound enough and of sufficient duration, given the nature of his impairment, to significantly restrict him in working." *Datar v. Nat'l Oilwell Varco, L.P.*, 518 S.W.3d 467, 475 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (lower back sprain, which made it harder for individual to sit and walk, was not so substantially limiting as to constitute a disability under the TCHRA).

Under our facts, Defendant had no notice of a condition that significantly restricted Coleman from working. Defendant regarded Plaintiff as engaged in a brief two-month recovery from achilles surgery—not as disabled—and planned for her to return to work by the end of September 2018. Although Plaintiff now claims to suffer from osteopenia or "brittle bone syndrome" (*See* Plaintiff's Original Petition, ¶ 13; Response at pg. 1), Defendant had no notice of this condition at the time of her temporary disability leave. *See* August 29, 2018 Letter from Sue Allen to Katie Anderson, attached to Plaintiff's Affidavit of Grinda Coleman, pg. 10.

Because Plaintiff does not sufficiently show that Defendant had knowledge of a bona fide disability of Plaintiff, her disability discrimination claim must fail.

### III.
### PLAINTIFF FAILS TO ESTABLISH ADVERSE ACTION OR THAT DEFENDANT FAILED TO REASONABLY ACCOMMODATE HER

Even assuming that Defendant had notice of a proper disability of Plaintiff at the time of her disability leave in August-September 2018, Plaintiff states no viable claim for discrimination or retaliation because no act alleged of Defendant failed to reasonably accommodate Plaintiff or served as an adverse action against her.

First, Defendant went out of its way to accommodate Plaintiff. It is clear that Plaintiff requested temporary disability leave and that Defendant granted it. Plaintiff made no request that

her exact teaching position be held open when she requested TDL. *See* Coleman Aff. at ¶¶ 20-23. Defendant maintained Plaintiff's employment during and after her TDL. Upon return from leave, Defendant offered Plaintiff a full-time position as a substitute while working diligently to secure her an available position for which she was certified,[4] but Plaintiff declined. CHISD took no adverse act against Plaintiff—it did not terminate her, discipline her, or otherwise act against her. *See* Violet Dean Aff. at ¶ 9-11.

Second, Defendant fully complied with CHISD Policies. *See* Exhibit A ("Temporary Disability Leave" excerpt from 2018-2019 CHISD Employee Handbook). The policies provide job protection for employees on TDL, but they do not necessarily provide *position* protection. The policy, in pertinent part, reads: "Certified employees returning from leave will be reinstated to the school to which they were previously assigned **if an appropriate position is available** . . . If a position is not available before the end of the school year, the employees will be reinstated to a position at the original campus at the beginning of the following school year." *Id.* By maintaining Plaintiff's employment at CHISD and by consistently working toward getting her a position for which she was certified, Defendant abided by the terms of the TDL policy, even if Plaintiff's *exact position* was not maintained for her. *See id.*

Third, Defendant's filling of Plaintiff's exact teaching position was neither an adverse action nor a failure to reasonably accommodate Plaintiff. Plaintiff cites no Texas or federal cases to support her claim that she was entitled to protection for both her employment *and* her exact teaching position. *See* Response, pg. 12.

---

[4] Plaintiff holds Principal EC-12 and Business Education 6-12 (Career and Technology Education a/k/a CATE) certifications. *See* Coleman Certification, attached as **Exhibit B**.

Defendant does not dispute that some employees are entitled to unpaid leave in certain medical situations. *See Tex. Dep't of Transp. v. Lara*, 577 S.W.3d 641, 648 (Tex. App.—Austin 2019, pet. granted). However, such a scenario is a far cry from the current circumstances. Here, Defendant *indeed granted leave* to Plaintiff. An employer is not required to provide accommodations beyond those sought by the employee. *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) ("a disabled employee cannot remain silent and expect his employer to bear the initial burden of identifying the need for, and suggesting, an appropriate accommodation"). Defendant's TDL policy did not provide for position protection, nor did Plaintiff request her specific position be protected. Accordingly, Plaintiff's claim that Defendant failed to accommodate her must fail.[5]

In summary, Defendant filled plaintiff's teaching position during her period of leave in accordance with its TDL policies. *See* Dean Aff. at ¶ 8. Plaintiff's argument that her position should have been held open indefinitely until she returned to such position would cripple the District in effectively carrying on its business—properly educating the children of Cedar Hill through stable and consistent classroom personnel. Plaintiff's extended absence and last-minute notice that she would not attend work caused substantial disruption to the District's mission to provide its students with high quality education.

---

[5] Additionally, employers are not required to provide accommodations that would result in an undue hardship on the employer. Federal law defines "undue hardship" as an action that would require "significant difficulty or expense." *Vande Zande v. Wisconsin Dep't of Admin.*, 44 F.3d 538, 542 (7th Cir. 1995).

For example, an employer is not required to grant a request for indefinite leave. *See Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) ("indefinite leave is not a reasonable accommodation."). Here, Plaintiff essentially asked for an indefinite leave when she notified Defendant that she would not be able to return to work for a number of weeks, but did not identify a return date.

Under these circumstances, it would have presented significant difficulties for Cedar Hill to leave Plaintiff's position open and available during the entirety of her leave. Her absence was right at the start of the school year, when students were arriving in class and expecting instruction from full-time teachers, not substitutes. Plaintiff's last-minute notice of absence was a significant burden on her business skills class, so CHISD chose to fill the course with a full-time teacher prior to Plaintiff's return.

Even assuming that Plaintiff had a bona fide disability, Defendant was within its rights to fill Plaintiff's teaching position in her absence on TDL. This act complied with school policies, was reasonable, and did not violate the rights of Plaintiff. For these reasons, taking the allegations in Plaintiff's Original Petition as true, Plaintiff fails to state prima facie claims for disability discrimination, age discrimination, or retaliation, and her claims must be dismissed on the basis of governmental immunity.

## III.
## JURSIDCTIONAL DEFECTS REMAIN IN
## PLAINTIFF'S AMENDED PETITION

On the evening of December 2, 2020, Plaintiff filed her Amended Petition. This Petition appears to have adopted the factual allegations articulated in Grinda Coleman's Affidavit, filed in response to Defendant's Plea to the Jurisdiction. This Petition appears to remove her age discrimination and retaliation, leaving a sole cause of action for disability discrimination.

Despite the amended filing, Defendant's same jurisdictional objections remain and apply in full effect to the entirety of the Amended Petition. Because Plaintiff's Amended Petition fails to state a prima case for disability discrimination, the claim(s) in the Amended Petition should be dismissed for lack of subject matter jurisdiction.

## IV.
## PRAYER

For the reasons set forth in the above Reply, Defendant Cedar Hill Independent School District requests that all of Plaintiff's claims and causes of action asserted against it be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,


/s/ R. Price Anderson

**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**


**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on December 3, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

***VIA EFILE***

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF


/s/ R. Price Anderson
**R. PRICE ANDERSON**

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DECLARATION OF VIOLET DEAN

STATE OF TEXAS      §
COUNTY OF DALLAS   §

1. "My name is Violet Dean.  I am over 18 years of age, of sound mind, and capable of making this affidavit.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. Ms. Coleman was out on FMLA leave starting March 5, 2018 to the end of the 2017-2018 school year. Ms. Coleman was scheduled to return to work on August 6, 2018. Ms. Coleman did not inform the district until August 6, 2018 that her doctor had not released her to return to work on August 6, which was the first day of school for the 2018-2019 school year. Temporary disability leave runs concurrent with FMLA. Thus, Ms. Coleman's temporary disability leave should have begun running on March 5, 2018 and the 180 days of temporary disability leave would have ended on June 4, 2020. However, CHISD provided an additional accommodation to Ms. Coleman by approving and allowing her extended temporary disability leave from August 6 to August 31. Temporary disability leave does not provide protection of the employee's specific position. Ms. Coleman was unable to return on August 31. Ms. Coleman was granted an additional accommodation when CHISD further extended her temporary disability leave and allowed it to extend through September 28, 2018.

3. Ms. Coleman's initial anticipated return date was August 6, then August 31, then CHISD was informed that it had changed again to September 29. Ms. Coleman's doctor sent a note dated September 27 that she could return to work on September 28. Prior to the doctor's note dated September 27, CHISD was not provided with a definitive date provided for Ms. Coleman's return to work.

4. Out of concern for the students, the decision was made to post Ms. Coleman's position for replacement since the district could not be assured when Ms. Coleman would return to work. Ms. Coleman's position was posted on August 9 and the new employee reported to work on September 12, 2020.

5. The substitute teacher position that Ms. Coleman was offered was the teaching position previously held by Mr. Johnson, who had been placed on administrative leave. CHISD could not offer Ms. Coleman the position held by Mr. Johnson since the district had not received Mr. Johnson's resignation and he was still an employee of the district. Had Ms. Coleman accepted the substitute teaching position for the class, she would have been converted to the full-time teaching position after Mr. Johnson resigned. Had Ms. Coleman not resigned, she would have been assigned the position previously held by Mr. Johnson. Ms. Coleman was offered the long-term substitute teaching position because Mr. Johnson was on administrative leave but was still an employee of the district and had not been terminated so Ms. Coleman could not yet fill his position. CHISD could not provide Ms. Coleman information regarding another individual's employment status.

6. When Ms. Coleman was offered the substitute position, she was offered the maximum pay allowed by the district for the position. The district's policy regarding pay for substitute certified teachers is based on the number of consecutive days an individual works; days 1-10 are paid at a rate of $95.00; days 11-20 are paid at a rate of $115.00; and days 21 and over are paid at a rate of $130.00 per day. Ms. Coleman was offered an additional accommodation of being paid at the $130.00 rate beginning on day 1. Ms. Coleman declined the accommodation.

7. Ms. Coleman did not meet the requirements that would allow CHISD to issue an emergency teaching permit because it requires a deficiency plan from a university, which was not present. Ms. Coleman did not meet the requirements for a temporary classroom assignment (TCAP), because the assignment cannot exceed 4 class periods, and Ms. Coleman was seeking a full-time position, which consists of 6-7 period per day.

8. CHISD did not change Ms. Coleman's login credentials. Ms. Coleman was attempting to login by using an incorrect email address. The email address is put into the system by the employee. When Ms. Coleman was unable to remember her login, CHISD provided Ms. Coleman with a reminder of the email address on record for her login credentials.

9. My communication with Ms. Coleman was not cold, rude or hostile. I communicated with Ms. Coleman in a polite and professional manner. It is the practice of the district that when an employee hires an attorney, the district hires an attorney as well and future communication on the matter should be conducted between the attorneys.

10. I am a Custodian of Records for Cedar Hill Independent School District ("CHISD").

11. Attached to this affidavit are three (3) pages of records from CHISD labeled "Exhibit 1," and one (1) page of records from CHISD labeled "Exhibit 2," which have been produced from the files of CHISD.

12. These records are kept by CHISD in the regular course of business, and it was the regular course of business of CHISD for an employee or representative of CHISD with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or

diagnosis that was recorded.  The records attached to this affidavit are originals or exact duplicates of the originals."

My name is Violet Dean, my date of birth is _08/06/1958_, and my address is _285 Uptown Blvd #300, Cedar Hill, TX 75104_.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on December 3, 2020.

_____

VIOLET DEAN, DECLARANT

# EXHIBIT 1

# CEDAR HILL INDEPENDENT SCHOOL DISTRICT



# *THE LEADING CHOICE!*

## EMPLOYEE HANDBOOK
## 2018-2019

If you have difficulty reviewing the information in this document because of a disability, contact the human resources department.

NOTE: In the event of a discrepancy between any information contained in the employee handbook and board policy, board policy will govern.

use of intermittent or reduced-schedule leave for the care of a newborn child or for adoption or placement of a child with the employee.

**Fitness for Duty.**  An employee that takes FML due to the employee's own serious health condition shall provide, before resuming work, a fitness-for-duty certification from the health care provider. If certification of the employee's ability to perform essential job function is required, the district shall provide a list of essential job functions (e.g., job description) to the employee with the FML designation notice to share with the health care provider.

**Reinstatement.**  An employee returning to work at the end of FML will be returned to the same position held when the leave began or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

In certain cases, instructional employees desiring to return to work at or near the conclusion of a semester may be required to continue on family and medical leave until the end of the semester. The additional time off is not counted against the employee's FML entitlement, and the district will maintain the employee's group health insurance and reinstate the employee at the end of the leave according the procedures outlined in policy (see DECA (LEGAL).

**District Contact.**  Employees that require FML or have questions should contact the benefits specialist for details on eligibility, requirements, and limitations.

# Temporary Disability Leave

**Certified Employees.**  Any full-time employee whose position requires certification from the State Board for Educator Certification (SBEC) is eligible for temporary disability leave. The purpose of temporary disability leave is to provide job protection to full-time educators who cannot work for an extended period of time because of a mental or physical disability of a temporary nature. Temporary disability leave must be taken as a continuous block of time. It may not be taken intermittently or on a reduced schedule. The maximum length of leave shall be 180 days. Pregnancy and conditions related to pregnancy are treated the same as any other temporary disability.

An employee's notification of need for extended absence due to the employee's own medical condition shall be forwarded to the superintendent or designee as a request for temporary disability leave.  The request must be accompanied by a physician's statement confirming the employee's inability to work and estimating a probable date of return. If disability leave is approved, the length of leave is no longer than 180 calendar days.

If an employee is placed on temporary disability leave involuntarily, he or she has the right to request a hearing before the board of trustees. The employee may protest the action and present additional evidence of fitness to work.

When an employee is ready to return to work, the executive director for human resources should be notified at least 30 days in advance. The return-to-work notice must be accompanied by a physician's statement confirming that the employee is able to resume regular duties.

Certified employees returning from leave will be reinstated to the school to which they were previously assigned if an appropriate position is available. If a position is not available, the employee may be assigned to another campus, subject to the approval of the campus principal.  If a position is not available before the end of the school year, the employees will be reinstated to a position at the original campus at the beginning of the following school year.

## Workers' Compensation Benefits

An employee absent from duty because of a job-related illness or injury may be eligible for workers' compensation weekly income benefits if the absence exceeds seven calendar days.

An employee receiving workers' compensation wage benefits for a job-related illness or injury may choose to use accumulated sick leave or any other paid leave benefits. An employee choosing to use paid leave will not receive workers' compensation weekly income benefits until all paid leave is exhausted or to the extent that paid leave does not equal the pre-illness or -injury wage. If the use of paid leave is not elected, then the employee will only receive workers' compensation wage benefits for any absence resulting from a work-related illness or injury, which may not equal his or her pre-illness or pre-injury wage.

## Assault Leave

Assault leave provides extended job income and benefits protection to an employee who is injured as the result of a physical assault suffered during the performance of his or her job.  An incident involving an assault is a work-related injury, and should be immediately reported to the benefits department.

An injury is treated as an assault if the person causing the injury could be prosecuted for assault or could not be prosecuted only because that person's age or mental capacity renders the person non-responsible for purposes of criminal liability.

An employee who is physically assaulted at work may take all the leave time medically necessary (up to two years) to recover from the physical injuries he or she sustained. At the request of an employee, the district will immediately assign the employee to assault leave. Days of leave granted under the assault leave provision will not be deducted from accrued personal leave and must be coordinated with workers' compensation benefits. Upon investigation the district may change the assault leave status and charge leave used against the employee's accrued paid leave. The employee's pay will be deducted if accrued paid leave is not available.

## Administrative Leave

# EXHIBIT 2

# *Texas Educator Certificate*

*This certifies that*

## *Grinda Faye Coleman*

*has fulfilled requirements of state law and regulations of the*
*State Board for Educator Certification*
*and is hereby authorized to perform duties as designated below:*

### STANDARD

| Description | Effective Date | Expiration Date | Status |
|---|---|---|---|
| **Classroom Teacher** | | | |
| Business Education | 02/01/2015 | 01/31/2021 | Valid |
| Grades (6-12) | | | |
| **Principal** | | | |
| Principal | 09/07/2018 | 01/31/2021 | Valid |
| Grades (EC-12) | | | |
| **Classroom Teacher** | | | |
| Business Education | 08/10/2009 | 01/31/2015 | Expired |
| Grades (6-12) | | | |

### PROBATIONARY

| Description | Effective Date | Expiration Date | Status |
|---|---|---|---|
| Business Education | 08/25/2008 | 08/25/2009 | Expired |
| Grades (6-12) | | | |

**Official Record of Certification**
**Wednesday, August 14, 2019**

New Search     Close Window

v4.2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Griffin on behalf of Liz Griffin
Bar No. 24092450
liz.griffin@clarkhillstrasburger.com
Envelope ID: 48622652
Status as of 12/4/2020 10:18 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 12/3/2020 5:19:09 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 12/3/2020 5:19:09 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 12/3/2020 5:19:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 12/3/2020 5:19:09 PM | SENT |

# EXHIBIT D-9

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## ORDER DENYING DEFENDANT'S PLEA TO THE JURISDICTION

This matter came before the Court on Defendant's Plea to the Jurisdiction. Having considered the motion, the parties' briefs, and the arguments of counsel at the hearing and inquiring into the grounds and circumstances, the Court finds that the plea should be denied.

It is therefore ORDERED, ADJUDGED AND DECREED that Defendant Cedar Hill Independent School District's Plea to the Jurisdiction is DENIED.

SIGNED on 12-9-2020

THE HONORABLE STACI WILLIAMS,
JUDGE, 101ST DISTRICT COURT

Submitted by,

N. Sue Allen
Texas Bar No. 00791992
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
sue@sueallenlaw.com (Email)

ORDER DENYING DEFENDANT'S PLEA TO THE JURISDICTION                    Solo Page

**EXHIBIT
D-9**

# EXHIBIT D-10

FILED
3/15/2021 2:47 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 122 of 333   PageID 122

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendant.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S MOTION TO COMPEL

Defendant Cedar Hill Independent School District ("CHISD") moves the Court for an order overruling Plaintiff Grinda Coleman's ("Coleman") objections and compelling Plaintiff to fully respond to CHISD's discovery requests in this case and provide responsive documents, and would respectfully show the Court as follows:

### I.
### BACKGROUND

Coleman alleges violations of Chapter 21 of the Texas Labor Code against CHISD, including disability discrimination and retaliation. *See generally* Pl.'s Am. Pet. Coleman's claims arise from her employment with CHISD. *See id.*, ¶ 13. Coleman alleges that in 2018 she requested, and CHISD granted, a thirty day leave of absence for Coleman to receive medical treatment. *See id.* When Coleman failed to return to work in her teaching position within the time proscribed by her medical request, CHISD filled her position with another candidate and offered Coleman an alternative position upon her later return to work. *See id.*, ¶ 13. Coleman accepted the offer, but later rejected it and resigned from CHISD.

Among the relief requested in this case, Coleman seeks compensatory damages, punitive damages, attorney's fees, costs, and an injunction requiring CHISD to "cease and desist discrimination and retaliation." *See id.*, § XI.

**DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**
**AND DOCUMENT PRODUCTION**                                          Page 1

**EXHIBIT**
**D-10**

On December 22, 2020, CHISD served Coleman with Request for Disclosures, Requests for Production, Requests for Admission, and Interrogatories, copies of which are attached as **Exhibit A**. Coleman's responses were due on January 21, 2021.

On January 21, 2021, Coleman served her responses to CHISD's Requests for Admission and Interrogatories. Coleman's responses to CHISD's First Set of Interrogatories are attached as **Exhibit C**. Coleman's responses to CHISD's First Requests for Admission are attached as **Exhibit D**. CHISD did not receive responses to the Request for Disclosures until January 29. Coleman's disclosures are attached as **Exhibit B**.

Coleman's original email dated January 21, 2021 serving her initial discovery responses is attached as **Exhibit E**. Coleman did not provide CHISD with responses to the Requests for Production or any document productions on January 21, 2021. *See* Ex. E. Coleman asserted her responses to the Requests for Production as well as her document productions were sent in the mail. However, CHISD's counsel never received a package and Coleman was unable to provide a tracking number or mailing receipt. CHISD did not receive responses to the Requests for Production until February 5, 2021, which Coleman served electronically, along with document production. The emails evidencing this correspondence between Plaintiff's counsel and defense counsel are attached as **Exhibit F**. Coleman's responses to CHISD's First Set of Interrogatories are attached as **Exhibit G**.

Coleman's responses to CHISD's discovery requests are deficient in multiple ways. Coleman's disclosures fail to include necessary telephone numbers and addresses of persons with knowledge of relevant facts. Her interrogatory answers include improper objections and fail to provide the specific information sought by CHISD. Her responses to the requests for admission contain improper qualified admissions that do not adequately state why she is unable to admit or

deny the requests. Finally, her document production fails to provide documents regarding her alleged disability, medical conditions, and employment records, all of which are central to the resolution of this case.

CHISD wrote to Coleman's counsel on February 12, 2021 to confer on the deficient responses. A copy of the discovery deficiency letter is attached as **Exhibit H**. CHISD requested that Coleman remove the improper objections, remedy the deficient responses, and properly supplement her document production. CHISD attempted to schedule a substantive discussion regarding the objections and responses. *See id*. However, Coleman did not respond to CHISD's letter. Given Coleman's failure to respond and comply with her discovery obligations, CHISD files this Motion.

## II.
## MOTION TO COMPEL

Coleman failed to fully and properly respond to CHISD's discovery requests. Accordingly, the Court should overrule Coleman's improper objections and order Coleman to provide (1) full and complete responses to CHISD's requests for disclosure, requests for admission, and interrogatories and (2) all documents responsive to CHISD's requests for production.

### A.    Legal Standard

A motion to compel is appropriate when inadequate discovery responses are provided. Tex. R. Civ. P. 215.1(b). An evasive or incomplete answer to discovery is treated as a failure to answer. Tex. R. Civ. P. 215.1(c). Where, as here, a party provides incomplete answers or has wholly failed to respond, a trial court may compel a party to respond to discovery requests. Tex. R. Civ. P. 193.1.

The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998); *In re Goodyear Tire & Rubber Co.,* 437 S.W.3d 923, 927 (Tex. App.—Dallas 2014,

no pet.). Discovery is permitted of any unprivileged information that is relevant to the subject of the lawsuit or information that is reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3(a); *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993). "A party must respond to written discovery in writing within the time provided by court order or [the Texas Rules of Civil Procedure]." Tex. R. Civ. P. 193.1. "When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made." *Id.* Complete and timely discovery responses are required to prevent undue surprise and trial by ambush. *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex. 1992); *Oscar Luis Lopez v. La Madeleine of Tex., Inc.,* 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.).

### B. Coleman's discovery responses are substantively deficient and assert improper objections.

As set forth in detail below, Coleman's responses contain incomplete and contain improper objections. *See* Tex. R. Civ. P. 193.2(e). Further, Coleman failed to provide substantive information or documents in response to many requests. Under the applicable discovery standards, Coleman must fully answer and respond to the requests. Further, CHISD believes numerous documents and communications relevant to Coleman's claims and CHISD's defenses remain within Coleman's custody and control that have not been produced. CHISD specifically requested supplementation from Coleman and emphasized the need to avoid further delay. *See* Ex. H. Coleman's failure to respond to, remove improper objections, and supplement her responses merits intervention from the Court. *See* Tex. R. Civ. P. 193.2(e).

### 1. Coleman's Responses to CHISD's Request for Disclosures

Coleman's disclosure of persons with relevant knowledge under Tex. R. Civ. P. 194.2(e) is deficient. For numerous individuals—specifically Glo Calhoun, Bettye Cooper, Latosha

Lampkin, Stephanie Riley, Terry Coleman, Ag Murray, and Sharon Robinson—Coleman has identified their contact information as "c/o Sue Allen," Coleman's counsel. As these individuals are merely fact witnesses and are not represented by Ms. Allen, Coleman's use of a "care of" designation is improper. Coleman should provide the personal addresses and telephone numbers for each of these individuals. Tex. R. Civ. P. 194.2(e).

> **2.      Coleman's Answers to CHISD's First Set of Interrogatories**

Coleman's responses to the following interrogatories are deficient or contain improper objections as follows:

**INTERROGATORY NO. 5:** State the name, address, and telephone number of every school district, company, corporation, entity, organization, person, or other employer with whom you have applied for employment since August 2018, and state the position applied for, dates you applied, interviews received, the persons with whom you interviewed, and any offers of employment received.

**ANSWER:** Cedar Hill ISD, Dallas ISD, Uber, Federal Express

The interrogatory requests that Coleman state the dates she applied for any positions, interviews received, the persons with whom she interviewed, and any offers of employment received. Coleman's mere listing of "Cedar Hill ISD, Dallas ISD, Uber, Federal Express" does not provide the requisite details and does not inform CHISD whether any actual employment obtained at these entities. A complete response is necessary and relevant to issues such as Coleman's employment status and damages.

**INTERROGATORY NO. 6:** Identify and describe all compensation (including, but not limited to wages, commission, unemployment benefits, investments, and any other source of income) you have received from August 2018 to the present, state the basis for payments received, date(s) received, amount(s) received, and the source, if any.

**ANSWER:** Objection Plaintiff objects to providing any information other than earned income from August 2018, through February 2019 on the grounds that the information is not relevant to the subject matter of this lawsuit, nor the claims or defenses asserted in this lawsuit and not likely to lead to the discovery of admissible evidence. ANSWER: Plaintiff worked as an UBER driver in order not to lose her home and to put food on the table during the time defendant would not allow her to work. Plaintiff will

supplement this interrogatory when her compensation has been computed. Plaintiff also received unemployment compensation from the TWC and will supplement this interrogatory to state the amount as soon as the information is located.

The interrogatory requests that Coleman list income, including payments received, dates received, amounts received, and the source, since August 2018. Coleman objects on the grounds that only earned income from August 2018 to February 2019 is relevant to the lawsuit. This objection is improper, as nothing in Coleman's pleadings limits her damages to the period of August 2018 to February 2019. Coleman should be required to remove this objection and provide a complete response, including the amounts received, dates received, and source of income from August 2018 to present, as such issues are critical to damages calculations in this case.

**INTERROGATORY NO. 7:** Describe with specificity the emotional pam, suffering, inconvenience, mental anguish and loss of enjoyment of life damages, you allege to have sustained in your Petition, including:

a. the name and address of each healthcare provider, who has treated you from August 2018 to present, including the dates and times you were treated by each provider for any emotional pain, suffering, or mental anguish; and b. the diagnosis and any treatment/proposed treatment you received from the healthcare provider for any emotional pain, suffering, inconvenience, mental anguish and the identity of the healthcare provider.

**ANSWER:** Objection Plaintiff has suffered depression, inability to sleep, ruminations and frustrations regarding the reason for the defendant's actions and treatment. She has gone through periods of excessive eating to not eating at all, to feelings of anger, frustration and despair. a. Olga Hildago and b. depression

The interrogatory is not limited to the name of Coleman's health care providers for emotional pain, suffering, or mental anguish. It also asks for information such as the provider's address and the dates that Coleman received treatment. Merely listing the name of Coleman's provider is insufficient. Coleman should be required to amend to provide a complete response.

**INTERROGATORY NO. 8:** Identify and describe with specificity the physical injuries and/or disabilities you allege to have sustained in your Petition, including: a. the name and address of each healthcare provider, who has treated you from January 2016 to present, including the dates and times you were treated by each provider for physical conditions, including disabilities; and b. the diagnosis and any treatment/proposed

treatment you received from the healthcare provider for any physical conditions, including disabilities.

**ANSWER:** Need for total knee replacement due to bone on bone at knee joint, torn Achilles's tendons, fractured ankles and injuries to her feet; a. Dr. Bell; Dr. Jones, Dr. Hildalgo b. Total knee replacement, cast and ankle boot, calcium treatments/infusions

The interrogatory is not limited to the name of Coleman's health care providers for physical injuries or disabilities. It also seeks the provider's address and the dates that Coleman received treatment. Merely listing the names of Coleman's providers is insufficient. Coleman should be required to amend to provide a complete response.

### 3.     Coleman's Responses to CHISD's First Requests for Admission

Coleman's responses to Requests for Admission numbered 47, 54, and 72 are deficient, as they only state that Coleman is "unable to admit or deny the request." However, the Texas rules require that the responding party state "in detail the reasons that the responding party cannot admit or deny the request." Tex. R. Civ. P. 198.2(b). Coleman should be ordered to revise her responses to Requests for Admission Nos. 47, 54, and 72 to comply with the Texas rules. Coleman's deficient responses are as follows:

**REQUEST FOR ADMISSION NO. 47**: Admit that you were provided with CHISD's temporary disability leave ("TDL") policy prior to the 2018-2019 school year.
**RESPONSE**: UNABLE TO ADMIT OR DENY

**REQUEST FOR ADMISSION NO. 54**: Admit that you had exhausted your FMLA leave before August 17, 2018.
**RESPONSE**: Unable to admit or dney [sic]

**REQUEST FOR ADMISSION NO. 72**: Admit that, on October 18, 2018, your attorney informed CHISD that you accepted the long-term substitute teacher position.
**RESPONSE**: UNABLE TO ADMIT OR DENY

As stated, Coleman must provide, in detail, the reasons why she cannot admit or deny the request. Because her barebones assertion that she cannot admit or deny the requests is insufficient,

this Court should order that she provide a supplemented, complete response for the above-listed requests.

### 4.        Coleman's Responses to CHISD's First Requests for Production

Coleman's responses include numerous improper objections to requests for production, which requests are relevant to issues at the heart of this litigation. Coleman's document productions are likewise deficient. For these requests—in particular Requests for Production Nos. 30, 34, and 35, as discussed below—Coleman should be ordered to identify whether she has withheld any documents on the basis of her objection.

> **REQUEST FOR PRODUCTION NO. 30:** All mental health records, notes, treatment records, bills, invoices or other documents containing information about or regarding your medical conditions, or any medical treatment for which you seek recovery against CHISD in this Lawsuit

> **RESPONSE:** Plaintiff objects to this request on the grounds that the releases seek information which are private and protected by the medical/ psychiatric/ psychological privilege

Coleman's medical records are distinctly at issue in this litigation because (1) Coleman alleges *disability* discrimination (making Coleman 's establishment of her disability critical to this case) and (2) Coleman specifically alleges compensatory damages, including pain and anguish, that relate to her medical condition. *See Groves v. Gabriel*, 874 S.W.2d 660, 661 (Tex. 1994) (medical records were relevant and not privileged because claimant sought damages for PTSD condition). Pursuant to Rule 509, such issues are central to Coleman 's claims and may not be held back by a claim of medical privilege. *See* Tex. R. Evid. 509(e)(4) (establishing that medical records are not privileged where a party "relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition"). Coleman should remove her objections, and she should identify and produce

responsive documents relating to any medical condition, including disability, that underlies or is

related to her request relief.

> **REQUEST FOR PRODUCTION NO. 34:** All documents relating to your current employment records, including but not limited to the identity of your current employer, current salary, and benefits.

> **RESPONSE:** The employment records are not relevant to any issue in this case nor calculated to lead to the discovery of admissible evidence, which is a requirement for proper discovery. Tex. R. Civ. P. 166b(2)(a). Plaintiff alleges in this lawsuit that defendant failed to accommodate her disability, discriminated against her based on age and retaliated against her. Defendant requests for all of the plantiff's employment records are clearing irrelevant and have no legitimate purpose. The broad nature of the defendant's requests shows its motivation. The Defendant is clearly trying to dig up irrelevant dirt -- and that is not proper for any party. See Martin v. Khoury, 843 S.W.2d 163 (Tex. App. -- Texarkana 1992, orig. proceeding). In Martin, the Court stated, "[T]he initial question that must be answered before any discovery may take place is whether the item for which discovery is sought is relevant to the subject matter of the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence." 843 S.W.2d at 166. The Court further noted that "[w]ithout that initial showing of relevance, discovery is improper." Id. It is not proper for any party in a case to use discovery as an opportunity to conduct a fishing expedition. This is a point made by the Texas Supreme Court repeatedly. See, e.g., General Motors Corp. v. Lawrence, 651 S.W.2d 732, 734 (Tex. 1993). In that case, which involved the defective design of a particular truck, the plaintiff requested information about the particular defect in every single vehicle manufactured by General Motors. The Supreme Court called this an improper fishing expedition. The discovery requests in this case are quite similar. In addition, the Defendant's request for documents serve to embarrass the plaintiff and to give her current employer notice of a lawsuit against a past employer.

Coleman's objections to CHISD's request are improper. Considering the expansive

damages sought by Coleman, including "benefits illegally withheld from the date of

plaintiff's termination until the date the plaintiff is tendered substantially equivalent

employment," the request is clearly relevant. Pl. Am. Pet. at § XI. Further, the request is

specific and limited in scope to Coleman 's *current* employment. To prove damages in this

case, Coleman must show she has mitigated any wrongful-termination damages by seeking

and holding substantively-similar employment. *See Davis v. Fisk Elec. Co.*, 187 S.W.3d

570, 588 (Tex.App.—Houston [14th Dist.] 2006, *rev'd in part on other grounds*, 268 S.W.3d 508 (Tex. 2008) (holding that former employee has duty to make good-faith effort to obtain and retain employment). Coleman's failure to produce documents relating to any current employment, or lack thereof, prevents the parties and the Court from properly determining the existence and amount of damages, if any, in this case. Coleman should be ordered to produce documents, if any, relating to her current status of employment.

> **REQUEST FOR PRODUCTION NO. 35:** All documents relating to every source of income including, but not limited to, wages, investments, unemployment benefits, any other compensation from August 2018 to the present.

> **RESPONSE:** Plaintiff objects to the request on the grounds that it seeks production of documents which are not relevant to the issues to be decided in this lawsuit. In addition, Plaintiff objects to this request on the grounds that as a ten-year employee of defendant, the information is more easily obtained by defendant by review of her personnel files which defendant is charged by law sot maintain. Finally, Plaintiff objects to providing any information regarding her earnings after February 6, 2019, at which time she was forced to resign her employment in order to take a paying job which she needed to pay for food, shelter, transportation and medical care.

This request is not overly broad, it seeks documents that are relevant to an essential element of the claims and defenses in this case. Again, due to Coleman 's expansive demand for damages that include "to compensate, reimburse, and make-whole the plaintiff for all the benefits plaintiff would have received had it not been for Defendant's illegal actions," such income is relevant and discoverable. Coleman 's objections have no substantive basis. Thus, Coleman's objections should be overruled, and Coleman should be ordered to produce all documents responsive to the request.

### C.    CHISD's Request for Attorney's Fees

Under Rule 215.1, if the motion to compel is granted after opportunity for hearing, the Court shall require the compelled party to pay, at such time as ordered by the court, the moving party the reasonable expenses incurred in obtaining the order, including attorney fees. Tex. R. Civ. P. 215.1(d). Because Coleman has failed to adequately respond to CHISD's discovery requests,

produce sufficient documents, or respond to CHISD's requests to cure her discovery deficiencies, CHISD was forced to bring this motion to compel. Accordingly, CHISD requests that should the Court grant this motion after a hearing, the Court also award CHISD recovery of its reasonable expenses and attorney's fees incurred in bringing this motion to compel. *See* Tex. R. Civ. P. 215.1(d).

## III.
## REQUEST FOR RELIEF

WHEREFORE, Defendant Cedar Hill Independent School District respectfully requests that the Court:

a.   Grant Defendant's Motion to Compel;

b.   Order Plaintiff to specifically and fully respond to each of Defendant's Request for Disclosures within 10 days of the granting of this Motion;

c.   Order Plaintiff to specifically and fully respond to each of Defendant's Interrogatories within 10 days of the granting of this Motion;

d.   Order Plaintiff to specifically and fully respond to each of Defendant's Requests for Production within 10 days of the granting of this Motion

e.   Order Plaintiff to produce all responsive documents to Defendant's Requests for Production at the offices of Clark Hill Strasburger, 901 Main Street, Suite 6000, Dallas, Texas 75202, Attn: Elizabeth F. Griffin, within 10 days of the granting of this Motion;

f.   Award Defendant recovery of its reasonable expenses and attorney's fees incurred in bringing this Motion; and

g.   Award Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,


/s/ Elizabeth F. Griffin
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2021, the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Elizabeth F. Griffin*

**ELIZABETH F. GRIFFIN**

## <u>CERTIFICATE OF CONFERENCE</u>

CHISD's counsel attempted to confer with Plaintiff's counsel on February 12, 2021 via letter regarding the relief sought in this motion. CHISD's counsel attempted to confer with Plaintiff's counsel again on February 22, 2021. Plaintiff's counsel did not respond to CHISD's communications. Thus, CHISD believes Plaintiff opposes the Motion.

*/s/ Elizabeth F. Griffin*

**ELIZABETH F. GRIFFIN**

# EXHIBIT A

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| CEDAR HILL INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| *Defendants.* | § | 101ST JUDICIAL DISTRICT |

## DEFENDANT'S REQUESTS FOR DISCLOSURE TO PLAINTIFF

TO:    Plaintiff, Grinda Coleman, by and through her counsel of record, N. Sue Allen, Allen Law Firm, 4701 Altamesa Blvd., Suite 2R, Fort Worth, Texas 76133.

    Defendant Cedar Hill Independent School District ("CHISD") hereby serves its Requests for Disclosure to Plaintiff Grinda Coleman pursuant to Texas Rule of Civil Procedure 194, to be answered separately and fully in writing within thirty (30) days after service upon you.

Respectfully submitted,

/s/ Elizabeth F. Griffin
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 22, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*VIA EFILE*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

/s/ Elizabeth Griffin
**ELIZABETH GRIFFIN**

## REQUESTS FOR DISCLOSURE

**REQUEST (a)**:  The correct names of the parties to the lawsuit.

**RESPONSE:**

**REQUEST (b)**:  The name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST (c)**:  The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).

**RESPONSE:**

**REQUEST (d)**:  The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST (e)**:  The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST (f)**:  For any testifying expert:

    (1)    the expert's name, address, telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST (g)**:  Any indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:**

**REQUEST (h)**:  Any settlement agreements described in Rule 192.3(g).

**RESPONSE:**

**REQUEST (i)**:  Any witness statements described in Rule 192.3(h).

**RESPONSE:**

**REQUEST (j)**:  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST (k)**:  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

**RESPONSE:**

**REQUEST (l)**:  The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

TO:  Plaintiff, Grinda Coleman, by and through her counsel of record, N. Sue Allen, Allen Law Firm, 4701 Altamesa Blvd., Suite 2R, Fort Worth, Texas 76133.

Defendant Cedar Hill Independent School District ("CHISD") hereby serves its First Set of Requests for Production to Plaintiff Grinda Coleman pursuant to Texas Rule of Civil Procedure 196, to be answered separately and fully in writing within thirty (30) days after service upon you.

---

Respectfully submitted,

/s/ Elizabeth F. Griffin
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 22, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

### *VIA EFILE*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

/s/ Elizabeth Griffin
**ELIZABETH GRIFFIN**

## **DEFINITIONS**

As used in these Requests for Production, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have the same meaning that is used and/or defined in the Petition or, if not so defined and/or used, then its ordinary meaning.

1.      The terms "You", "Your" and "Plaintiff" mean Plaintiff Grinda Coleman.

2.      "Defendant" or "Cedar Hill" or "CHISD" means Defendant Cedar Hill Independent School District.

3.      "Claims" means the claims that are the subject of this lawsuit, as alleged in Plaintiff's Amended Petition and any amended or supplemental petition.

4.      "Petition" means Plaintiff's Amended Petition filed in this cause, and any supplement(s) or amendment(s) thereto.

5.      "Document" is defined to have the same meaning and scope as the term "documents" or "electronically stored information" (ESI) in Texas Rules of Civil Procedure 192.3(b) and 196.4. A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and includes, but is not limited to, written communications (such as letters, notes, or memoranda), electronic communications (such as social media posts, email, text message, or instant message), and oral communications (recorded or otherwise). A request regarding a communication to or from a person includes the employees, agents and representatives of such persons. Communications are included within the term "documents" where not otherwise specified.

7.      "Social Media" means any media for social interaction such as Internet forums, weblogs, social blogs, microblogging, wikis, podcasts and internet groups, including without limitation, Twitter, Facebook, Instagram, Tumblr, YouTube, MySpace, Google+, Reddit, WordPress, Wikipedia, Blogger, ExpressionEngine, LiveJournal, Open Diary, TypePad, Vox, Xanga, Foursquare, Jaiku, Plurk, Posterous, Qaiku, Google Buzz, Identi.ca, Nasza-Klasa.pl, Geoloqi, Gowalla, Facebook places, The Hotlist, ASmallWorld, Bebo, Cyworld, Diaspora, Hi5, Hyves, LinkedIn, Ning, Orkut, Plaxo, Tagged, XING , IRC, Yammer, Eventful, The Hotlist, Meetup.com, Upcoming, Netvibes, Twine, Causes, Kickstarter, PBworks, Wetpaint, Wikia, Wikimedia, Wikispaces, CiteULike, Delicious, Diigo, Google Reader, StumbleUpon, folkd, Digg, Mixx, NowPublic, Newsvine, Drupal, Plone, Google Docs, Syncplicity, Docs.com, Dropbox.com, Flickr, Photobucket, Picasa, SmugMug, Zooomr, sevenload, Viddler, Vimeo, Dailymotion, Metacafe, Nico Nico Douga, Openfilm, Justin.tv, Livestream, OpenCU, Skype, Stickam, Ustream, blip.tv, oovoo, scribd, SlideShare, Askville, EHow, Stack Exchange, WikiAnswers, Yahoo! Answers, Quora, ask.com.

8.      "Financial record(s)" means, by way of example and without limitation, the original or true copies of the following items, whether printed, computerized, recorded, or reproduced by any other mechanical process or written or produced by hand:  invoices, cancelled checks, account statements, monthly unaudited statements and/or other periodic income and profit and loss statements; periodic balance sheets; financial statements or other statements regarding, relating to, or referring to your financial condition; federal and state income tax returns; volume of sales records; sales tax records and returns; payroll tax records and returns; cash disbursement journal(s); general ledger(s); receipts journal(s); accounts payable journal(s); and accounts receivable journal(s).  Any marginal comments appearing on any financial record and any

handwritten or other notations on any copy of a financial record render it original, requiring production of it or a true copy of it with such notations. Financial records are included within the term "documents" where not otherwise specified.

9.       "Identify," or "identification," or "identity" has the following meaning:

a.       When used in reference to a natural person it means to state the person's full name, title, employer and job description (if applicable), and the person's residence address and business address or, if present addresses are unknown, the last-known residence and business addresses;

b.       When used in reference to a partnership, it means to state the full partnership name, the name of each general partner, and the address of its principal office;

c.       When used in reference to a corporation, it means to state its full name, its state of incorporation, and the address of its principal office;

d.       When used in reference to an unincorporated association or any other business entity, it means to state the full name of the entity and the address of its principal office;

e.       When used in reference to a document, it means to state the type of document (*e.g.*, letter, memorandum, telegram, tape recording, telex, chart, etc.) or some other means of identifying it, its author and originator, its date or dates, its present location or custodian, and a summary of its contents.  If any such document was, but presently is no longer, in your possession or subject to your control, state what disposition was made of it; and

f.       When used in reference to a tangible thing, it means to state its name, location, and a brief description of it.

10.       The term "any" shall be construed to include the word "all," and "all" shall be construed to include the world "any" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

11. The term "between" shall be construed to include the word "among," and "among" shall be construed to include the word "between" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

12. The terms "concerning," "relate to," and "regarding," shall be construed in the broadest sense to include any connection, relation, or relevance, including without limitation all that refers to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, mentions, states, or concerns in any way, a given matter.

## **INSTRUCTIONS**

1. Each of the Definitions and Instructions shall be fully applicable to each Request notwithstanding that the Definitions or Instructions that may in whole or in part be reiterated in a particular Request. A Request may incorporate supplemental instructions or definitions.

2. In construing these requests for documents:  (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine or neuter pronoun shall not exclude the other gender; (c) "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

3. In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your attorneys, employers, employees, agents, investigators, or other representatives, or is otherwise available to you.

4. In the event that the response to any document request is "don't know" or "unknown" or any similar phrase or answer, explain in detail all efforts made by the named party or its attorneys or representatives to obtain the response to that document request.

5.      If you object to any request, you are instructed to identify, with specificity, the specific procedural rule(s) or substantive laws(s) on which you base your objection.

6.      If you allege that any request is in any manner ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous, including without limitation each interpretation that you allege the specific request for discovery is subject to. Notwithstanding, you are instructed to respond, to the best of your ability, to the request for production and produce the documents requested.

7.      In the event that the responding party serves a proper and timely objection to any individual discovery request or a portion thereof, please respond to all portions of the request that do not fall within the ambit of the objection pursuant to Rule 193.2(b).  For example, if a Request is objected to on the grounds that it is too broad and seeks both information that is relevant to the subject matter and information which is not, the responding party should produce such information and/or documentation as is conceivably relevant.

8.      In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

      a. The name of each author, writer, sender or initiator of each such document;
      b. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;
      c. The name of each and every person who received a copy of the document;
      d. The date of the document or, if no date appears on the document, the date the document was prepared;
      e. The title of the document or, if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and
      f. The grounds claimed for withholding the document from discovery (*e.g.*, attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

9.      If any part of a document is responsive to any request, produce the whole document.

If any requested document or thing cannot be produced in full, produce it to the fullest extent possible.

10.     If, for any reason, you are unable to produce in full any document requested:

    a. Produce each such document to the fullest extent possible;
    b. Specify the reasons for your inability to produce the remainder; and
    c. State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

11.     If you or any of your attorneys, agents, or representatives at any time had possession or control of a document requested and that document has been lost, destroyed, or purged or is not presently in your possession, custody, or control, please state for each document as to which that is the case:

    a. The type of document;
    b. The types of information contained therein;
    c. The date upon which it ceased to exist;
    d. The circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control;
    e. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
    f. The identity of all persons having knowledge or who had knowledge of the contents thereof.

12.     For each document requested which you are unable to produce, and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

    a. The nature of the document (*i.e*., letter, memorandum, etc.);
    b. The author of the document;
    c. All recipients of the document and any copy thereof;
    d. A summary of the information contained in the document;
    e. The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;
    f. Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and
    g. Identify all persons who have or have had knowledge of the contents of the document, in full or in part.

13.     When producing documents and tangible things responsive to a request, you must either produce them as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

These requests shall be deemed continuing so as to require prompt supplemental responses in accordance with Texas Rule of Civil Procedure 193.5 setting forth any documents within the scope of the document request as may be required by the responding party or his respective agents, attorneys or representatives following the responding party's original response. As such, the responding party is required to supplement or revise his responses in accordance with the Texas Rules of Civil Procedure.

14.     The relevant time period for answers to these Interrogatories is January 1, 2017 to March 1, 2019. Defendant does not seek information from Plaintiff concerning periods outside this time frame.

## SCOPE OF DISCOVERY

In requesting "all documents" or "documents", Defendant is seeking those documents in your possession, custody or control, as the term "documents" is defined above, which are relevant and material to the Plaintiff's claims in this lawsuit as defined in Rule 401, Texas Rules of Evidence; however, Defendant is not seeking by such request documents which would be privileged as Work Product as defined in Rule 192.5, Texas Rules of Civil Procedure or Attorney-Client Communications as defined in Rule 503, Texas Rules of Evidence. This request is not limited to documents which would be admissible at trial, but instead encompasses all documents falling within the scope of discovery outlined in Rule 192.3, Texas Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION NO. 1:**    All employee handbooks, board Policies, and board procedures, Plaintiff received during her employment with CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**    All code(s) of ethics Plaintiff received during her employment with CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**    All executed contract(s) between Plaintiff and CHISD regarding Plaintiff's employment, including the terms and conditions of any such contract(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**    All drafts of contract(s) between Plaintiff and CHISD regarding Plaintiff's employment, including the terms and conditions of any such contract(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**    All documents relating to Plaintiff's job title, job description, and job duties at CHISD, including the terms and conditions of Plaintiff's employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**    All documents relating to any disciplinary action by CHISD against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**    All documents and communications relating to any complaints or reports of disability discrimination Plaintiff made to CHISD (including to CHISD's Human Resources Department) during her employment with CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**    All statements, notes, letters, e-mails, memos, or other documents relating to any complaints or reports of age discrimination Plaintiff made to CHISD (including to CHISD's Human Resources Department) during your employment with CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**    All documents that support the contention in your Petition that CHISD discriminated against you on the basis of disability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**    All documents that support the contention in your Petition that CHISD "constructively terminat[ed] [your] employment, directly on account of [your] disability." *See* Amended Petition, ¶ 25.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**    All documents that support the contention in your Petition that CHISD unlawfully "retaliated against [you] for opposing discrimination." *See* Amended Petition, ¶ 13.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**    All documents that support your contention, if any, that CHISD discriminated against you on the basis of age.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**   All documents that support the contention that you "opposed age discrimination by Defendant." *See* Amended Petition, ¶ 7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   All documents that support the contention in your Petition that CHISD failed "to engage in the interactive process to find a reasonable accommodation." *See* Amended Petition, ¶ 25.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   All communications from CHISD that reflect any failure of CHISD to allow any reasonable accommodation for your alleged disability.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**   All teaching certificates or other documents reflecting teaching certifications held by you between August 2018 and February 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   All documents reflecting any disability suffered by you at the time relevant to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   All documents or correspondence from you to CHISD providing notice to CHISD of any disability suffered by you at the time relevant to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   All documents or correspondence from you requesting temporary disability leave from CHISD or relating to such requests for temporary disability leave.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   All documents or correspondence from you to CHISD that seek an accommodation for any disability suffered by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   All documents or correspondence that relate to your alleged inability to access CHISD's job application system.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   All documents or correspondence documenting any requests by you to CHISD to be placed into a teaching position at CHISD between August 2018 and February 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**   All documents or correspondence relating to job positions offered to you by CHISD between August 2018 and February 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**   All documents or correspondence made by you to CHISD opposing any alleged discriminatory practice undertaken by CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**   All documents and communications between you and CHISD reflecting that you were being disciplined, reprimanded, suspended, demoted, or terminated by CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**   All documents or correspondence regarding your intention to resign from CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   All documents or correspondence regarding your resignation from CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**   All copies of any grievances or administrative complaints, including CHISD grievance documents or charges filed with the U.S. Equal Employment Opportunity Commission (EEOC) or Texas Workforce Commission (TWC) related to your employment with CHISD.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**   All invoices, bills, or reports indicating medical expenses incurred by you from any health care provider related to damages alleged by you against CHISD in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   All mental health records, notes, treatment records, bills, invoices or other documents containing information about or regarding your medical conditions, or any medical treatment for which you seek recovery against CHISD in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**   All documents relating to income or compensation you received from CHISD, including but not limited to your salary, bonuses, and benefits from August 2016 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**   All notes, letters, e-mails, recordings, memoranda, correspondence or other documents relating to any claim for unemployment insurance benefits you made or filed from August 2018 to the present, including all documents sent to or received from the Texas Workforce Commission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**   All documents relating to your efforts to secure employment since August 2018 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**   All documents relating to your current employment records, including but not limited to the identity of your current employer, current salary, and benefits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**   All documents relating to every source of income including, but not limited to, wages, investments, unemployment benefits, any other compensation from August 2018 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**   All documents that describe, state, calculate, mention or support the nature and amount of economic damages, as claimed in your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**   All documents that describe, state, calculate, mention or support the nature and amount of "pain and suffering" damages, as claimed in your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**   All documents that describe, state, calculate, mention or support the nature and amount of "mental anguish" damages, as claimed in your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**   All documents that describe, state, calculate, mention or support the nature and amount of attorney's fees claimed in your Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**   The resume and/or curriculum vitae which identify the name, address, or telephone number of any person whom you do not intend to call as an expert witness at trial, but whose work product has been reviewed by any person whom you may call as an expert witness at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**   All correspondence, reports, letters, opinions, publications, or other documents sent to any expert retained by you, or upon which he or she otherwise intends to rely to form the basis of his or her conclusions or opinions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**   All notes, letters, e-mails, memoranda, communications, correspondence or other documents identified in your responses to Defendant CHISD's First Set of Interrogatories. The documents should be reasonably marked and separated so as to indicate the interrogatory response in which each document was identified.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**   All social media posts, in their native format, by you about CHISD, or related to your employment with CHISD or the claims in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**   All documents, information, or property copied, removed, or taken by you from CHISD that relate to your claims in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**   All documents and communications between you and any non-party, except for your counsel in this Lawsuit, regarding CHISD, your alleged disability, this Lawsuit, your claims in this Lawsuit, or any damages you are seeking in this Lawsuit.

**RESPONSE:**

**CAUSE NO. DC-20-05649**

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

TO:     Plaintiff, Grinda Coleman, by and through her counsel of record, N. Sue Allen, Allen Law Firm, 4701 Altamesa Blvd., Suite 2R, Fort Worth, Texas 76133.

Defendant Cedar Hill Independent School District ("CHISD") hereby serves its First Set of Requests for Admission to Plaintiff Grinda Coleman pursuant to Texas Rule of Civil Procedure 198, to be answered separately and fully in writing within thirty (30) days after service upon you.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*

**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 22, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

### *VIA EFILE*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth Griffin*

**ELIZABETH GRIFFIN**

**DEFINITIONS**

As used in these Requests for Admission, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have the same meaning that is used and/or defined in the Petition or, if not so defined and/or used, then its ordinary meaning.

1.      The terms "You", "Your" and "Plaintiff" mean Plaintiff Grinda Coleman.

2.      "Defendant" or "Cedar Hill" or "CHISD" means Defendant Cedar Hill Independent School District.

3.       "Claims" means the claims that are the subject of this lawsuit, as alleged in Plaintiff's Amended Petition and any amended or supplemental petition.

4.      "Petition" means Plaintiff's Amended Petition filed in this cause, and any supplement(s) or amendment(s) thereto.

5.      "Document" is defined to have the same meaning and scope as the term "documents" or "electronically stored information" (ESI) in Texas Rules of Civil Procedure 192.3(b) and 196.4. A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and includes, but is not limited to, written communications (such as letters, notes, or memoranda), electronic communications (such as social media posts, email, text message, or instant message), and oral communications (recorded or otherwise). A request regarding a communication to or from a person includes the employees, agents and representatives of such persons. Communications are included within the term "documents" where not otherwise specified.

7.     "Financial record(s)" means, by way of example and without limitation, the original or true copies of the following items, whether printed, computerized, recorded, or reproduced by any other mechanical process or written or produced by hand:  invoices, cancelled checks, account statements, monthly unaudited statements and/or other periodic income and profit and loss statements; periodic balance sheets; financial statements or other statements regarding, relating to, or referring to your financial condition; federal and state income tax returns; volume of sales records; sales tax records and returns; payroll tax records and returns; cash disbursement journal(s); general ledger(s); receipts journal(s); accounts payable journal(s); and accounts receivable journal(s).   Any marginal comments appearing on any financial record and any handwritten or other notations on any copy of a financial record render it original, requiring production of it or a true copy of it with such notations. Financial records are included within the term "documents" where not otherwise specified.

8.     "Identify," or "identification," or "identity" has the following meaning:

a.     When used in reference to a natural person it means to state the person's full name, title, employer and job description (if applicable), and the person's residence address and business address or, if present addresses are unknown, the last-known residence and business addresses;

b.     When used in reference to a partnership, it means to state the full partnership name, the name of each general partner, and the address of its principal office;

c.     When used in reference to a corporation, it means to state its full name, its state of incorporation, and the address of its principal office;

d.     When used in reference to an unincorporated association or any other business entity, it means to state the full name of the entity and the address of its principal office;

e.      When used in reference to a document, it means to state the type of document (*e.g.*, letter, memorandum, telegram, tape recording, telex, chart, etc.) or some other means of identifying it, its author and originator, its date or dates, its present location or custodian, and a summary of its contents.  If any such document was, but presently is no longer, in your possession or subject to your control, state what disposition was made of it; and

f.      When used in reference to a tangible thing, it means to state its name, location, and a brief description of it.

9.      The term "any" shall be construed to include the word "all," and "all" shall be construed to include the world "any" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

10.     The term "between" shall be construed to include the word "among," and "among" shall be construed to include the word "between" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

11.     The terms "concerning," "relate to," and "regarding," shall be construed in the broadest sense to include any connection, relation, or relevance, including without limitation all that refers to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, mentions, states, or concerns in any way, a given matter.

## INSTRUCTIONS

1.      Each of the Definitions and Instructions shall be fully applicable to each Request notwithstanding that the Definitions or Instructions that may in whole or in part be reiterated in a particular Request. A Request may incorporate supplemental instructions or definitions.

2.      If you object to any request, you are instructed to identify, with specificity, the specific procedural rule(s) or substantive laws(s) on which you base your objection.

3.      If you allege that any request is in any manner ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous, including without limitation each interpretation that you allege the specific request for discovery is subject to. Notwithstanding, you are instructed to respond, to the best of your ability, to the request for production and produce the documents requested.

4.      If the responding party serves a proper and timely objection to any individual discovery request or a portion thereof, the party should respond to all portions of the request that do not fall within the ambit of the objection pursuant to Rule 193.2(b).  For example, if a Request is objected to on the grounds that it is too broad and seeks both information that is relevant to the subject matter and information which is not, the responding party should produce such information and/or documentation as is conceivably relevant.

5.      These requests shall be deemed continuing so as to require prompt supplemental responses in accordance with Texas Rule of Civil Procedure 193.5 setting forth any documents within the scope of the document request as may be required by the responding party or his respective agents, attorneys or representatives following the responding party's original response. As such, the responding party is required to supplement or revise his responses in accordance with the Texas Rules of Civil Procedure.

6.      The relevant time period for answers to these Interrogatories is January 1, 2017 to March 1, 2019. Defendant does not seek information from Plaintiff concerning periods outside this time frame.

## REQUEST FOR ADMISSIONS TO PLAINTIFF

**REQUEST FOR ADMISSION NO. 1:**   Admit that you did not have a medical disability in August 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**   Admit that you did not have a disability in September 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**   Admit that you did not have a disability in October 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**   Admit that you did not have a disability in November 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**   Admit that you did not have a disability in December 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**   Admit that you did not have a disability in January 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**   Admit that you did not have a disability in February 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to August 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to September 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to October 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to November 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to December 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to January 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**     Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to February 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**     Admit that CHISD did not terminate your employment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**   Admit that you suffered no adverse employment action while working at CHISD.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**   Admit that you resigned from CHISD.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**   Admit that you submitted a resignation letter to CHISD on February 5, 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**   Admit that you have no evidence that CHISD discriminated against you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**   Admit that CHISD did not discriminate against you on the basis of disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**   Admit that CHISD did not discriminate against you on the basis of age.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**   Admit that you did not engage in a protected activity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**   Admit that you did not make any report of discrimination to CHISD prior to October 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**    Admit that CHISD did not retaliate against you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**    Admit that you have no evidence that CHISD retaliated against you for engaging in a protected activity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**    Admit that your grievance filed with CHISD October 2018 was the first time you engaged in a protected activity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**    Admit that you have no evidence of a causal connection between any alleged protected activity engaged in by you and any alleged adverse employment action against you by CHISD.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**    Admit that you did not provide notice to CHISD before August 6, 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**    Admit that you did not provide notice to CHISD before August 6, 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**    Admit that you did not provide notice to CHISD in August 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**    Admit that you did not provide notice to CHISD in August 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**    Admit that you did not provide notice to CHISD in September 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**    Admit that you did not provide notice to CHISD in September 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**    Admit that you did not provide notice to CHISD in October 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**    Admit that you did not provide notice to CHISD in October 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**    Admit that you did not provide notice to CHISD in November 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**    Admit that you did not provide notice to CHISD in November 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**    Admit that you did not provide notice to CHISD in December 2018 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**     Admit that you did not provide notice to CHISD in December 2018 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**     Admit that you did not provide notice to CHISD in January 2019 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**     Admit that you did not provide notice to CHISD in January 2019 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**     Admit that you did not provide notice to CHISD in February 2019 that you suffered from a specific medical disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**     Admit that you did not provide notice to CHISD in February 2019 that you suffered from "brittle bone disease."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**     Admit that you have no evidence that CHISD refused to make a reasonable accommodation for you between August 2018 and February 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**     Admit that the only accommodation for your alleged disability that you sought from CHISD between August 2018 and February 2019 was extended leave.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**    Admit that you were employed by CHISD at the beginning of the 2018-2019 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**    Admit that you were provided with CHISD's temporary disability leave ("TDL") policy prior to the 2018-2019 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**    Admit that on August 7, 2018, the 2018-2019 school year had started.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**    Admit that you did not show up for work on August 7, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 50:**    Admit that you did not inform CHISD about your foot surgery until August 7, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**    Admit that you did not request TDL from CHISD until August 7, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**    Admit that, in August 2018, you had no Family Medical Leave Act ("FMLA") leave available for your use.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**    Admit that you had exhausted your FMLA leave before August 7, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**   Admit that you had exhausted your FMLA leave before August 17, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**   Admit that you had exhausted your FMLA leave before September 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 56:**   Admit that you missed multiple weeks of work in the spring of 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 57:**   Admit that you failed to inform CHISD about your foot surgery prior to the beginning of the 2018-2019 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**   Admit that, on August 17, 2018, you informed CHISD that your doctor would not release you to work at that time.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 59:**   Admit that, on August 17, 2018, you informed CHISD that your doctor had pushed back your anticipated return to work date to September 30, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**   Admit that CHISD granted your request for TDL.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**     Admit that CHISD granted your TDL request on August 29, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 62:**     Admit that your doctor did not release you to return to work until September 28, 2018.

**REQUEST FOR ADMISSION NO. 63:**     Admit that CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you were not guaranteed to return to your same position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 64:**     Admit that CHISD's policies, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you were not guaranteed to return to your same position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:**     Admit that CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you could be placed in a similar position for which you were certified if one was available at the time you returned to work.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:**     Admit that CHISD's policies, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you could be placed in a similar position for which you were certified if one was available at the time you returned to work.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:**   Admit that under CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, CHISD could place you in a different position within your certification by the start of the following school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 68:**   Admit that under CHISD's policies, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, CHISD could place you in a different position within your certification by the start of the following school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:**   Admit that during the 2018-2019 school year, the following school year is the 2019-2020 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 70:**   Admit that, on October 17, 2018, CHISD offered you a position as a long-term substitute teacher.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 71:**   Admit that, on October 17, 2018, CHISD offered you a position as a long-term substitute teacher for an Audio/Video Technology class.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 72:**   Admit that, on October 18, 2018, your attorney informed CHISD that you accepted the long-term substitute teacher position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 73:**   Admit that, on October 22, 2018, you rejected the long-term substitute teacher position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 74:**    Admit that CHISD made significant efforts to place you in a position for which you were certified between August 2018 and February 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 75:**    Admit that the only substantive subject you were certified to teach was business.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 76:**    Admit that prior to February 2019, you had no experience working as a vice principal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 77:**    Admit that prior to February 2019, you were never employed as a vice principal.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 78:**    Admit that CHISD complied with its TDL policy when it filled your position during your TDL period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 79:**    Admit that CHISD complied with its policies and procedures when it filled your position during your TDL period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 80:**    Admit that the lack of a consistent teacher in the classroom has a negative impact on students.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 81:**    Admit that the lack of a consistent teacher in the classroom has a negative impact on the effectiveness of a class.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 82:**   Admit that using substitute teachers for weeks at a time has a negative impact on students.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 83:**   Admit that using substitute teachers for weeks at a time has a negative impact on the effectiveness of a class.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 84:**   Admit that using substitute teachers for the first month of a school year has a negative impact on students.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 85:**   Admit that using substitute teachers for the first month of a school year has a negative impact on the effectiveness of a class.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 86:**   Admit that the use of long-term substitute teachers should be avoided if possible.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 87:**   Admit that CHISD's inability to place you in a full-time position for which you were certified before your resignation was not a failure to provide a reasonable accommodation for your alleged disability.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 88:**   Admit that CHISD's filling of the full-time teaching position previously held by you was in the best interest of the students.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 89:**     Admit that CHISD's filling of the full-time teaching position previously held by you was not discriminatory.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 90:**     Admit that CHISD did not reprimand you during the 2018-2019 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 91:**     Admit that CHISD did not discipline you during the 2018-2019 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 92:**     Admit that if you had not resigned, CHISD would have placed you in a full-time teaching position by the beginning of the 2019-2020 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 93:**     Admit that you failed to mitigate your damages alleged in your Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 94:**     Admit that you have not sought employment since resigning from CHISD.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 95:**     Admit that your failure to accept the position CHISD offered you contributed to your damages alleged in your Petition.

**RESPONSE:**

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:   Plaintiff, Grinda Coleman, by and through her counsel of record, N. Sue Allen, Allen Law Firm, 4701 Altamesa Blvd., Suite 2R, Fort Worth, Texas 76133.

Defendant Cedar Hill Independent School District ("CHISD") hereby serves its First Set of Interrogatories to Plaintiff Grinda Coleman pursuant to Texas Rule of Civil Procedure 197, to be answered separately and fully in writing under oath within thirty (30) days after service upon you.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 22, 2020, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

***VIA EFILE***

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth Griffin*
**ELIZABETH GRIFFIN**

## INSTRUCTIONS

The following instructions are applicable to each specific discovery request unless otherwise explicitly stated. These instructions and the above definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as his agents, representatives, and attorneys.

1.    Each interrogatory shall be construed independently and is to be responded to fully and separately, in writing. Before each response is given, the interrogatory to which you are responding is to be set forth in full.

2.    No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If you lodge an objection or assert a privilege in response to an interrogatory, you are required to identify the objectionable portion of the interrogatory, specifically state the objection and legal basis for same, affirmatively state whether any information has been withheld on the basis of the objection, and answer the unobjectionable portion. If, in responding to these interrogatories, you encounter any ambiguities when construing an interrogatory or definition, the answer shall set forth the matter deemed ambiguous and the construction you used in responding, and provide a substantive answer based on the construction.

3.    Unless otherwise stated in a particular request, each interrogatory seeks information current up to the date of your response. Additionally, in accordance with Texas Rule of Civil Procedure 193.5, these discovery requests are of a continuing nature and must be supplemented or corrected if further or different information is obtained with respect to any interrogatory.

4.    If you cannot answer any interrogatory fully and completely after exercising due diligence to make the inquiry and secure the necessary information, you are required to so state and answer the interrogatory to the fullest extent possible, specifying the portion of each

interrogatory you claim to be unable to answer fully and completely; the answer shall state the facts upon which you rely to support your contention that you are unable to fully answer and state your knowledge, information, or belief concerning the unanswered portion of the interrogatory.

5.     If you elect to specify and produce documents in answering any interrogatory, the specification shall be in sufficient detail to permit Defendant to locate and identify the documents from which the answer may be ascertained by specifying the Bates label number(s) of such document(s).

6.     In accordance with Texas Rule of Civil Procedure 193.3, if you assert a claim of privilege in response to any interrogatory or part thereof or withhold any information covered by these discovery requests under a claim of privilege (including attorney-client communication or work product), you are required to furnish information sufficient to allow the Court and Defendant to evaluate the claim of privilege, including a list identifying with specifying (a) the identity of the information or document withheld; (b) type of document or communication; (c) the privilege claimed; (d) the specific grounds for application of the privilege to the information or document; (e) the identity of the document's author or person(s) making the communication; (f) the identity of each person who received the information or document, including without limitation each person present while a communication was made, addressee, and custodian; (g) where not apparent, the relationship of the recipient(s) or persons present to the author(s), person(s) making the communication, and other recipient(s); (h) whether or not each person is an attorney; (i) the date and place of the communication or document creation; (j) the general subject matter of the communication or document; and (k) the interrogatory to which the withheld information or document is responsive.

7.     To the extent a claim of privilege is not asserted to the entirety of a document,

produce in redacted form that portion of the document not covered by such claim of privilege.

8.  If any information requested by Defendant is unavailable because it has been lost, discarded or destroyed, the response shall provide the following information for each such item of unavailable information: (a) a description of the information; (b) the location of all copies of the information; and (c) the date of its destruction; (d) the identity of the person(s) responsible for its destruction, loss, transfer, or other action by which the information left your possession, custody, or control.

9.  Unless otherwise specified in the discovery request, the relevant time period for answers to these Interrogatories is January 1, 2017 to March 1, 2019.

## DEFINITIONS

As used in this First Set of Interrogatories, the following terms listed below should be understood to have the meanings described below:

1.  The terms "You", "Your" and "Plaintiff" mean Plaintiff Grinda Coleman.

2.  "Defendant" or "Cedar Hill" or "CHISD" means Defendant Cedar Hill Independent School District.

3.  "Person" means any natural person as well as any and all type of business, legal, and/or governmental entity or association.

4.  "Document" is defined to have the same meaning and scope as the term "documents" or "electronically stored information" (ESI) in Texas Rules of Civil Procedure 192.3(b) and 196.4. A draft or non-identical copy is a separate document within the meaning of this term.

5.  "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and includes, but is not limited to, written communications (such as letters, notes, or memoranda), electronic communications (such as email, text message, or instant

message), and oral communications (recorded or otherwise). A request regarding a communication to or from a person includes the employees, agents and representatives of such persons. Communications are included within the term "documents" where not otherwise specified.

6.      "Financial record(s)" means, by way of example and without limitation, the original or true copies of the following items, whether printed, computerized, recorded, or reproduced by any other mechanical process or written or produced by hand:  invoices, cancelled checks, account statements, monthly unaudited statements and/or other periodic income and profit and loss statements; periodic balance sheets; financial statements or other statements regarding, relating to, or referring to your financial condition; federal and state income tax returns; volume of sales records; sales tax records and returns; payroll tax records and returns; cash disbursement journal(s); general ledger(s); receipts journal(s); accounts payable journal(s); and accounts receivable journal(s).  Any marginal comments appearing on any financial record and any handwritten or other notations on any copy of a financial record render it original, requiring production of it or a true copy of it with such notations. Financial records are included within the term "documents" where not otherwise specified.

7.      "Identify," or "identification," or "identity" has the following meaning:

a.      When used in reference to a natural person it means to state the person's full name, title, employer and job description (if applicable), and the person's residence address and business address or, if present addresses are unknown, the last-known residence and business addresses;

b.      When used in reference to a partnership, it means to state the full partnership name, the name of each general partner, and the address of its principal office;

c.      When used in reference to a corporation, it means to state its full name, its state of incorporation, and the address of its principal office;

d.      When used in reference to an unincorporated association or any other business entity, it means to state the full name of the entity and the address of its principal office;

e.      When used in reference to a document, it means to state the type of document (*e.g.*, letter, memorandum, telegram, tape recording, telex, chart, etc.) or some other means of identifying it, its author and originator, its date or dates, its present location or custodian, and a summary of its contents.  If any such document was, but presently is no longer, in your possession or subject to your control, state what disposition was made of it; and

f.      When used in reference to a tangible thing, it means to state its name, location, and a brief description of it.

8.      The term "any" shall be construed to include the word "all," and "all" shall be construed to include the world "any" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

9.      The term "between" shall be construed to include the word "among," and "among" shall be construed to include the word "between" to bring within the scope of these Requests all responses that might otherwise be construed to be outside the scope of these Requests.

10.     The terms "concerning," "relate to," and "regarding," shall be construed in the broadest sense to include any connection, relation, or relevance, including without limitation all that refers to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, mentions, states, or concerns in any way, a given matter.

## INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 1:**    Describe with specificity the factual basis for your contention that Defendant committed disability discrimination, including, for each instance of disability discrimination you contend occurred:

    a)    the disability you allege;
    b)    the time period in which you allege you were disabled;
    c)    how Defendant had notice of your alleged disability;
    d)    the alleged adverse employment action by Defendant against you, including the date;
    e)    how such adverse action was caused by your alleged status as a disabled person;
    f)    the damages you suffered as a result of that adverse employment action; and
    g)    the identity of documents supporting your answer to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 2:**    Describe with specificity the factual basis for your contention that Defendant failed to accommodate a disability suffered by you, including, for each instance of failure to accommodate a disability you contend occurred:

    a)    the disability you allege;
    b)    the time period in which you allege you were disabled;
    c)    when and how Defendant had notice of your alleged disability;
    d)    the accommodation(s) that you sought from Defendant for your alleged disability, including the date(s) and manner of your request(s);
    e)    the accommodation(s) that Defendant allegedly failed to provide you;
    f)    how such accommodation was reasonable and not an undue burden on Defendant;
    g)    the damages you suffered as a result of the alleged failure to accommodate; and
    h)    the identity of documents supporting your answer to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 3:**    Describe with specificity the factual basis for your contention that Defendant committed unlawful retaliation against you, including, for each instance of retaliation you contend occurred:

    a)    the protected activity you engaged in;
    b)    when you engaged in the protected activity;
    c)    how Defendant had notice of your protected activity;
    d)    the adverse employment action taken against you by Defendant, including the date;

      e)      how the adverse employment action was caused by your protected activity;

      f)      the damages you suffered as a result of that adverse employment action; and

      g)      the identity of documents supporting your answer to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 4:**    Did you report any alleged acts of discrimination to anyone at CHISD, including CHISD's Human Resources Department, during your employment? If so, identify each complaint of discrimination you reported, the date(s) of the complaint, the name of the person(s) to whom you made the complaint, whether it was written, and the circumstances surrounding the complaints. Do not simply refer to the pleadings.

**ANSWER:**

**INTERROGATORY NO. 5:**    State the name, address, and telephone number of every school district, company, corporation, entity, organization, person, or other employer with whom you have applied for employment since August 2018, and state the position applied for, dates you applied, interviews received, the persons with whom you interviewed, and any offers of employment received.

**ANSWER:**

**INTERROGATORY NO. 6:**    Identify and describe all compensation (including, but not limited to wages, commission, unemployment benefits, investments, and any other source of income) you have received from August 2018 to the present, state the basis for payments received, date(s) received, amount(s) received, and the source, if any.

**ANSWER:**

**INTERROGATORY NO. 7:**    Describe with specificity the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life damages you allege to have sustained in your Petition, including:

   a.  the name and address of each healthcare provider, who has treated you from August 2018 to present, including the dates and times you were treated by each provider for any emotional pain, suffering, or mental anguish; and

   b.  the diagnosis and any treatment/proposed treatment you received from the healthcare provider for any emotional pain, suffering, inconvenience, mental anguish and the identity of the healthcare provider.

**ANSWER:**

**INTERROGATORY NO. 8:**   Identify and describe with specificity the physical injuries and/or disabilities you allege to have sustained in your Petition, including:

   a.  the name and address of each healthcare provider, who has treated you from January 2016 to present, including the dates and times you were treated by each provider for physical conditions, including disabilities; and

   b.  the diagnosis and any treatment/proposed treatment you received from the healthcare provider for any physical conditions, including disabilities.

**ANSWER:**

**INTERROGATORY NO. 9:**   For each element of damage that you seek recovery in this Lawsuit, state the element of damage, the amount of money you seek for that element, and the calculation or basis used by you to arrive at that amount.

**ANSWER:**

**INTERROGATORY NO. 10:**   Identify any and all teaching certificates held by you during the time period of August 2018 through February 2019.

**ANSWER:**

**INTERROGATORY NO. 11:**   Identify with particularly the job position(s) that you contend were "held . . . open for months after the incumbent resigned and/or was terminated just so that Ms. Coleman could not take that position." *See* Amended Petition, ¶ 7.

**ANSWER:**

**INTERROGATORY NO. 12:**   State the factual basis for your contention that CHISD "den[ied] [you] access to [CHISD's] online job application system." *See* Amended Petition, ¶ 7.

**ANSWER:**

**INTERROGATORY NO. 13:**   Identify with specificity the term(s) of "Defendant's own policy and the parties' contract" that you contend CHISD failed to follow. *See* Amended Petition, ¶ 7.

**ANSWER:**

**INTERROGATORY NO. 14:**   Describe with specificity the factual basis for your contention that Defendant committed age discrimination, including, for each instance of age discrimination you contend occurred:

a)      Your age;

b)      how you were qualified for your employment position with Defendant;

c)      the adverse employment action or other disparate action taken against you by Defendant, including the date;

d)      how the adverse employment action or disparate action was caused by your protected status as an older employee;

e)      what damages you suffered as a result of that adverse employment action; and

f)      the identity of documents supporting your answer to this Interrogatory.

**ANSWER:**

EXHIBIT B

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## <u>REQUEST FOR DISCLOSURES</u>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff Grinda Coleman answers and objects Defendant's First Set of Interrogatories below.

Respectfully submitted,

By:     /s/ N. Sue Allen
        N. Sue Allen
        Texas Bar No. 00791992
        ALLEN LAW FIRM
        4701 Altamesa Blvd, Suite 2R
        Fort Worth, Texas 76133
        (817) 926-5005 (Telephone)
        (817) 926-5165 (Facsimile)
        **sue@sueallenlaw.com**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served January 29, 2021, pursuant to the Texas Rules of Civil Procedure on via email.

/s/ N. Sue Allen

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES                                                         Page 1**

N. Sue Allen

**REQUEST FOR DISCLOSURE A:**

The correct names of the parties to the lawsuit.

**RESPONSE:**   The parties are correctly named.

**REQUEST FOR DISCLOSURE B:**

The name, address, and telephone number of any potential parties.

**RESPONSE:**          None at this time.

**REQUEST FOR DISCLOSURE C:**

The legal theories and, in general, the factual bases of your claims or defenses.

**RESPONSE:** This is an action for failure to accommodate and retaliation under the Texas Commission on Human Resources Act (TCHRA) arising out of the defendant's failure to grant plaintiff a requested short-term unpaid leave of absence as a reasonable accommodation. The retaliation claim arises out of defendant's decision to fill plaintiff teaching position on September 12, 2018, when it had knowledge of her request for an accommodation, her protected activity and her anticipated date of return of September 28, 2018. The retaliation claim also arises out of the defendant's interference with the plaintiff's ability to search for and fill open positions at CHISD by failing to properly and promptly address plaintiff's inability to access the Districts' portal to apply for open positions.  Plaintiff also contends that the district 'slow walked' and failed to declare a position open although the teacher had been suspended for months.  In addition, plaintiff's theory is that the District violated its obligation to reasonably accommodate and retaliation against plaintiff when it failed to reassign her to a position when she returned to full duty in September 2018, and that plaintiff had no alternative but to resign, as any reasonable person would, when it became clear that she would not be returned to a teaching position until the next school year and only then because to do otherwise would have been a violation of the Texas Education Code.  Defendant nevertheless violated the TCHRA and the ADA (a claim not here) by failing to reassign the plaintiff to an open teaching position, including, but not limited to the position that became open in October 2018.

**REQUEST FOR DISCLOSURE D:**

The amount and any method of calculating economic damages.

**RESPONSE:** Lost wages in the past: $19,459, which represents lost wages by plaintiff from September 28, 2018, through February 2019. Plaintiff multiplied her monthly salary of $4,864.67 by the four weeks that defendant left her without pay.

Lost wages in the future: At present, plaintiff does not believe that she will suffer lost wages in the future because the position she accepted with Dallas ISD was a better paying job.

Lost benefits: These damages have not yet been quantified, but these damages will include value of lost medical benefits, retirement, benefits, personal leave days, etc.

Inconvenience: These damages have not yet been quantified, but these damages will include return check fees, interest and other expenses which occurred as a result of defendant's violation of the law.

Taxable Costs: These damages have not yet been quantified, but consists of the filing fee and expenses of private process service who made multiple trips in order to accomplish service.

Attorney Fees: These damages have not been quantified and are ongoing, but these damages will consist of the reasonable number of hours expended by plaintiff's counsel in this matter multiplied by a reasonable hourly rate as determined by the court or typically charged by plaintiff's counsel's per hour of service which range from $575 to $625 per hour.

Prejudgment Interest: These damages have not yet been quantified.

Post judgment Interest: These damages have not yet been quantified.

**REQUEST FOR DISCLOSURE E:\***

The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

\*Plaintiff's counsel's understanding of the Texas Rules of Civil Procedure is that the name, address and telephone number of persons who have knowledge must be listed in response to disclosures. However, disclosures made by the defendant lists the address of its counsel in its Disclosures and Amended Disclosures. Counsel intends to address this issue with defendant's counsel and, if unsuccessful, with the Court, and will amend accordingly.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES** **Page 3**

**RESPONSE:**

Gwinda Coleman
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Coleman is the plaintiff.  Ms. Coleman has knowledge of circumstances surrounding her termination, her claims and her economic and mental anguish damages.

Violet Dean
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Dean is an employee of defendant.  Ms. Dean has knowledge of plaintiff's multiple requests for an accommodation and the reasons for denying or failing to act on these requests.

Kathy Shaw
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Shaw is an employee of defendant.  Ms. Shaw has knowledge of plaintiff's FMLA paperwork reflecting her surgery in March 2018 for osteoarthritis in her knees.

Inelda Acosta
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Acosta is an employee of defendant.  Ms. Acosta has knowledge of plaintiff's initial request for leave.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES                                                          Page 4**

Michael McDonald
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Mr. McDonald is an employee of defendant.  Mr. McDonald has knowledge of plaintiff's initial communication regarding her need for an accommodation.

Latisha Griffin
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Griffin is an employee of defendant.  Ms. Griffin has knowledge of plaintiff's initial communication regarding her need for an accommodation.

Rolanda Nikki Fields Johnson
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Johnson is an employee of defendant.  Ms. Johnson has knowledge of plaintiff's efforts to communicate with defendant regarding an accommodation.

Jessica Ludwig
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

Ms. Ludwig is an employee of defendant.  Ms. Ludwig has knowledge of Ms. Coleman's issue with the job application system.

RonDerrick Johnson
c/o Katie Anderson,
Clark Hill Strasburger,
901 Main St., Suite 6000
Dallas, TX 75202
214-651-4300

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES**                                                                   **Page 5**

Mr. Johnson is former employee of defendant.  Mr. Johnson has knowledge of his
suspension and termination.

Glo Calhoun
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Calhoun is the plaintiff's sister.  Ms. Coleman has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

Bettye Cooper
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Cooper is the plaintiff's mother.  Ms. Cooper has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

Latosha Lampkin
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Lampkin is the plaintiff's co-worker.  Ms. Lampkin has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

Stephanie Riley
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Riley is the plaintiff's co-worker.  Ms. Riley has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR
DISCLOSURES**                                                     **Page 6**

Terry Coleman
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Mr. Coleman is the plaintiff's brother.  Mr. Coleman has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

Ag Murray
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Murray is the plaintiff's co-worker.  Ms. Murray has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.

Sharon Robinson
c/o N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

Ms. Robinson is plaintiff's co-worker.  Ms. Robinson has knowledge relevant to Ms.
Coleman's claim for mental anguish damages.


Dr. Joseph Yeargain
3001 Gaston Avenue
Suite 330
Dallas, Texas 75246
(214) 804-3851

Dr. Yeargain is Ms. Coleman's surgeon and the physician.   Dr. Yeargain has information
regarding Ms. Coleman's medical condition, impairments and disability.

Dr. Olga Jones
820 S Carrier Pkwy
Grand Prairie, Texas 75051
972) 262-1425

Dr. Jones is Ms. Coleman's primary care physician.  Dr. Jones will testify regarding Ms. Coleman's brittle bones – osteopenia and the limitations of the condition if untreated.

Dr. Clinton Bell
7999 W Virginia Drive
 Dallas, Texas 75237
(817) 375-5200

Dr. Bell is an orthopedic surgeon and performed a total knee replacement on the plaintiff and who completed the statement of healthcare provider in connection with plaintiff's FMLA leave of absence beginning March 5, 2018.

**REQUEST FOR DISCLOSURE F:**

For any expert whom you may call to testify on your behalf:

the expert's name, address and telephone number;

1. N. Sue Allen
Allen Law Firm
4701 Altamesa Blvd.
Suite 2R
Fort Worth, Texas 76133
(817) 926-5005

the subject matter on which the expert will testify;

The necessity for and the amount of time expended by Ms. Allen to perform services for the plaintiff in this litigation.

the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

The services, time expended and $675 hourly rate are reasonable, necessary and in line with rates typically charged by other lawyers in the community for a person with her experience as a lawyer and in the employment law area.  The basis for Ms. Allen's opinion is based on review of rates charged by other employment lawyers who charge rates in excess of her rates and whose experience is less extensive.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES**                                                                                                  **Page 8**

if the expert is retained by, employed by, or otherwise subject to your control:

a. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for an expert in anticipation of the expert's testimony; and

b. the expert's current resume and bibliography;

a. Ms. Allen keeps time and billing records.

b. See N. Sue Allen's Resume attached.

2. Dr. Joseph Yeargain
3001 Gaston Avenue
Suite 330
Dallas, Texas 75246
(214) 804-3851

Dr. Yeargain is medical professional. Dr. Yeargain will offer testimony regarding Ms. Coleman's medical condition, impairments and disability.

3. Dr. Olga Jones
820 S Carrier Pkwy
Grand Prairie, Texas 75051
972) 262-1425

Dr. Jones is a physician. Dr. Jones will offer testify regarding Ms. Coleman's diagnosis and that her condition – osteopenia left untreated results in weak bones, fractures and joints which affect the ability to walk and stand as compared to individuals in the general population.


**REQUEST FOR DISCLOSURE G:**

Any indemnity and insuring agreements described in Rule 192.3(f).

None.

**REQUEST FOR DISCLOSURE H:**

Any settlement agreements described in Rule 192.3(g).

**RESPONSE:**

None.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES**                                                          **Page 9**

**REQUEST FOR DISCLOSURE I:**

Any discoverable witness statements described in Rule 192.3(h).

**RESPONSE:**

None.

**REQUEST FOR DISCLOSURE J:**

In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

See attached.

**REQUEST FOR DISCLOSURE K:**

In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

Not applicable.

**REQUEST FOR DISCLOSURE L:**

The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

None

EXHIBIT C

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

### PLAINTIFF GRINDA COLEMAN'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff Grinda Coleman answers and objects Defendant's First Set of Interrogatories below.

Respectfully submitted,

By:     /s/ N. Sue Allen
N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served January 21, 2021pursuant to the Texas Rules of Civil Procedure on via the e-filing system.

/s/ N. Sue Allen
N. Sue Allen

**PLAINTIFF GRINDA COLEMAN'S ANSWERS AND OBJECTIONS TO DEFENDANTS FIRST SET OF INTERROGATORIES**                                                                **Page 1**

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:**     Describe with specificity the factual basis for your contention that Defendant committed disability discrimination, including, for each instance of disability discrimination you contend occurred:

   a)     the disability you allege;
   b)     the time period in which you allege you were disabled;
   c)     how Defendant had notice of your alleged disability;
   d)     the alleged adverse employment action by Defendant against you, including the date;
   e)     how such adverse action was caused by your alleged status as a disabled person;
   f)     the damages you suffered as a result of that adverse employment action; and
   g)     the identity of documents supporting your answer to this Interrogatory.

OBJECTION: Plaintiff objects to subpart e on the ground that it is vague and unclear so impossible to know what information if being requested.

**ANSWER**:

Defendant failed to engage in the interactive process or grant or even respond to plaintiff's request for a brief leave of absence.

a. Brittle bones, torn tendons and bone on bone knee joint and other impairments affecting plaintiff's musculoskeletal system which are caused by a medical condition known as osteopenia.

b. 2016 to present.

c. Defendant was notified in writing in writing of Plaintiff's disability in a letter dated August 29, 2018, to its legal counsel/agent. Further, plaintiff's disability was open and obvious beginning 2016, when the plaintiff limped, used a cane and was allowed by the principal to move her classroom because she could not walk the distance from the parking lot to her assigned classroom each day.

d. Defendant i) failed to engage in the good faith interactive process in response to Plaintiff's open and obvious need of a reasonable accommodation to protect her job and

ii) failed to grant a reasonable accommodation and filled plaintiff's teaching position and then failed to reassign  plaintiff to another teaching position after she was released from the doctor.

d. Plaintiff requested a brief leave of absence to recover from her most recent surgery in July 2018, and at various times until August 29, 2018.  These requests to Viola Dean and others in the defendant's personnel office for a leave of absence because plaintiff could not walk, stand or sit made the need for an accommodation as well as the kind of accommodation needed obvious. Moreover, on August 29, 2018, plaintiff made a request for a leave of absence as an ADA/TCHRA accommodation in writing addressed to defendant's legal counsel/agent.

e.     But for the disability, plaintiff would not be entitled to an accommodation so not granting one would be lawful.

f.     Lost wages, compensatory damages for mental anguish, loss of benefits, inconvenience, attorney fees and costs.  Quantification of these damages as set forth in supplemented answers.

g.  Letter dated August 29, 2018, Application for Temporary Disability Leave, emails

**<u>INTERROGATORY NO. 2:</u>** Describe with specificity the factual  basis for your

contention that Defendant failed to accommodate a disability suffered by you,

including, for each instance of failure to accommodate a disability you contend

occurred:

- a)     the disability you allege;
- b)     the time period in which you allege you were  disabled;
- c)     when and how Defendant had notice of your alleged disability;
- d)     the accommodation(s) that you sought from Defendant for your alleged disability, including the date(s) and manner of your request(s);
- e)     the accommodation(s) that Defendant allegedly failed to provide you;
- f)     how such accommodation was reasonable and not an undue burden on Defendant;
- g)     the damages you suffered as a result of the alleged failure to accommodate; and
- h)     the identity of documents supporting your answer to this Interrogatory.

Defendant failed to engage in the interactive process or grant or even respond to plaintiff's request for a brief leave of absence.

a. Brittle bones, torn tendons and bone on bone knee joint and other impairments affecting plaintiff's musculoskeletal system which are caused by a medical condition known as osteopenia.

b. 2016 to present.

c. Defendant was notified in writing in writing of Plaintiff's disability in a letter dated August 29, 2018, to its legal counsel/agent.  Further, plaintiff's disability was open and obvious beginning 2016, when the plaintiff limped, used a cane and was allowed by the principal to move her classroom because she could not walk the distance from the parking lot to her assigned classroom each day.

d. In writing on August 17, 2018, the plaintiff teacher reiterated that she could not return to work until September 2018, and she had previously requested a reasonable Beginning in August 2018, plaintiff sought a temporary leave of absence to recover from surgery through conversations with Viola Dean and others in defendant's personnel office. Plaintiff specifically requested an ADA/TCHRA leave of absence in writing in a letter dated August 28, 2018, to its legal counsel/agent accommodation of a leave of absence to cover her absences until her expected return date of September 28, 2018f absence as

e. The defendant failed to grant a reasonable accommodation which is required by law so but for the disability, no reasonable accommodation would be required.

f.  Lost wages, mental anguish, medical expenses and attorney fees.  The amounts will be supplemented.

g.  Letter dated August 29, 2018, Application for Temporary Disability Leave, emails

**INTERROGATORY NO. 3:** Describe with specificity the factual  basis for your

contention that Defendant committed unlawful retaliation against you, including,

for each instance of retaliation you contend occurred:

- a) the protected activity you engaged  in;
- b) when you engaged in the protected  activity;
- c) how Defendant had notice of your protected  activity;
- d) the adverse employment action taken against you by Defendant, including the date;
- e) how the adverse employment action was caused by your protected activity;
- f) the damages you suffered as a result of that adverse employment action; and
- g) the identity of documents supporting your answer to this Interrogatory.

**ANSWER**:  Defendant refused to reassign the plaintiff to open teaching jobs  were available.  Defendant caused and/or refused to correct the IT problem that prevented the plaintiff from seeing open positions and prevented her for applying them as well.

a.  The protected activity was complaining about Defendant's violation of the ADA/TCHRA which requires that an employer grant reasonable accommodations and plaintiff's request for a reasonable accommodation.

b.  July 2018 and continuing action.

c.  The letter dated August 29, 2018, which complained of the violations of law. The requests for accommodations began in July 2018.

d. refused to reassign the plaintiff to open teaching jobs  were available.  Defendant caused and/or refused to correct the IT problem that prevented the plaintiff from seeing open positions and prevented her for applying them as well.  Other small, retaliatory actions such as being rude.

e. But for the plaintiff requesting an accommodation and but for plaintiff's complaints that defendant was violating the law, her position would have been held open and/or she would have been placed in an open position.

f.  Lost wages, mental anguish, medical expenses and attorney fees.  The amounts will be provided in supplemental responses.

g.  Letter dated August 29, 2018, Application for Temporary Disability Leave, emails


**INTERROGATORY NO. 4:** Did you report any alleged acts of discrimination to anyone at CHISD, including CHISD's Human Resources Department, during your employment? If so, identify each complaint of discrimination you reported, the date(s) of the complaint, the name of the person(s) to whom you made the complaint, whether it was written, and the circumstances surrounding the complaints. Do not simply refer to the pleadings.

**ANSWER:**  Yes, the violations were reported to Hill in the August 29, 2018, letter to the defendant addressed to its legal counsel/agent.

**INTERROGATORY NO. 5:** State the name, address, and telephone number of every school district, company, corporation, entity, organization, person, or other employer with whom you have applied for employment since August 2018, and state the position applied for, dates you applied, interviews received, the persons with whom you interviewed, and any offers of employment received.

**ANSWER**: Cedar Hill ISD, Dallas ISD, Uber, Federal Express

**INTERROGATORY NO. 6:** Identify and describe all compensation (including, but  not limited to wages, commission, unemployment benefits, investments, and any other source of income) you have received from August 2018 to the present, state the basis for payments received, date(s) received, amount(s) received, and the

**OBJECTION:**  Plaintiff objects to providing any information other than earned income from August 2018, through February 2019 on the grounds that the information is not relevant to the subject matter of this lawsuit, nor the claims or defenses asserted in this lawsuit and not likely to lead to the discovery of admissible evidence.

 **ANSWER:**  Plaintiff worked as an UBER driver in order not to lose her home and to put food on the table during the time defendant would not allow her to work.  Plaintiff will supplement this interrogatory when her compensation has been computed.  Plaintiff also received unemployment compensation from the

TWC and will supplement this interrogatory to state the amount as soon as the information is located.

**INTERROGATORY NO. 7:** Describe with specificity the emotional pam, suffering, inconvenience, mental anguish and loss of enjoyment of life damages you allege to have sustained in your Petition, including:

   a. the name and address of each healthcare provider, who has treated you from August 2018 to present, including the dates and times you were treated by each provider for any emotional pain, suffering, or mental anguish; and
   b. the diagnosis and any treatment/proposed treatment you received from the healthcare provider for any emotional pain, suffering, inconvenience, mental anguish and the identity of the healthcare provider.

**ANSWER**: Plaintiff has suffered depression, inability to sleep, ruminations and frustrations regarding the reason for the defendant's actions and treatment.  She has gone through periods of excessive eating to not eating at all, to feelings of anger, frustration and despair.  a.  Olga Hildago and b.  depression

**INTERROGATORY NO. 8:** Identify and describe with specificity the physical injuries and/or disabilities you allege to have sustained in your Petition, including:

   a. the name and address of each healthcare provider, who has treated you from January 2016 to present, including the dates and times you were treated by each provider for physical conditions, including disabilities; and
   b. the diagnosis and any treatment/proposed treatment you received from the healthcare provider for any physical conditions, including disabilities.

**ANSWER**:  Need for total knee replacement due to bone on bone at knee joint, torn Achilles's tendons, fractured ankles and injuries to her feet;

a. Dr. Bell; Dr. Jones, Dr. Hildalgo

b. Total knee replacement, cast and ankle boot, calcium treatments/infusions

**INTERROGATORY NO. 9:** For each element of damage that you seek recovery

**PLAINTIFF GRINDA COLEMAN'S ANSWERS AND OBJECTIONS TO DEFENDANTS FIRST SET OF INTERROGATORIES**                                                                         **Page 7**

in this Lawsuit, state the element of damage, the amount of money you seek for that element, and the calculation or basis used by you to arrive at that amount.

**ANSWER:**  Lost wages in an amount to be quantified; compensatory damages in an amount to get determined by a jury as limited by the caps on compensatory damages which are presently $300,000 for an entity the size of CHISD, lost benefits in an amount to be quantified, attorney fees in an amount to be quantified, but at her counsel's reasonable hourly rate of $585 an hour; costs of litigation in an amount not yet determined for filing fees, depositions and other expenses of litigation

**INTERROGATORY NO. 10:** Identify any and all teaching certificates held by you during the time period of August 2018 through February 2019.

**ANSWER:**  Business Education 6-12

**INTERROGATORY NO. 11:** Identify with particularly the job position(s) that you contend were "held ... open for months after the incumbent resigned and/or was terminated just so that Ms. Coleman could not take that position." *See* Amended Petition,-i 7.

**ANSWER:**  The CTE position occupied by Mr. Johnson's position at 9th grade center.

**INTERROGATORY NO. 12:** State the factual basis for your contention that CHISD "den[ied] [you] access to [CHISD's] online job application system." *See* Amended Petition, ,-i 7.

**ANSWER:**  I could not log in to the system although I had an account and password that had not changed during my tenure.  Defendant failed to timely and appropriately  remedy the situation despite repeated requests by me and despite its IT resources which should have been able, if asked, to address the problem in promptly and this was not done.

**INTERROGATORY NO. 13:** Identify with specificity the term(s) of "Defendant's own policy and the parties' contract" that you contend CHISD failed to follow. *See* Amended Petition, **,r** 7.

**ANSWER:**   The CHISD/Gwinda Coleman contract for the 2018-19 school year; the policy not followed was the policy on TDL and non-discrimination and non-retaliation policies.

**INTERROGATORY NO. 14:** Describe with specificity the factual basis for your

contention that Defendant committed age discrimination, including, for each

instance of age discrimination you contend occurred:

     a)     Your age;
     b)     how you were qualified for your employment position with Defendant;
     c)     the adverse employment action or other disparate action taken against you by Defendant, including the date;
     d)     how the adverse employment action or disparate action was caused by your protected status as an older employee;
     e)     what damages you suffered as a result of that adverse employment action; and
     f)     the identity of documents supporting your answer to this Interrogatory.

**ANSWER:**

a.  57
b.  By education, experience and sincere desire to help my students
c.  Defendant refused to assign me to an open teaching position in October 2018, when Mr. Johnson was administratively suspended
d.  Defendant is not supportive of teachers who are older and has engaged in actions which appear designed to make them quit or retire.  Specifically, in my case, the district removed my coaching stipend, did not assign me to an open position so that I was without income for months despite being ready, willing and able to take a teaching position such as the position left open by Mr. Johnson.
e)  Lost wages, compensatory damages for mental anguish, loss of benefits, inconvenience, attorney fees and costs.  Quantification of these damages will be set forth in supplemental answers.
f)  2018-19 contract, emails

## **VERIFICATION**

My name is Grinda Coleman and my date of birth is January 5, 1964, and my address is 334 Mizell Street, Duncanville, Texas  75116, in Dallas County, Texas in the United States of America.

I declare under penalty of perjury that the foregoing answers to interrogatories, except the legal responses are based upon my personal knowledge and are true and correct.

Executed in Dallas County, State of Texas, on the _____ day of January, 2021.



Grinda Coleman

EXHIBIT D

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

**PLAINTIFF GRINDA COLEMAN'S RESPONSES
TO DEFENDANT'S REQUEST FOR ADMISSIONS**

TO:

Respectfully submitted,

By: /s/ N. Sue Allen
    N. Sue Allen
    Texas Bar No. 00791992
    ALLEN LAW FIRM
    4701 Altamesa Blvd, Suite 2R
    Fort Worth, Texas 76133
    (817) 926-5005 (Telephone)
    (817) 926-5165 (Facsimile)
    sue@sueallenlaw.com

REQUEST FOR ADMISSION NO. 1:       Admit that you did not have a medical disability in August 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION                                                                              Page 1**

REQUEST FOR ADMISSION NO. 2:        Admit that you did not have a medical disability in September 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 3:        Admit that you did not have a medical disability in October 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 4:        Admit that you did not have a medical disability in November 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 5:        Admit that you did not have a medical disability in December 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 6:        Admit that you did not have a medical disability in January 2019.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 7:        Admit that you did not have a medical disability in February 2019.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague in use of the term "medical" disability.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 8:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to August 2018.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 9:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to September 2018.

RESPONSE:DENIED.DENIED

REQUEST FOR ADMISSION NO. 10:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to October 2018.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 11:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to November 2018.

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 12:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to December 2018.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 13:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to January 2019.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 14:        Admit that you had not been diagnosed with "brittle bone syndrome" as alleged in your Petition, prior to February 2019.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 15:        Admit  that CHISD did not terminate your employment.

RESPONSE:  ADMITTED

REQUEST FOR ADMISSION NO. 16:        Admit   that   you   suffered   no   adverse employment action while working at CHISD.

RESPONSE:  DENIED.

REQUEST FOR ADMISSION NO. 17:      Admit   that   you   resigned   from CHISD.

RESPONSE:ADMITTED.

REQUEST FOR ADMISSION NO. 18:      Admit   that   you   submitted   a resignation letter to CHISD on February 5, 2019.

RESPONSE: ADNITTE

REQUEST FOR ADMISSION NO. 19:      Admit that you have no evidence that CHISD discriminated against you.

RESPONSE: ADMITTED

REQUEST FOR ADMISSION NO. 20:      Admit   that   CHISD   did   not discriminate against you on the basis of disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 21:      Admit   that   CHISD   did   not discriminate against you on the basis of age.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 22:      Admit that you did not engage in a protected activity.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 23:      Admit   that   you   did   not   make   any report of discrimination to CHISD prior to October 2018.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 24:      Admit that CHISD did not retaliate against you.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 25:      Admit that you have no evidence that CHISD retaliated against you for engaging in a protected activity.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 26:      Admit that your grievance filed with CHISD October 2018 was the first time you engaged in a protected activity.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 27: Admit that you have no evidence of a causal connection between any alleged protected activity engaged in by you and any alleged adverse employment action against you by CHISD.

RESPONSE:DENIED

REQUEST FOR ADMISSION NO. 28:      Admit that you did not provide notice to CHISD before August 6, 2018 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 29:      Admit that you did not provide notice to CHISD before August 6, 2018 that you suffered from "brittle bone disease."

RESPONSE: DENIED.

REQUEST FOR ADMISSION NO. 30:      Admit that you did not provide notice to CHISD in August 2018 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 31:      Admit that you did not provide notice to CHISD in August 2018 that you suffered from "brittle bone disease."

RESPONSE:DENIED

REQUEST FOR ADMISSION NO. 32:      Admit that you did not provide notice to CHISD in September 2018 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 33:      Admit that you did not provide notice to CHISD in September 2018 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 34:      Admit that you did not provide notice to CHISD in October 2018 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 35:      Admit that you did not provide notice to CHISD in October 2018 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 36:      Admit that you did not provide notice to CHISD in November 2018 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 37:      Admit that you did not provide notice to CHISD in November 2018 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 38:      Admit that you did not provide notice to CHISD in December 2018 that you suffered from a specific medical disability .

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 39:      Admit that you did not provide notice to CHISD in December 2018 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 40:      Admit that you did not provide notice to CHISD in January 2019 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 41:      Admit that you did not provide notice to CHISD in January 2019 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 42:      Admit that you did not provide notice to CHISD in February 2019 that you suffered from a specific medical disability.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 43:      Admit that you did not provide notice to CHISD in February 2019 that you suffered from "brittle bone disease."

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 44:      Admit that you have no evidence that CHISD refused to make a reasonable accommodation for you between August 2018 and February 2019.

RESPONSE: DENIED

REQUEST FOR ADMISSION NO. 45: Admit that the only accommodation for your alleged disability that you sought from CHISD between August 2018 and February 2019 was extended leave.

RESPONSE: ADMITTED

REQUEST FOR ADMISSION NO. 46:      Admit that you were employed by CHISD at the beginning of the 2018-2019 school year.

RESPONSE: ADMITTED

REQUEST FOR ADMISSION NO. 47:      Admit that you were provided with CHISD's temporary disability leave ("TDL") policy prior to the 2018-2019 school year.

RESPONSE: UNABLE TO ADMIT OR DENY

REQUEST FOR ADMISSION NO. 48:      Admit that on August 7, 2018, the 2018-2019 school year had started.

RESPONSE: ADMITTED

REQUEST FOR ADMISSION NO. 49:      Admit that you did not show up for work on August 7, 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is argumentative.

RESPONSE:  Plaintiff admits that she was not released to return to work August 7, and did not return for this reason. The balance of the request is denied.

REQUEST FOR ADMISSION NO. 50:      Admit that you did not inform CHISD about your foot surgery until August 7, 2018.

RESPONSE:

REQUEST FOR ADMISSION NO. 51:      Admit that you did not request TDL from CHISD until August 7, 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is vague.

RESPONSE:  Plaintiff admits that she requested leave because she had not been released by her doctor to return to work and that defendant advised her that she did not have FMLA leave.

REQUEST FOR ADMISSION NO. 52:      Admit that, in August 2018, you had no Family Medical Leave Act ("FMLA") leave available for your use.

RESPONSE: Admit that defendant stated that Plaintiff had exhausted her leave. Plaintiff is unable to admit or deny the balance of the request.

REQUEST FOR ADMISSION NO. 53:      Admit that you had exhausted your FMLA leave before August 7, 2018.

RESPONSE: Admit that defendant stated that Plaintiff had exhausted her leave. Plaintiff is unable to admit or deny the balance of the request.

REQUEST FOR ADMISSION NO. 54:      Admit that you had exhausted your FMLA leave before August 17, 2018.

RESPONSE: Unable to admit or dney

REQUEST FOR ADMISSION NO. 55:      Admit that you had exhausted your FMLA leave before September 28, 2018.

RESPONSE: Admit that defendant stated that Plaintiff had exhausted her leave. Plaintiff is unable to admit or deny the balance of the request.

REQUEST FOR ADMISSION NO. 56:      Admit that you missed multiple weeks of work in the spring of 2018.

OBJECTION:  Plaintiff objects to this request on the grounds that it is argumentative.

RESPONSE: Plaintiff admits she took multiple weeks of protected FMLA leave in the Spring resulting from her disability.

REQUEST FOR ADMISSION NO. 57:        Admit that you failed to inform CHISD about your foot surgery prior to the beginning of the 2018-2019 school year.

OBJECTION: Plaintiff objects to this request on the grounds that it is vague and unclear.

REQUEST FOR ADMISSION NO. 58:        Admit that, on August 17, 2018, you informed CHISD that your doctor would not release you to work at that time.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 59: Admit that, on August 17, 2018, you informed CHISD that your doctor had pushed back your anticipated return to work date to September 30, 2018.

RESPONSE:Admitted.

REQUEST FOR ADMISSION NO. 60:        Admit that CHISD granted your request for TDL.

RESPONSE: Plaintiff admits that after initially denying the request, the defendant eventually complied with the statute and approved plaintiff's request for Temporary Disability Leave under the Education Code. The balance of the request is denied.

REQUEST FOR ADMISSION NO. 61:        Admit that CHISD granted your TDL request on August 29, 2018.

RESPONSE: Plaintiff admits that after initially denying the request, the defendant eventually complied with the statute and approved plaintiff's request for Temporary Disability Leave under the Education Code. The balance of the request is denied.

REQUEST FOR ADMISSION NO. 62:        Admit that your doctor did not release you to return to work until September 28, 2018.

RESPONSE: Admit.

REQUEST FOR ADMISSION NO. 63: Admit that CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you were not guaranteed to return to your same position.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.

REQUEST FOR ADMISSION NO. 64: Admit that CHISD's policies, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you were not guaranteed to return to your same position .

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.

REQUEST FOR ADMISSION NO. 65: Admit that CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you could be placed in a similar position for which you were certified if one was available at the time you returned to work.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.

REQUEST FOR ADMISSION NO. 66: Admit that CHISD's policies, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, you could be placed in a similar position for which you were certified if one was available at the time you returned to work.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.

REQUEST FOR ADMISSION NO. 67:   Admit that under CHISD's TDL policy, as set forth in the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, CHISD could place you in a different position within your certification by the start of the following school year.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.

:

REQUEST FOR ADMISSION NO. 68: Admit that under CHISD's policies,  as set forth in  the 2018-2019 Employee Handbook attached as Exhibit A at pages 30-31, CHISD could place you in a different position within your certification by the start of the following school year.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.


REQUEST FOR ADMISSION NO. 69:       Admit that during the 2018-2019 school year, the following school year is the 2019-2020 school year.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, the request is admitted.


REQUEST FOR ADMISSION NO. 70:       Admit that, on October 17, 2018, CHISD offered you a position as a long-term substitute teacher.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, it is admitted that a long term sub position was offered, but deny that it was a long term sub under regular policy in that full time teacher duties were required for sub pay.

:

REQUEST FOR ADMISSION NO. 71:       Admit that, on October 17, 2018, CHISD offered you a position as a long-term substitute teacher for an AudioNideo Technology class.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, it is admitted that a long term sub position was offered, but deny that it was a long term sub under regular policy in that full time teacher duties were required for sub pay.

REQUEST FOR ADMISSION NO. 72:       Admit that, on October 18, 2018, your attorney informed CHISD that you accepted the long-term substitute teacher position.

RESPONSE: UNABLE TO ADMIT OR DENY

REQUEST FOR ADMISSION NO. 73:      Admit that, on October 22, 2018, you rejected the long-term substitute teacher position.

OBJECTION:  Plaintiff object to this request on the grounds that it unclear.

RESPONSE:  Subject to this objection, it is admitted that plaintiff rejected the sub position which required full time teacher duties without additional pay.


REQUEST FOR ADMISSION NO. 74:      Admit that CHISD made significant efforts to place you in a position for which you were certified between August 2018 and February 2019.

OBJECTON:  Plaintiff objects to this request on the grounds that it is vague.

RESPONSE:  Denied.

REQUEST FOR ADMISSION NO. 75:      Admit that the only substantive subject you were certified to teach was business.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 76:      Admit that prior to February 2019, you had no experience working as a vice principal.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 77:      Admit that prior to February 2019, you were never employed as a vice principal.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 78:      Admit that CHISD complied with its TDL policy when it filled your position during your TDL period.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 79:      Admit that CHISD complied with its policies and procedures when it filled your position during your TDL period.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 80:      Admit that the lack of a consistent teacher in the classroom has a negative impact on students.

RESPONSE: Unable to admit or deny.

REQUEST FOR ADMISSION NO. 81:      Admit that the lack of a consistent teacher in the classroom has a negative impact on the effectiveness of a class.

RESPONSE:  Unable to admit or deny.

REQUEST FOR ADMISSION NO. 82:      Admit that using substitute teachers for weeks at a time has a negative impact on students.

RESPONSE:  Unable to admit or deny.

REQUEST FOR ADMISSION NO. 83:      Admit that using substitute teachers for weeks at a time has a negative impact on the effectiveness of a class.

RESPONSE: Unable to admit or deny.

REQUEST FOR ADMISSION NO. 84:      Admit that using substitute teachers for the first month of a school year has a negative impact on students.

RESPONSE: Unable to admit or deny.

REQUEST FOR ADMISSION NO. 85:      Admit that using substitute teachers for the first month of a school year has a negative impact on the effectiveness of a class.

RESPONSE: Unable to admit or deny.

REQUEST FOR ADMISSION NO. 86:      Admit that the use of long-term substitute teachers should be avoided if possible.

RESPONSE: Unable to admit or deny.

REQUEST FOR ADMISSION NO. 87: Admit that CHISD's inability to place you in a full- time position for which you were certified before your resignation was not a failure to provide a reasonable accommodation for your alleged disability.

**PLAINTIFF GRINDA COLEMAN'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION                                                                    Page 13**

RESPONSE:  Denied

REQUEST FOR ADMISSION NO. 88:      Admit that CHISD's filling of the full-time teaching position previously held by you was in the best interest of the students.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 89:      Admit that CHISD's filling of the full-time teaching position previously held by you was not discriminatory.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 90:      Admit that CHISD did not reprimand you during the 2018-2019 school year.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 91:      Admit that CHISD did not discipline you during the 2018-2019 school year.

RESPONSE:Admit

REQUEST FOR ADMISSION NO. 92:      Admit that if you had not resigned, CHISD would have placed you in a full-time teaching position by the beginning of the 2019-2020 school year.

RESPONSE: Unable to admit or deny

REQUEST FOR ADMISSION NO. 93:      Admit that you failed to mitigate your damages alleged in your Petition.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 94:      Admit that you have not sought employment since resigning from CHISD.

RESPONSE: Denied.

REQUEST FOR ADMISSION NO. 95:      Admit that your failure to accept the position CHISD offered you contributed to your damages alleged in your Petition.

RESPONSE: Denied

EXHIBIT E

**Hammett, Mary Ellen**

| | |
|---|---|
| **From:** | sue@sueallenlaw.com |
| **Sent:** | Thursday, January 21, 2021 11:48 PM |
| **To:** | Anderson, Katie; Griffin, Elizabeth; Anderson, Price |
| **Cc:** | staff@sueallenlaw.com |
| **Subject:** | Responses to Discovery |
| **Attachments:** | Response to Request for Admissions.pdf; Response to Interrgatories.pdf; Response to disclosures.pdf |

**[External Message]**

Dear Counsel:

Please find attached responses to admissions, disclosures and interrogatories.  Responses to document requests and documents are being mailed.

Very truly yours,

Sue Allen

EXHIBIT F

**Hammett, Mary Ellen**

| | |
|---|---|
| **From:** | sue@sueallenlaw.com |
| **Sent:** | Friday, January 29, 2021 10:36 AM |
| **To:** | Anderson, Price; Griffin, Elizabeth; Anderson, Katie |
| **Cc:** | staff@sueallenlaw.com |
| **Subject:** | RE: Responses to Discovery: Grinda Coleman |
| **Attachments:** | Plaintiff's Response Defendant's Request for Disclosures.pdf |

**[External Message]**

Dear Counsel:
Here are Plaintiff's disclosures; my apologies for the error in saving these as admissions.

The documents were mailed and you may have them already.  I left town last week so have not been to the office this week in order to obtain the tracking number so I can see when or if these were delivered and who signed for them.

Please note that I do not interpret the TRCP as allowing the listing of counsel's name and address of witnesses.  However, as this is the way that your firm has done this, I followed suit.  However, I believe this is not correct and that we need to confer to see if we can come to agreement on this to avoid a Motion to Compel.  Let me know when we can have a telephone conference next week to see if we can reach the same understanding of our obligations under the TRCP regarding providing names and addresses for witnesses with knowledge.

Sincerely, Sue Allen

**From:** Anderson, Price <PAnderson@ClarkHill.com>
**Sent:** Thursday, January 28, 2021 10:09 AM
**To:** Griffin, Elizabeth <EGriffin@clarkhill.com>; sue@sueallenlaw.com; Anderson, Katie <KAnderson@clarkhill.com>
**Cc:** staff@sueallenlaw.com
**Subject:** RE: Responses to Discovery: Grinda Coleman

Ms. Allen,

Please advise on your service of Plaintiff's disclosures on this matter. We have yet to receive them.

Also, you stated that responses to document requests and responsive documents are being mailed. We have not yet received them. Could you please confirm that such documents have, in fact, been mailed?

Best,
Price

CLARK HILL | Strasburger
Price Anderson • Associate
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.2093 • Cell 817.851.8337
panderson@clarkhill.com • www.clarkhill.com

**From:** Griffin, Elizabeth <EGriffin@clarkhill.com>
**Sent:** Friday, January 22, 2021 9:54 AM
**To:** sue@sueallenlaw.com; Anderson, Katie <KAnderson@clarkhill.com>; Anderson, Price <PAnderson@ClarkHill.com>
**Cc:** staff@sueallenlaw.com
**Subject:** RE: Responses to Discovery

Ms. Allen,

When I opened the document titled "Response to disclosures" it is a duplicate copy of the responses to the requests for admission. Please send Plaintiff's disclosures.

Thanks,
Liz

**Elizabeth F. Griffin • Clark Hill Strasburger**
901 Main Street • Suite 6000 • Dallas, TX 75202
214.651.2037 • Fax 214.659.4170 • www.clarkhill.com
egriffin@clarkhill.com


**From:** sue@sueallenlaw.com <sue@sueallenlaw.com>
**Sent:** Thursday, January 21, 2021 11:48 PM
**To:** Anderson, Katie <KAnderson@clarkhill.com>; Griffin, Elizabeth <EGriffin@clarkhill.com>; Anderson, Price <PAnderson@ClarkHill.com>
**Cc:** staff@sueallenlaw.com
**Subject:** Responses to Discovery

**[External Message]**

Dear Counsel:

Please find attached responses to admissions, disclosures and interrogatories.  Responses to document requests and documents are being mailed.

Very truly yours,

Sue Allen

EXHIBIT G

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Grinda Coleman answers and objects Defendant's First Request for Production of Documents:

Respectfully submitted,

By:     /s/ N. Sue Allen
N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served February 2, 2021, pursuant to the Texas Rules of Civil Procedure.

/s/ N. Sue Allen
N. Sue Allen

**Page 1**

## REQUESTS FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION NO. 1:**    All employee handbooks, board Policies, and board procedures, Plaintiff received during her employment with  CHISD.

**RESPONSE:**  Responsive documents attached stamped Bates #1-80.


**REQUEST FOR PRODUCTION NO. 2:**    All code(s) of ethics Plaintiff received during her employment with CHISD.

**RESPONSE:**  Responsive documents attached stamped Bates #37-39.


**REQUEST FOR PRODUCTION NO. 3:**  All executed contract(s) between Plaintiff and CHISD regarding Plaintiffs employment, including the terms and conditions of any such contract(s).

**RESPONSE**:  Responsive documents attached stamped Bates #155-160.


**REQUEST FOR PRODUCTION NO. 4:**  All drafts of contract(s) between Plaintiff and CHISD regarding Plaintiffs employment, including the terms and conditions of any such contract(s).

**RESPONSE**: Responsive documents attached stamped Bates #155-160.


**REQUEST FOR PRODUCTION NO. 5:**  All documents relating to Plaintiffs job title, job description, and job duties at CHISD, including the terms and conditions of Plaintiffs employment.

**OBJECTION**:  Plaintiff objects to the disfavored 'catch-all' phrase "relating to" as overbroad, ambiguous, and not a reasonably specific request.  See, e.g., *Western Resources, Inc. v. Union Pacific R.R. Co*., Civil Action No. 00-2043-CM, 2002 WL 1822435, *1 (D. Kan. July 23, 2002). (Use of broad terms such as "relate to" or "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may or may not be responsive. . . . Despite the overly broad nature of [the request] on its face due to the "relate to" language, [responding party] has a duty under the federal rules to respond to the extent that discovery requests are not objectionable.  The Court will

**Page 2**

not compel further response, however, when inadequate guidance exists to determine the proper scope of a request for discovery."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999) (concluding that a document request using the phrase "relating to" rendered the document request so non-specific and overly broad that no response was required "when inadequate guidance exists to determine the proper scope of a request for discovery"); *Doricent v. American Airlines, Inc.*, Civil Action No. 91-12084Y, 1993 WL 437670, *10 n.5 (D. Mass. Oct. 19, 1993) ("The phrase 'relating to' is, of course, the darling of young litigators—those lawyers who abuse the discovery and trial process by substituting harassment for thought.  So vague and imprecise is the usage, however, that it has frequently been held improper when found in document requests since it does not apprise the recipient of the scope of the documents sought to be produced."); Commonwealth of *Mass. v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion.  Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request."); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 60 (D.N.J. 1985) ("A literal reading of [the discovery request] would require the defendant to provide a copy of every document in its possession, since all of these documents could conceivably 'refer or relate' to plaintiff's employment.  Such a request is too broad and ambiguous . . . .").

**RESPONSE**:  There are no documents withheld based on this objection.  Responsive documents attached stamped Bates # 1-209.

**REQUEST FOR PRODUCTION NO. 6:**   All documents relating to any disciplinary action by CHISD against you.

**OBJECTION**:  Plaintiff objects to the disfavored 'catch-all' phrase "relating to" as overbroad, ambiguous, and not a reasonably specific request.  See, e.g., *Western Resources, Inc. v. Union Pacific R.R. Co.*, Civil Action No. 00-2043-CM, 2002 WL 1822435, *1 (D. Kan. July 23, 2002). (Use of broad

terms such as "relate to" or "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may or may not be responsive. . . . Despite the overly broad nature of [the request] on its face due to the "relate to" language, [responding party] has a duty under the federal rules to respond to the extent that discovery requests are not objectionable.  The Court will not compel further response, however, when inadequate guidance exists to determine the proper scope of a request for discovery."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999) (concluding that a document request using the phrase "relating to" rendered the document request so non-specific and overly broad that no response was required "when inadequate guidance exists to determine the proper scope of a request for discovery"); *Doricent v. American Airlines, Inc.*, Civil Action No. 91-12084Y, 1993 WL 437670, *10 n.5 (D. Mass. Oct. 19, 1993) ("The phrase 'relating to' is, of course, the darling of young litigators—those lawyers who abuse the discovery and trial process by substituting harassment for thought.  So vague and imprecise is the usage, however, that it has frequently been held improper when found in document requests since it does not apprise the recipient of the scope of the documents sought to be produced."); Commonwealth of *Mass. v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion.  Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request."); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 60 (D.N.J. 1985) ("A literal reading of [the discovery request] would require the defendant to provide a copy of every document in its possession, since all of these documents could conceivably 'refer or relate' to plaintiff's employment.  Such a request is too broad and ambiguous . . . .").

**RESPONSE:**    There are no documents withheld based on this objection.  There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications relating to any complaints or reports of disability discrimination Plaintiff made to CHISD (including to CHISD's Human Resources Department) during her employment with CHISD.

**OBJECTION:**   Plaintiff objects to the disfavored 'catch-all' phrase "relating to" as overbroad, ambiguous, and not a reasonably specific request.  See, e.g., *Western Resources, Inc. v. Union Pacific R.R. Co.*, Civil Action No. 00-2043-CM, 2002 WL 1822435, *1 (D. Kan. July 23, 2002). (Use of broad terms such as "relate to" or "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may or may not be responsive. . . . Despite the overly broad nature of [the request] on its face due to the "relate to" language, [responding party] has a duty under the federal rules to respond to the extent that discovery requests are not objectionable.  The Court will not compel further response, however, when inadequate guidance exists to determine the proper scope of a request for discovery."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999) (concluding that a document request using the phrase "relating to" rendered the document request so non-specific and overly broad that no response was required "when inadequate guidance exists to determine the proper scope of a request for discovery"); *Doricent v. American Airlines, Inc.*, Civil Action No. 91-12084Y, 1993 WL 437670, *10 n.5 (D. Mass. Oct. 19, 1993) ("The phrase 'relating to' is, of course, the darling of young litigators—those lawyers who abuse the discovery and trial process by substituting harassment for thought.  So vague and imprecise is the usage, however, that it has frequently been held improper when found in document requests since it does not apprise the recipient of the scope of the documents sought to be produced."); Commonwealth of *Mass. v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion.  Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request."); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 60 (D.N.J. 1985) ("A literal reading of [the discovery request] would require the

**Page 5**

defendant to provide a copy of every document in its possession, since all of these documents could conceivably 'refer or relate' to plaintiff's employment.  Such a request is too broad and ambiguous . . . .").

**RESPONSE**:  There are no documents withheld based on this objection.  Responsive documents are attached stamped Bates #150-153; 161; 165-168; 183; 186-190; 199-209.

**REQUEST FOR PRODUCTION NO. 8**:  All statements, notes, letters, e-mails, memos, or other documents relating to any complaints or reports of age discrimination Plaintiff made to CHISD (including to CHISD's Human Resources Department) during your employment with CHISD.

**OBJECTION**:   Plaintiff objects to the disfavored 'catch-all' phrase "relating to" as overbroad, ambiguous, and not a reasonably specific request.  See, e.g., *Western Resources, Inc. v. Union Pacific R.R. Co.*, Civil Action No. 00-2043-CM, 2002 WL 1822435, *1 (D. Kan. July 23, 2002). (Use of broad terms such as "relate to" or "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may or may not be responsive. . . . Despite the overly broad nature of [the request] on its face due to the "relate to" language, [responding party] has a duty under the federal rules to respond to the extent that discovery requests are not objectionable.  The Court will not compel further response, however, when inadequate guidance exists to determine the proper scope of a request for discovery."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999) (concluding that a document request using the phrase "relating to" rendered the document request so non-specific and overly broad that no response was required "when inadequate guidance exists to determine the proper scope of a request for discovery"); *Doricent v. American Airlines, Inc.*, Civil Action No. 91-12084Y, 1993 WL 437670, *10 n.5 (D. Mass. Oct. 19, 1993) ("The phrase 'relating to' is, of course, the darling of young litigators—those lawyers who abuse the discovery and trial process by substituting harassment for thought.  So vague and imprecise is the usage, however, that it has frequently been held improper when found in document requests since it does not apprise the recipient of the scope of the documents sought to be produced."); Commonwealth of *Mass. v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989)

("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to all others in some remote fashion.  Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request."); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 60 (D.N.J. 1985) ("A literal reading of [the discovery request] would require the defendant to provide a copy of every document in its possession, since all of these documents could conceivably 'refer or relate' to plaintiff's employment.  Such a request is too broad and ambiguous . . . .").

**RESPONSE**:  There are no documents withheld based on this objection.  Responsive documents are attached stamped Bates #150-153; 161; 165-168; 183; 186-190; 199-209.

**REQUEST FOR PRODUCTION NO. 9:** All documents that support the contention in your Petition that CHISD discriminated against you on the basis of disability.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable

certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc. 196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding). Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection. Plaintiff identifies and has attached Bates-stamped # 1-209.

**REQUEST FOR PRODUCTION NO. 10:** All documents that support the contention in your Petition that CHISD "constructively terminat[ed] [your] employment, directly on account of [your] disability." *See* Amended Petition, ¶ 25.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable

certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc. 196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding).   Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection.   Plaintiff identifies and has attached Bates-stamped # 1-209.

**REQUEST FOR PRODUCTION NO. 11:** All documents that support the contention in your Petition that CHISD unlawfully "retaliated against [you] for opposing discrimination." *See* Amended Petition, ¶ 13.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable

certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc. 196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding).  Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection.  Plaintiff identifies and has attached Bates-stamped # 1-209.

**REQUEST FOR PRODUCTION NO. 12:**   All documents that support your contention, if any, that CHISD discriminated against you on the basis of age.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc.

196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding).   Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection.  Plaintiff identifies and has attached Bates-stamped # 1-241

**REQUEST FOR PRODUCTION NO. 13:**   All documents that support the contention that you "opposed age discrimination by Defendant." *See* Amended Petition, ¶ 7.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc. 196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d

145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding).   Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection.   Plaintiff identifies and has attached Bates-stamped # 1-241

**REQUEST FOR PRODUCTION NO. 14:**   All documents that support the contention in your Petition that CHISD failed "to engage in the interactive process to find a reasonable accommodation." *See* Amended Petition, ¶ 25.

**OBJECTION:** Plaintiff objects to this request because it is vague, ambiguous, and fails to identify the documents sought with sufficient particularity. See *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). A Request for Production must be drafted specifically and identify a particular class or type of document or information. See also *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Dillard Department Stores, Inc., et al v. Hall*, 909 S.W.2d 491 (Tex. 1995); *Texas Tech University Health Sciences Center v. Schild*, 828 S.W.2d 502 (Tex. App. - El Paso, 1992, n.w.h.); *Davis v. Pate,* 915 S.W.2d 76, 79 (Tex. App. - Corpus Christi, 1996, orig. proceeding); *Tri-State Wholesale Assoc. Grocers, Inc. v. Barrera*, 917 S.W.2d 391, 399 (Tex.App. - El Paso, 1996, writ dism'd by agr.). Cf. In re CSX Corp, 124 S.W.3d 149 (Tex. 2003) (orig. proceeding) (per curiam); *K-Mart v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996); Plaintiff further objects to this Request to the extent that it is overly broad and/or not sufficiently particular in its description to enable the plaintiff to determine with reasonable certainty what he is being called upon to produce in terms of information. Tex. R. Civ. Proc. 196. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813 (Tex. 1995); *Loftin v. Martin,* 776 S.W.2d

145, 148 (Tex. 1989); *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 454 (Tex. App. -San Antonio 1991, orig. proceeding).   Moreover, it is not reasonably limited in time, nature or scope. Furthermore, this request attempts to invade Plaintiff's counsel's work product in that it seeks to obtain information through counsel's mental impressions, conclusions, opinions or legal theories.

**RESPONSE**: No documents have been withheld pursuant to this objection.   Plaintiff identifies and has attached Bates-stamped # 1-241

**REQUEST FOR PRODUCTION NO. 15:**   All communications from CHISD that reflect any failure of CHISD to allow any reasonable accommodation for your alleged disability.

**RESPONSE:**  Responsive documents are attached stamped Bates # 135-139; 151-153; 175-170; 179-180; 186-189

**REQUEST FOR PRODUCTION NO. 16:**   All  teaching  certificates  or other documents reflecting teaching certifications held by you between August 2018 and February 2019.

**RESPONSE:**  Responsive documents are attached stamped Bates # 81.

**REQUEST FOR PRODUCTION NO. 17:**   All documents reflecting any disability suffered by you at the time relevant to this lawsuit.

**RESPONSE:** Responsive documents are attached stamped Bates # 151-154; 180-81; 190-196; 198; 207-209; 224

**REQUEST FOR PRODUCTION NO. 18:** All documents or correspondence from you to CHISD providing notice to CHISD of any disability suffered by you at the time relevant to this lawsuit.

**RESPONSE:** Responsive documents are attached stamped Bates # 153-54; 163-167; 180-81; 190-196; 198; 207-209

**Page 13**

**REQUEST FOR PRODUCTION NO. 19:** All documents or correspondence from you requesting temporary disability leave from CHISD or relating to such requests for temporary disability leave.

**RESPONSE:** Responsive documents are attached stamped Bates #163-167; 184-185; 189; 208

**REQUEST FOR PRODUCTION NO. 20:** All documents or correspondence from you to CHISD that seek an accommodation for any disability suffered by you.

**RESPONSE:** Responsive documents are attached stamped Bates # 190; 210

**REQUEST FOR PRODUCTION NO. 21:** All documents or correspondence that relate to your alleged inability to access CHISD's job application system.

**RESPONSE:** Responsive documents are attached stamped Bates # 82-90; 92-108

**REQUEST FOR PRODUCTION NO. 22:** All documents or correspondence documenting any requests by you to CHISD to be placed into a teaching position at CHISD between August 2018 and February 2019.

**RESPONSE:** Responsive documents are attached stamped Bates # 129-139

**REQUEST FOR PRODUCTION NO. 23:** All documents or correspondence relating to job positions offered to you by CHISD between August 2018 and February 2019.

**RESPONSE:** Responsive documents are attached stamped Bates # 129-139

**REQUEST FOR PRODUCTION NO. 24:** All documents or correspondence made by you to CHISD opposing any alleged discriminatory practice undertaken by CHISD.

**RESPONSE:** Responsive documents are attached stamped Bates # 190

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications between you and CHISD reflecting that you were being disciplined, reprimanded, suspended, demoted, or terminated by CHISD.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**   All documents or correspondence regarding your intention to resign from CHISD.

**RESPONSE:** Responsive documents are attached stamped Bates # 241.

**REQUEST FOR PRODUCTION NO. 27:**   All documents or correspondence regarding your resignation from CHISD.

**RESPONSE**:  Responsive documents are attached stamped Bates # 241.

**REQUEST FOR PRODUCTION NO. 28:**  All copies of any grievances or administrative complaints, including CHISD grievance documents or charges filed with the U.S. Equal Employment Opportunity Commission (EEOC) or Texas Workforce Commission (TWC) related to your employment with CHISD.

**RESPONSE:** Responsive documents are attached stamped Bates #200-206

**REQUEST FOR PRODUCTION NO. 29:**  All invoices, bills, or reports indicating medical expenses incurred by you from any health care provider related to damages alleged by you against CHISD in this Lawsuit.

**RESPONSE**: Plaintiff is making a diligent search for documents responsive to this request.  This response will be supplemented when these documents are located.

**REQUEST FOR PRODUCTION NO. 30:**  All mental health records, notes, treatment records, bills, invoices or other documents containing information about or regarding your medical conditions, or any medical treatment for which you seek recovery against CHISD in this Lawsuit.

**OBJECTION:**  Plaintiff objects to this request on the grounds that the releases seek information which are private and protected by the medical/ psychiatric/ psychological privilege.

**REQUEST FOR PRODUCTION NO. 31:**   All documents relating to income or compensation you received from CHISD, including but not limited to your salary, bonuses, and benefits from

**Page 15**

August 2016 to the present.

**OBJECTION:**   Plaintiff objects to the request on the grounds that it seeks production of documents which are not relevant to the issues to be decided in this lawsuit.  In addition, Plaintiff objects to this request on the grounds that as a ten-year employee of defendant, the information is more easily obtained by defendant by review of her personnel files which defendant is charged by law sot maintain.  Finally, Plaintiff objects to providing any information regarding her earnings after February 6, 2019, at which time she was forced to resign her employment in order to take a paying job which she needed to pay for food, shelter, transportation and medical care.

.

**REQUEST FOR PRODUCTION NO. 32:** All notes, letters, e-mails, recordings, memoranda, correspondence or other documents relating to any claim for unemployment insurance benefits you made or filed from August 2018 to the present, including all documents sent to or received from the Texas Workforce Commission.

 **RESPONSE:**  Plaintiff has submitted a request to the Texas Workforce Commission for these documents and will supplement this response to produce them when the documents are obtained.  .

**REQUEST FOR PRODUCTION NO. 33:**   All documents relating to your efforts to secure employment since August 2018 to the present.

**RESPONSE:** Responsive documents are attached stamped Bates # 81-109; 112-118; 129-139

**REQUEST  FOR  PRODUCTION  NO.  34:**  All  documents  relating  to  your  current employment records, including but not limited to the identity of your current employer, current salary, and benefits.

**OBJECTION**:  The employment records are not relevant to any issue in this case nor calculated to lead to the discovery of admissible evidence, which is a requirement for proper discovery. Tex.R.Civ.P. 166b(2)(a).  Plaintiff alleges in this lawsuit that defendant failed to accommodate her disability, discriminated against her based on age and retaliated against her.  Defendant requests for

all of the plaintiff's employment records are clearing irrelevant and have no legitimate purpose. The broad nature of the defendant's requests shows its motivation. The Defendant is clearly trying to dig up irrelevant dirt -- and that is not proper for any party. See *Martin v. Khoury,* 843 S.W.2d 163 (Tex. App. -- Texarkana 1992, orig. proceeding). In *Martin,* the Court stated, "[T]he initial question that must be answered before any discovery may take place is whether the item for which discovery is sought is relevant to the subject matter of the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence." 843 S.W.2d at 166. The Court further noted that "[w]ithout that initial showing of relevance, discovery is improper." *Id.*

It is not proper for any party in a case to use discovery as an opportunity to conduct a fishing expedition. This is a point made by the Texas Supreme Court repeatedly. *See, e.g., General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex. 1993). In that case, which involved the defective design of a particular truck, the plaintiff requested information about the particular defect in every single vehicle manufactured by General Motors. The Supreme Court called this an improper fishing expedition. The discovery requests in this case are quite similar.

In addition, the Defendant's request for documents serve to embarrass the plaintiff and to give her current employer notice of a lawsuit against a past employer.

**REQUEST FOR PRODUCTION NO. 35:** All documents relating to every source of income including, but not limited to, wages, investments, unemployment benefits, any other compensation from August 2018 to the present.

**OBJECTION:** Plaintiff objects to the request on the grounds that it seeks production of documents which are not relevant to the issues to be decided in this lawsuit. In addition, Plaintiff objects to this request on the grounds that as a ten-year employee of defendant, the information is more easily obtained by defendant by review of her personnel files which defendant is charged by

law sot maintain.  Finally, Plaintiff objects to providing any information regarding her earnings after February 6, 2019, at which time she was forced to resign her employment in order to take a paying job which she needed to pay for food, shelter, transportation and medical care.

**REQUEST FOR PRODUCTION NO. 36:**   All documents that describe, state, calculate, mention or support the nature and amount of economic damages, as claimed in your Petition.

**RESPONSE:**  Responsive documents are attached stamped Bates #1-241

**REQUEST FOR PRODUCTION NO. 37:** All documents that describe, state, calculate, mention or support the nature and amount of "pain and suffering" damages, as claimed in your Petition.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:** All documents that describe, state, calculate, mention or support the nature and amount of "mental anguish" damages, as claimed in your Petition.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**   All documents that describe, state, calculate, mention or support the nature and amount of attorney's fees claimed in your Petition.

**RESPONSE:**  Responsive documents are attached stamped Bates # 215-**222**

**REQUEST FOR PRODUCTION NO. 40:** The resume and/or curriculum vitae which identify the name, address, or telephone number of any person whom you do not intend to call as an expert witness at trial, but whose work product has been reviewed by any person whom you may call as an expert witness at trial.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:** All correspondence, reports, letters, opm10ns, publications, or other documents sent to any expert retained by you, or upon which he or she

otherwise intends to rely to form the basis of his or her conclusions or opinions.

**RESPONSE:**  At present, there are no documents responsive to this request.  This request will be supplemented.

**REQUEST FOR PRODUCTION NO. 42:**  All notes, letters, e-mails, memoranda, communications, correspondence or other documents identified in your responses to Defendant CHISD's First Set of Interrogatories. The documents should be reasonably marked and separated so as to indicate the interrogatory response in which each document was identified.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**    All social media posts, in their native format, by you about CHISD, or related to your employment with CHISD or the claims in this Lawsuit.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**    All documents, information, or property copied, removed, or taken by you from CHISD that relate to your claims in this Lawsuit.

**RESPONSE:**  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:** All documents and communications between you and any non-party, except for your counsel in this Lawsuit, regarding CHISD, your alleged disability, this Lawsuit, your claims in this Lawsuit, or any damages you are seeking in this Lawsuit.

**RESPONSE:**  There are no documents responsive to this request.

EXHIBIT H

# CLARK HILL

Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, TX 75202
T 214.651.4300
F +12146594020

**clarkhill.com**

Katie Anderson
T (214) 651-4685
F +12146594020
Email:KAnderson@clarkhill.com

February 12, 2021

<u>*Via Email:*</u>
N. Sue Allen
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

**Re:   Cause No. DC-20-05649, *Coleman v. Cedar Hill Independent School District*, pending in the 101st Judicial District Court of Dallas County, Texas**

Dear Ms. Allen:

We have reviewed Plaintiff Grinda Coleman's ("Plaintiff") responses to Defendant Cedar Hill Independent School District's ("Defendant") written discovery served on Plaintiff on December 22, 2020. Plaintiff's responses are deficient in a number of ways and must be remedied.

The purpose of this letter is to make a good faith effort to resolve this matter without court intervention. The following are items at issue, along with an explanation of why we believe the objections and responses are improper or deficient:

**Plaintiff's Responses to Defendant's Requests for Disclosure**

We have received Plaintiff's untimely disclosures by email on January 29, 2021. Relating to subsection (e), you have indicated by email that you will not provide telephone numbers and addresses for certain persons with knowledge of relevant facts because Defendant has failed to provide such details for its employees Violet Dean, Kathy Shaw, and Jason Miller. These three individuals are current employees that occupy managerial positions for Defendant and are therefore shielded from contact by opposing counsel without the consent of Defendant's counsel. Please see Tex. R. Prof. Conduct 4.02.

By contrast, none of the individuals (besides Plaintiff) for which Plaintiff has marked "c/o N. Sue Allen" are represented by you or are the employees of Plaintiff. Accordingly, the contact information provided for these persons with knowledge of relevant facts is deficient and must be amended. Please amend these disclosures as to provide the full contact information as required by

February 12, 2021
Page 2

Tex. R. Civ. P. 194.2(e) for the following persons: Glo Calhoun, Bettye Cooper, Latosha Lampkin, Stephanie Riley, Terry Coleman, Ag Murray, and Sharon Robinson.

**Plaintiff's Responses to Defendant's First Requests for Admission**

We received Plaintiff's responses to Defendant's first set of Requests for Admission. As you know, the party responding to Requests for Admission must, under Tex. R. Civ. P. 198.2, the responding party must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request.

After reviewing the responses, we request that Plaintiff remedy the following deficiencies:

**Request No. 47**: Plaintiff merely states that she is "UNABLE TO ADMIT OR DENY" this request. Please revise Plaintiff's response to admit the statement, to deny the statement, or to explain in detail why she is unable to admit or deny as is required by Rule 198.2.

**Request No. 50**: Plaintiff fails to respond to this request for admission. Please revise to admit the request as Plaintiff's failure to provide a timely response results in a deemed admission of the request.

**Request No. 51**: Plaintiff objects to this request on the grounds that it is "unclear," further stating that "Plaintiff admits that she requested leave because she had not been released by her doctor to return to work and that defendant advised her that she did not have FMLA leave." This qualified admission is not made in good faith, particularly where the request in no way mentions Plaintiff's doctor, Plaintiff's FMLA leave, or Plaintiff's release to or from work. *See* Tex. R. Civ. P. 198.2(b). Please amend this response without qualification.

**Request Nos. 52-53, 55:** Plaintiff merely states "Admit that defendant stated that Plaintiff had exhausted her leave. Plaintiff is unable to admit or deny the balance of the request." Please revise Plaintiff's responses to admit the statement present in the Request, to deny the statement, or to explain in detail why she is unable to admit or deny as is required by Rule 198.2.

**Request No. 54:** Plaintiff merely states that she is "Unable to admit or dney [sic]" this request. Please revise Plaintiff's response to admit the statement, to deny the statement, or to explain in detail why she is unable to admit or deny as is required by Rule 198.2.

**Request No. 57**: Plaintiff objects to this request on the grounds that it "is vague and unclear." However, the request unambiguously asks that Plaintiff admit or deny whether she informed Defendant about her foot surgery prior to the start of the school year. Please withdraw this improper objection and revise this response.

**Request Nos. 60-61**: Plaintiff responds that "Plaintiff admits that after initially denying the request, the defendant eventually complied with the statute and approved plaintiff's request for Temporary Disability Leave under the Education Code. The balance of the request is denied." This qualified admission is not made in good faith, particularly where the response concedes that

February 12, 2021
Page 3

Defendant did, in fact, approve Plaintiff's request for leave. *See* Tex. R. Civ. P. 198.2(b). Please amend this response without qualification.

**Request Nos. 70-71:** Plaintiff responds that "Subject to this objection, it is admitted that a long-term sub position was offered but deny that it was a long term sub under regular policy in that full time teacher duties were required for sub pay." This qualified admission is not made in good faith, where the response concedes that Defendant did, in fact, offer Plaintiff a long-term substitute teaching position. *See* Tex. R. Civ. P. 198.2(b). Please amend this response without qualification.

**Request No. 72**: Plaintiff merely states that she is "UNABLE TO ADMIT OR DENY" this request. Please revise Plaintiff's response to admit the statement, to deny the statement, or to explain in detail why she is unable to admit or deny as is required by Rule 198.2.

**Request No. 73**: Plaintiff states, "Subject to this objection, it is admitted that plaintiff rejected the sub position which required full time teacher duties without additional pay." This qualified admission is not made in good faith, where the response concedes that Plaintiff did, in fact, reject the substitute teaching position offered to her by Defendant. *See* Tex. R. Civ. P. 198.2(b). Please amend this response without qualification.

**Plaintiff's Answers to Defendant's First Set of Interrogatories**

Plaintiff is required to provide a complete answer to interrogatories, based on all information reasonably available to Plaintiff at the time of the response, to each interrogatory. *See* TEX. R. CIV. P. 193.1. The interrogatories seek identification of existing documents and merely ask Plaintiff to state the factual basis for her allegations in her pleadings and other matters that are relevant to the claims and defenses in this case.

After reviewing the answers to the Interrogatories, we request that Plaintiff remedy the following deficiencies:

**Interrogatory No. 5**: The Interrogatory requests that Plaintiff state the dates she applied for any positions, interviews received, the persons with whom she interviewed, and any offers of employment received. Plaintiff's response merely states "Cedar Hill ISD, Dallas ISD, Uber, Federal Express." This listing of entities does not provide the requisite details and does not inform Defendant whether any actual employment obtained at these entities. Please amend to provide a complete response.

**Interrogatory No. 6**: The Interrogatory requests that Plaintiff list income, including payments received, dates received, amounts received, and the source, since August 2018. Plaintiff objects on the grounds that she only earned income from August 2018 to February 2019 is relevant to the lawsuit. This objection has no basis, as nothing in Plaintiff's pleadings limits her damages to the period of August 2018-February 2019. Please remove this objection and provide a complete response, including the amounts received, dates received, and source of income from August 2018 to present.

February 12, 2021
Page 4

**Interrogatory No. 7**: The Interrogatory is not limited to the name of Plaintiff's health care providers for emotional pain, suffering, or mental anguish. It also covers the provider's telephone number, address, and the dates that Plaintiff received treatment. Merely listing the name of Plaintiff's provider is insufficient. Please amend to provide a complete response.

**Interrogatory No. 8**: The interrogatory is not limited to the name of Plaintiff's health care providers for physical injuries or disabilities. It also covers the provider's telephone number, address, and the dates that Plaintiff received treatment. Merely listing the names of Plaintiff's providers is insufficient. Please amend to provide a complete response.

### Plaintiff's Answers to Defendant's First Set of Requests for Production

Defendant served its First Requests for Production on Plaintiff on December 22, 2020. Plaintiff's responses were due on January 21, 2021. Plaintiff served responses electronically on February 6, 2021 through DropBox, along with 241 pages of document production. Due to the late service of Plaintiff's responses, Plaintiff has waived any objections to the Requests for Production. Thus, the objections must be removed, and any responsive documents that were withheld on any basis other than an assertion of privilege must be produced. In the event Plaintiff is able to produce proof of delivery that complied with the original deadline, we will be open to re-evaluating this point.

After reviewing Plaintiff's objections and responses, Defendant requests that Plaintiff remedy the following deficiencies:

**Request No. 30**: Plaintiff states that any medical records for which she seeks recovery in the lawsuit are private and privileged. However, Plaintiff seeks pain and suffering and mental anguish damages. Aside from untimeliness, this objection is also substantively improper.

Plaintiff's medical records are distinctly at issue in this litigation because (1) Plaintiff alleges *disability* discrimination (making Plaintiff's establishment of her disability critical to this case) and (2) Plaintiff specifically alleges compensatory damages, including pain and anguish, that relate to her medical condition. Please remedy this response and supplement your production as needed.

**Request No. 34**: Plaintiff objects to producing any information about her current employment on the grounds that the request is irrelevant and a fishing expedition. Considering the expansive damages sought by Plaintiff, including "benefits illegally withheld from the date of plaintiff's termination until the date the plaintiff is tendered substantially equivalent employment," these objections are meritless. Please remove these objections, and please supplement your production with responsive documents so that damages may be properly quantified in this case.

**Request No. 35**: Plaintiff further objects to producing any documents concerning her income from August 2018 to the present. Again, due to Plaintiff's expansive demand for damages that include "to compensate, reimburse, and make-whole the plaintiff for all the benefits plaintiff would have received had it not been for Defendant's illegal actions," such income is relevant and discoverable. Plaintiff's objections have no substantive basis. Please remove these objections,

February 12, 2021
Page 5

and supplement your production with responsive documents so that damages may be properly quantified in this case.

**Privilege Log**

Plaintiff has produced a brief privilege log, noting that responsive attorney-client communications, billing records, and some medical records are withheld on the basis of privilege. However, if medical records are responsive to CHISD's discovery requests, such medical records are discoverable.

As noted, Plaintiff's medicals records are distinctly at issue in this case, as Plaintiff (1) seeks damages for discrimination on the basis of her alleged disability and (2) seeks compensatory damages for medically-related issues such as pain and suffering and mental anguish. Pursuant to Tex. R. Civ. P. 509(e)(4), medical records are discoverable and non-privileged where a party "relies on the patient's physical, mental, or emotional condition" as a part of the claim or defense. Accordingly, responsive medical records relating to Plaintiff's claims and alleged damages are not protected. Please amend your privilege log and supplement your production with any and all responsive medical records that relate to either the disability alleged by Plaintiff or damages sought by Plaintiff.

Additionally, Plaintiff's productions bates-labeled as Griffin 000122-000128, 000140-000149, and 000161-000164 contain redactions, but there does not appear to be a corresponding entry on the privileged log. Please amend the privilege log to include a reason for the redactions.

Please contact me by close of business on February 19, 2021, seven (7) days from the date of this letter, to discuss Plaintiff's plans to supplement and/or amend its answers and responses as requested above. Additionally, Plaintiff is requested to provide amended answers, responses, and document production by close of business on February 26, 2021, fourteen (14) days from the date of this letter. If you do not contact me to discuss these issues by 5 p.m. on February 19, 2021, Defendant will proceed with filing of a Motion to Compel, will seek attorney's fees for non-compliance with the discovery rules, and set same for a hearing at the earliest possible time available. However, we are hopeful that cooperation between the parties to narrow the issues and discuss the substance of the objections should enable the parties to resolve these issues without court intervention. Thank you for your anticipated cooperation.

Sincerely,

CLARK HILL STRASBURGER

Katie Anderson

Katie Anderson

cc:
R. Price Anderson
Elizabeth F. Griffin



ClarkHill\B0729\A35347\261863370.v4-2/12/21

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 51479153
Status as of 3/16/2021 9:42 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 3/15/2021 2:47:44 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 3/15/2021 2:47:44 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 3/15/2021 2:47:44 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 3/15/2021 2:47:44 PM | SENT |

# EXHIBIT D-11

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| CEDAR HILL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant.* | § | 101ST JUDICIAL DISTRICT |

## ORDER GRANTING CEDAR HILL INDEPENDENT SCHOOL DISTRICT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

The Court has considered Cedar Hill Independent School District's Motion to Compel Discovery Responses from Plaintiff Grinda Coleman (the "Motion"). The Court, having considered the Motion, any response, any reply, and any oral argument(s) before the Court, is of the opinion that the Motion should be GRANTED.

It is therefore ORDERED that, within ten days of this Order, Plaintiff must amend her responses to remove objections and fully and completely respond to Defendant's First Set of Interrogatory Nos. 5, 6, 7, and 8.

It is further ORDERED that, within ten days of this Order, Plaintiff must amend her responses to Defendant's Requests for Production Nos. 30, 34, and 35, remove objections and produce all responsive documents.

It is further ORDERED that, within ten days of this Order, Plaintiff must amend her responses to Defendant's Requests for Admission Nos. 47, 54, and 72 to provide full and complete responses in compliance comply with the response requirements of Texas Rule of Civil Procedure 198.2.

EXHIBIT
D-11

It is further ORDERED that, within ten days of this Order, Plaintiff must amend her responses to Defendant's Requests for Disclosure to provide the telephone number and address of all persons with knowledge of relevant facts who are not clients of Plaintiff's counsel.

Signed on March _____, 2021.

_____

JUDGE PRESIDING

# EXHIBIT D-12

FILED
3/25/2021 2:27 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CEDAR HILL INDEPENDENT SCHOOL,** | § | **DALLAS COUNTY, TEXAS** |
| **DISTRICT** | § | |
| | § | |
| **Defendant.** | § | **101ST JUDICIAL DISTRICT** |

## <u>NOTICE OF HEARING</u>

Please take notice that Defendant's Motion to Compel is set for oral hearing on Tuesday, June 22, 2021 at 9:30 a.m. via Zoom conferencing.  The Zoom conferencing information will be provided prior to the hearing via email.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*
**KATI ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 651-4300 -  Telephone
(214) 651-4330 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT**
**SCHOOL DISTRICT**

EXHIBIT
**D-12**

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on March 25, 2021, in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure as follows:

    ***VIA EFILE***
    N. Sue Allen
    ALLEN LAW FIRM
    4701 Altamesa Blvd., Suite 2R
    Fort Worth, Texas 76133
    sue@sueallenlaw.com

    **COUNSEL FOR PLAINTIFF**

               */s/ Elizabeth F. Griffin*
               **ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 51834733
Status as of 3/25/2021 3:31 PM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 3/25/2021 2:27:32 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 3/25/2021 2:27:32 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 3/25/2021 2:27:32 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 3/25/2021 2:27:32 PM | SENT |

# EXHIBIT D-13

FILED
4/12/2021 3:02 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY

Case 3:21-cv-02080-D    Document 1    Filed 08/31/21    Page 264 of 333    PageID 264

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CEDAR HILL INDEPENDENT SCHOOL, | § | DALLAS COUNTY, TEXAS |
| DISTRICT | § | |
| | § | |
| Defendant. | § | 101ST JUDICIAL DISTRICT |

### AMENDED NOTICE OF HEARING

Please take notice that Defendant's Motion to Compel is reset for oral hearing on Tuesday, April 27, 2021 at 10:00 a.m. via Zoom conferencing.  The Zoom conferencing information will be provided prior to the hearing via email.

Respectfully submitted,

/s/ Elizabeth F. Griffin
**KATI ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 651-4300 -  Telephone
(214) 651-4330 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT**
**SCHOOL DISTRICT**

EXHIBIT
**D-13**

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on April 12, 2021, in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure as follows:

      ***<u>VIA EFILE</u>***
      N. Sue Allen
      ALLEN LAW FIRM
      4701 Altamesa Blvd., Suite 2R
      Fort Worth, Texas 76133
      sue@sueallenlaw.com

      **COUNSEL FOR PLAINTIFF**

                          */s/ Elizabeth F. Griffin*
                          **ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 52369399
Status as of 4/13/2021 2:28 PM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 4/12/2021 3:02:55 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 4/12/2021 3:02:55 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 4/12/2021 3:02:55 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 4/12/2021 3:02:55 PM | SENT |

# EXHIBIT D-14

FILED
4/22/2021 11:49 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 268 of 333   PageID 268

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

### PLAINTIFF GRINDA COLEMAN'S PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

### I. Introduction.

In this disability discrimination case, plaintiff responded to Defendant's written discovery completely to the best of her ability and based on all of the information readily available to her at the time as was her obligation.

As is evident by this Motion to Compel, Defendant has unreasonable expectations regarding Plaintiff's obligations vis a vis, its own. Plaintiff believes that she has responded appropriately fully complying with her obligations.

### A. Disclosures of persons with relevant knowledge

Plaintiff's requested disclosures in her Petition. Defendant's response listed a single person employed by Defendant as a person with knowledge. Defendant later amended its Disclosures to list two more. However, in each case, defendant provided only the name of the person and its counsel's address and telephone number instead of the witnesses': Here is how defendant responded:

Name of witness
c/o Katie Anderson

**PLAINTIFF GRINDA COLEMAN'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL       Page 1**

Clark Hill Strasburger
901 Main St., Suite 6000
Dallas, TX 76202
214.651.4300

Plaintiff responded to Defendant's Request for Disclosures in the same way, that is, listing the name of the witness and either defendant's or plaintiff's counsel's address and phone in lieu of the witnesses' information. However, Plaintiff indicated by an asterisk in responses that if defendant did not want to disclose the addresses and telephone numbers for witnesses that was fine, but the obligation would be the same for both parties. During the conferral conversation with defendant's counsel, plaintiff stated that as a matter of fairness – good for the goose, good for the gander and because a party with "unclean hands" should not complain, both parties should to agree or not. For this reason, plaintiff seeks direction from the Court about resolving this impasse.

### B. Interrogatories.

The defendant complains about plaintiff's answers to interrogatories, as follows.

No. 5. Plaintiff applied for a job with four employers – the Defendant, Dallas ISD, Uber and Federal Express. These applications were submitted on line, but defendant and the other employers do have one or more physical addresses. This is the information that defendant claims made the response incomplete and it has or will be provided. Plaintiff is not, however, able to provide the dates of her applications or even the particular job applied for either because she lost access to her Cedar Hill ISD email account or the way she "applied" for jobs. Regarding Dallas ISD, plaintiff 'activated' an application and

walked into a job fair with various booths in which she 'applied' by checking a box.  In searching for the information on when she sought employment at Federal Express, plaintiff discovered the application was actually submitted to MidWest Cargo for a job of  handling Federal Express packages.  The point is, plaintiff responded with information available to her at the time and has or will amend or supplement.

No. 6.  As defendant knows, Plaintiff found employment with Dallas ISD earning more than the salary she earned at Cedar Hill ISD. As Plaintiff has indicated on her Disclosures and elsewhere, she is not seeking lost wages except for the period that she was unemployed.  For this reason, the compensation paid by Dallas ISD is not relevant to this lawsuit.  Defendant cannot articulate any reason that the income paid by Dallas ISD to plaintiff starting in February 2019 is relevant or needed.

No. 7.  If this complaint is understood, the defendant's complaint is that although Dr. Hildalgo is identified, this response must also list her address notwithstanding that medical records have been provided as well as the address in disclosures:   A supplemental response listing:  820 S Carrier Pkwy, Grand Prairie, TX 75051 has or will be made.

No. 8.  Again, if the complaint is understood, the defendant complaint that oDr. Bell's address and not just his name must be listed, Again, Dr. Bell's address and telephone number have been disclosed in Plaintiff's Disclosures.  A supplemental answer listing his address in response to this specific interrogatory has or will be made.

### C.  Requests for Admissions

Defendant's complaints about plaintiff's response to Requests for Admission are misplaced.  For example, Request 47 asks plaintiff to admit that she was provided with the TDL policy.  Plaintiff does have that knowledge.

Request 54 similarly asks a question that is unclear as to the correct answer.  The answer depends on variables and perspectives. For this reason, plaintiff cannot admit or deny it.

Request 72 is likewise not an answer that plaintiff can admit or deny.

### D.  Request for mental health records.

The plaintiff certainly understands that medical records regarding her disability are relevant for this case and she has provided them to defendant. And she understands that she has alleged a garden variety claim for mental anguish because CHISD's unlawful actions damaged her  emotional state.  However, Ms. Coleman does not claim any form of mental injury that exceeds the common emotional reaction to the losses CHISD caused. Thus, the case cited by defendant in which the plaintiff asserted that the defendant's action caused PTSD is not persuasive. Texas courts have determined that a party's claim to have suffered mental anguish or emotional distress as a result of an unlawful act is not, standing alone, sufficient for the litigation exception to apply.[1]  It is particularly

---

[1]     *See, e.g., In re Williams,* No. 10-08-00364-CV, 2009 WL 540961,*5 (Tex. App.—Waco Mar. 4, 2009, orig. proc.) ("A claim for mental anguish or emotional distress will not, standing alone, make a plaintiff's mental or emotional condition a part of the plaintiff's claim."); *In re Pennington,* No. 2-08-00233-CV, 2008 WL 2780660 (Tex. App.—Fort Worth July 16, 2008, orig. proc.) (same); *see also In re Toyota Motor Corp.,* 191 S.W.3d 498, 502 (Tex. App.—Waco 2006, orig. proc.) (plaintiff's allegation of suffering "emotional shock" did not make the plaintiff's mental condition part of a claim or defense); *In re Chambers*, No. 03-02-00180-CV, 2002 WL 1378132, *1-5 (Tex. App.—Austin 2002, orig. proc.)

important in discrimination cases in which the plaintiff has already been damaged by the defendant's illegal act that other far greater damage be dealt to plaintiff by allowing defendant unfettered access to plaintiff's medical records. Here, as evident from the face of the pleadings, the plaintiff has alleged garden variety mental anguish.

Accordingly, Ms. Coleman's medical records are not relevant to the subject matter of this cause of action. For this reason, Ms. Coleman asks Court to deny Defendant's Motion to Compel in order to common law, statutory, and constitutional rights of privacy, her physician-patient privileges recognized by Texas law, and her mental health information privilege as recognized and guaranteed by the Health Insurance Portability & Accountability Act (HIPAA) and the regulations promulgated there under, 45 USC § 164.508, et seq.; by Rules 509 and 510 of the TEXAS RULES OF EVIDENCE; by TEX. HEALTH & SAFETY CODE ANN. §611.002; and by such cases as Coates v. Whittington, 758 S.W.2d 749 (Tex. 1988); Mutter v. Wood, 744 S.W.2d 600 (Tex. 1988); and Dossey v. Salazar, 808 S.W.2d 146,148 (Tex. App—Houston [14th Dist.] 1991, mand. motion overruled).

## Conclusion

Plaintiff has responded appropriately, although not perfectly, to defendant's written discovery and will continue to provide information to supplement or amend any responses that are incomplete based on lack of

(plaintiff's mental anguish claim, admitted psychiatric treatment, admitted past depression, and symptoms of stress, duress, difficulty sleeping, nightmares, anxiety attacks, breakdowns, difficulty breathing, and heart palpitations did not make the plaintiff's mental condition part of a claim or defense).

knowledge or otherwise.  Accordingly, plaintiff prays that the motion be denied in full

Respectfully submitted,

By: /s/ N. Sue Allen
　　　N. Sue Allen
　　　Texas Bar No. 00791992
　　　ALLEN LAW FIRM
　　　4701 Altamesa Blvd, Suite 2R
　　　Fort Worth, Texas 76133
　　　(817) 926-5005 (Telephone)
　　　(817) 926-5165 (Facsimile)
　　　**sue@sueallenlaw.com**

## CERTIFICATE OF SERVICE

According to the Texas Rules of Civil Procedure, the forgoing is being served via the e-filing system on all counsel **of** record**.**

/s/ N. Sue Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sue Allen on behalf of Sue Allen
Bar No. 791992
sue@sueallenlaw.com
Envelope ID: 52750153
Status as of 4/26/2021 10:28 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 4/22/2021 11:49:13 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 4/22/2021 11:49:13 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 4/22/2021 11:49:13 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 4/22/2021 11:49:13 PM | SENT |

# EXHIBIT D-15

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## ORDER DENYING DEFENDANT'S PLEA TO THE JURISDICTION

This matter came before the Court on Defendant's Plea to the Jurisdiction. Having considered the motion, the parties' briefs, and the arguments of counsel at the hearing and inquiring into the grounds and circumstances, herein, the Court finds that the plea should be denied.

It is therefore ORDERED, ADJUDGED AND DECREED that Defendant Cedar Hill Independent School District's Plea to the Jurisdiction is DENIED.

SIGNED on _____.


_____
THE HONORABLE STACI WILLIAMS,
JUDGE, 101ST DISTRICT COURT


Submitted by,

N. Sue Allen
Texas Bar No. 00791992
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
**sue@sueallenlaw.com** (Email)

**EXHIBIT
D-15**

# EXHIBIT D-16

FILED
4/26/2021 3:16 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cassandra Walker DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 278 of 333   PageID 278

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendant*. | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Defendant Cedar Hill Independent School District ("CHISD") provides this Reply to Plaintiff Grinda Coleman's Response to CHISD's Motion to Compel Discovery Responses and Document Production and would show the Court as follows:

### I.   Coleman lacks valid grounds for listing her fact witnesses in this case as in the "care of" her counsel.

Coleman's disclosures list "c/o Sue Allen" as the contact information for numerous fact witnesses in this case, including Glo Calhoun, Bettye Cooper, Latosha Lampkin, Stephanie Riley, Terry Coleman, Ag Murray, and Sharon Robinson. Coleman makes no contention that Sue Allen represents any of these individuals. Rather, Coleman states that this designation is a tit-for-tat response because CHISD answered requests for disclosure "in the same way," listing CHISD's attorney Katie Anderson as the contact person for fact witnesses. Pl.'s Resp. at 1-2. Coleman alleges that because CHISD has "unclean hands," it therefore cannot object to Coleman listing "c/o Sue Allen" for individuals who are plainly not represented by counsel. *Id.* Notably, Coleman cites no cases supporting her contention that the doctrine "unclean hands" has any applicability to the disclosure requirements of Tex. R. Civ. P. 194.2.

More importantly, Coleman's contention regarding CHISD's disclosures is without merit, as CHISD previously explained to Coleman before filing this Motion. CHISD disclosed the

EXHIBIT
**D-16**

identify of certain fact witnesses **who are the employees of CHISD** as in the care of Katie Anderson. This identification follows appropriately from Texas' ethics rules, which provides that opposing counsel shall not contact persons that are represented by counsel. Tex. R. Prof. Conduct 4.02(a-c); *see also* Tex. Comm. On Professional Ethics, Op. 461, V.52 Tex. B.J. 52 (1989) (no-contact rule applies to a represented entity's employees).

Regardless, it is Plaintiff's disclosures that are at issue in this motion to compel, not CHISD's. Coleman fails to identify any reasonable basis for her refusal to provide appropriate contact information and addresses for persons with knowledge of relevant facts to this litigation. Coleman provides no evidence that Sue Allen represents Glo Calhoun, Bettye Cooper, Latosha Lampkin, Stephanie Riley, Terry Coleman, Ag Murray, or Sharon Robinson. Coleman's failure to comply with her discovery obligations prevents CHISD from contacting unrepresented persons who may aid the resolution of this case. Thus, CHISD respectfully requests that this Court order Coleman to provide full, responsive contact information and addresses for persons with knowledge of relevant facts pursuant to Tex. R. Civ. P. 194.2.

## II.    Coleman appears to agree to supplement her interrogatory responses but fails to provide a timeline.

Coleman responds to CHISD's motion to compel responsive answers to Interrogatory Nos. 5, 6, 7, and 8. Coleman appears to concede that her answers were deficient and that she will supplement her responses. *See* Pl.'s Resp. at 2-3. Coleman's Response even appears to attempt to supplement her interrogatory answers within the body of the Response. *Id.* This is inadequate and improper as her response is not a supplemental interrogatory answer sworn to by Coleman under oath. *See* Tex. R. Civ. P. 197.2. Thus, CHISD respectfully requests that the Court order that Coleman properly supplement her discovery responses with complete responsive answers to Interrogatory Nos. 5, 6, 7, and 8.

### III.   Coleman's response that her "medical records are not relevant to the subject matter of this cause of action" is incorrect.

Coleman objected to the production of documents relating to Coleman's medical conditions, or any medical treatment for which she seeks recovery against CHISD in this Lawsuit. Pl's Resp. at 4-5. Coleman's Response states that "[her] medical records are not relevant to the subject matter of this cause of action." Pl.'s Resp. at 5.

As CHISD has shown, and as is clear from Coleman's own pleadings, Coleman's health status is not only relevant, but a key issue in this case. This is a *disability* discrimination case. *See* Tex. R. Evid. 509(e)(4) (establishing that medical records are not privileged where a party "relies on the patient's physical, mental, or emotional condition"). Accordingly, this Court should order Coleman to produce all responsive medical records and documents, including mental health records, regarding her alleged disability and related medical treatment for which she seeks recovery in this case. *See Midkiff v. Shaver*, 788 S.W.2d 399, 402–03 (Tex. App.—Amarillo 1990, no writ) (medical privilege not available where claimant seeks mental anguish damages relating to her asserted condition).

WHEREFORE, Defendant Cedar Hill Independent School District respectfully requests that the Court grant its Motion to Compel and order Plaintiff to provide complete responses to Defendant's Requests for Disclosure, Interrogatories, and Requests for Production. CHISD further requests recovery of its reasonable expenses and attorney's fees incurred in bringing this Motion, and any further relief to which it may be entitled.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL**
**DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Elizabeth F. Griffin*
**ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 52828214
Status as of 4/27/2021 8:40 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 4/26/2021 3:16:40 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 4/26/2021 3:16:40 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 4/26/2021 3:16:40 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 4/26/2021 3:16:40 PM | SENT |

# EXHIBIT D-17

FILED
4/30/2021 2:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 284 of 333   PageID 284

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants*. | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT CEDAR HILL INDEPENDENT SCHOOL DISTRICT'S JURY DEMAND

Defendant Cedar Hill Independent School District demands a trial by jury of all issues so triable in this matter pursuant to Texas Rule of Civil Procedure 216.  The appropriate jury fee will be deposited with the clerk of the Court contemporaneously with this filing or within a reasonable time before the date currently set for trial of this cause on the non-jury docket.

WHEREFORE, Defendant Cedar Hill Independent School District requests a trial by jury.

Respectfully submitted,


*/s/ Elizabeth F. Griffin*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL STRASBURGER**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**EXHIBIT
D-17**

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on April 30, 2021, a true and correct copy of the foregoing was served on all known counsel of record pursuant to Texas Rules of Civil Procedure 21 and 21a as follows:

<u>*Via E-File:*</u>

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth F. Griffin*
**ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 53002890
Status as of 5/3/2021 11:11 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 4/30/2021 2:07:12 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 4/30/2021 2:07:12 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 4/30/2021 2:07:12 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 4/30/2021 2:07:12 PM | SENT |

# EXHIBIT D-18

FILED
5/19/2021 4:00 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kari Malone DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 288 of 333   PageID 288

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## PLAINTIFF GRINDA COLEMAN'S SECOND AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GRINDA COLEMAN files this First Amended Petition against defendant CEDAR HILL INDEPENDENT SCHOOL DISTRICT (Defendant or CHISD), and alleges the following cause of action:

## I.   DISCOVERY CONTROL PLAN

1.      This suit will be governed by a Scheduling Order to be entered by the Court.

## II. INTRODUCTION

2.      At all times relevant to this lawsuit, Defendant is Ms. Coleman's employer and Ms. Coleman is Defendant's employee.

**EXHIBIT
D-18**

3.     Ms. Coleman is an individual with a disability within the meaning of the Texas Commission on Human Rights Act ("TCHRA") in that she has "a physical impairment that substantially limits one or more major life activities; has a record of such an impairment; and is regarded as having such an impairment." Ms. Coleman's physical impairments" are physiological conditions that affect one or more body systems.  Specifically, Ms. Coleman has a medical condition known as osteopenia which results in bones which break easily and which caused her to develop fractures in multiple regions of her body, osteoarthritis in her knees which required surgical total knee replacement, and weak joints which resulted in torn Achilles' tendons and other injuries.  Because of these physical impairments and medical conditions, Ms. Coleman had extreme difficulty standing, walking, and kneeling, walked with noticeable limp and needed a cane to maintain her mobility. Ms. Coleman has had these impairments and medical issues since at least 2014.

4.     Ms. Coleman has an actual disability, a history of having a disability and the defendant regarded her as disabled.

5.     Ms. Coleman is an individual who is over forty (40) years of age.

6.     Defendant discriminated against Ms. Coleman because of her age or because of her disability by:  1) Denying Ms. Coleman's request for a Temporary Disability Leave under the Texas Education Code 21.409 from August 6, to September 2018, in an attempt to gain her agreement that her leave would expire on August 31, 2018, which meant she would lose her job on that date; 2) Refusing to engage in the good faith interactive process required by Texas law to reach a reasonable accommodation which would allow Ms. Coleman to keep her teaching

position at Cedar Hill High School; and 3) filling Ms. Coleman's position at Cedar Hill High School September 12, 2018, despite knowledge that Ms. Coleman's doctor would release her to return to work September 28, 2018. These actions by defendant are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

7.   In addition, the defendant retaliated against Ms. Coleman for seeking an accommodation for her disability by 1) filling Ms. Coleman's position at Cedar Hill High School September 12, 2018, despite knowledge that Ms. Coleman's doctor would release her to return to work September 28, 2018; 2) denying Ms. Coleman a position as a teacher after she was released to return to work on September 28, 2018; 3)  interfering with Ms. Coleman's access to the internal job posting system by changing her log on credentials and by refusing to correct the issue; 4) refusing to declare a position vacant notwithstanding that the teacher had been suspended since October 2018, and 5) treating Ms. Coleman rudely and with distain as she tried to return to a paid teaching position.  These actions by defendant are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

## III. JURISDICTION, VENUE AND DAMAGES

8.    The jurisdiction of this Court is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq*., which Act's purpose is to secure

to those within the state of Texas freedom from discrimination in employment. Jurisdiction is proper in the district court of Dallas County, Texas because the damages exceed the minimum amount in controversy for such court.

9.     Venue is proper in Dallas County, pursuant to Tex. Civ. Prac. & Rem. Code §15.002, because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas and because defendants have its operations in Dallas County, Texas.

10.     Ms. Coleman seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact and which are within the jurisdictional limits of this court. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Ms. Coleman pleads that s h e anticipates that the of damages s he will request the jury to assess at trial will be monetary relief monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs and non-monetary relief. In addition to monetary relief, Ms. Coleman seeks an injunction against the Defendant which would require that it cease and desist discriminating against qualified individuals with disabilities and which would require that it train its human resources and executive leadership staff in the employment laws that govern all employers, including, but not limited to the Defendant.

## IV. PARTIES

11.     Ms. Coleman is a citizen of the United States who lives in Dallas

County, Texas.  At times material to this lawsuit, Ms. Coleman was employed by defendant as an active teacher in Cedar Hill High School or inactive teacher waiting for the opportunity to return to paid work.

12.    Defendant has been served this citation and made an appearance in this case.

## V.  FACTS

13.    Defendant employed Ms. Coleman as a teacher. Ms. Coleman began having difficulty with her knees in 2014 such that walking was a painful and difficult endeavor.  In 2016, Ms. Coleman suffered fractures in both ankles and could not even walk from the parking lot to her classroom because of excruciating pain. Shortly thereafter Ms. Coleman developed osteoarthritis in her knee joints which were bone on bone.  Ms. Coleman also suffered a tear in her Achilles' tendons and developed a cyst on her toe.  By March 2018, Ms. Coleman's physical condition had deteriorated to a point that she could barely walk and walked with a noticeable limp and needed a cane for mobility.  As recommended by her doctor, Ms. Coleman  took an Family Medical Leave Act leave of absence to have total knee replacement surgery in March 2018, through the end of the school year which ended in June 2018.  Ms. Coleman had surgery in July 2018, tp repair the tears in her Achilles' tendons and other injuries.    Ms. Coleman's doctor refused to release her to return to work at the start of the school year on or about August 6, 2018, because she needed additional time to heal.  Defendant denied that Ms. Coleman was entitled to leave under the FMLA. Defendant also

denied that Ms. Coleman was entitled to a 180-day temporary leave of absence although she was entitled to such leave under Texas Law and defendant's policies. The Defendant advised Ms. Coleman that her TDL would be retroactively applied to the prior school year and that her TDL expired August 31, 2018, which meant that if Ms. Coleman could not return until September 2018, she would face termination. Defendant also denied Ms. Coleman's request for a leave until September 2018, as an accommodation for her disability which she informed them was a 'brittle bone' disease.

14.     Defendant failed to engage in the interactive process triggered by Ms. Coleman's request for an accommodation for her disability and failed to grant her a reasonable accommodation.

15.     As noted above, Ms. Coleman is a person with an actual disability, a history of a disability and was perceived by defendant as a person who is disabled.

16.     Defendant's action violated the TCHRA.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.     Prior to filing this suit, Ms. Coleman timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission-Civil Rights Division.

18.     This suit is filed more than 180 days, but less than two years, after the filing of Ms. Coleman's charge of discrimination was filed with the Texas

Workforce Commission. Ms. Coleman has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## VII. CAUSES OF ACTION

A.  Violations of Chapter 21, Texas Labor Code – disability discrimination

19.    By this reference, Ms. Coleman incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

20.    At all times set forth hereinafter, defendant was at all relevant times an "employer" as defined by Texas Labor Code § 21.002(8)(D).  Defendants are subject to the provisions of Chapter 21.

21.    Ms. Coleman has a disability within the meaning of Chapter 21 because she suffers from impairments substantially limit one or more major life activities including walking, standing and kneeling, etc. In addition, Ms. Coleman has a record and history of such impairments and has been regarded as having such impairments by defendant.

22.    At all relevant times, Ms. Coleman was an otherwise qualified individual with disabilities within the meaning of Chapter 21, in that she was able to perform all of the essential functions of the position, with or without reasonable accommodations.

23.    Defendant discriminated against Ms. Coleman because of her disabilities despite that she was a qualified individual with disabilities who was and is able to perform the essential functions of the position with or without reasonable accommodations.

24.    Defendant violated Chapter 21 by, *inter alia:*

(a) Failing to engage in the interactive process to find a reasonable accommodation and failing to grant her a reasonable accommodation.

(b) Constructively terminating Ms. Coleman's employment, directly on account of her disability, despite the fact that Ms. Coleman was able to perform the essential functions of her position when it would not allow her to return to a paying job as a teacher after she was released to work on September 28, 2018.

(c) Retaliating against Ms. Coleman because she requested an accommodation and opposed illegal disability discrimination and harassment.

(d) Failing to allow Ms. Coleman to work as a paid teacher on account of her age or disability, and interfering with her attempts to find another paid teaching position.

(e) Failing to take prompt and equitable steps to remedy discrimination and retaliation; and

(f) Causing Ms. Coleman harm, including but not limited to lost pay, benefits, mental anguish and attorney's fees.

## VIII. JURY DEMAND

25. Plaintiff demands a trial by jury on all issues properly submitted to a jury, including fact issues under the Texas Commission on Human Rights, and specifically, the ultimate issues of fact as to the merits of this dispute, back pay, employee benefits and compensatory damages, except for the TCHRA attorney's fee issue and entitlement to front pay, which may be presented for post-judgment for the consideration by the Court.

**Cause No. DC-20-05649; Grinda Coleman's Second Amended Petition  - Page 8**

## IX. REQUEST FOR DISCLOSURES

26.    Plaintiff has requested that defendant disclose the information or material described in Rule 194.2.

## X. ATTORNEYS' FEES AND COSTS

27.    Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under Texas Labor Code § 21.259, including any applicable expert fees.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court grant her the following relief from defendant and that judgment be entered for her and against defendant for each of the following:

A.    That defendant be ordered to compensate, reimburse, and make-whole the plaintiff for all the income plaintiff would have received if not for defendants' illegal actions including, but not limited to lost wages.  Ms. Coleman specifically limits her claim for lost wages from September 28, 2018, when she should have been allowed to return to work, through the date in February 2019, when Ms. Coleman accepted a better paying job with another school district and is not seeking front pay lost wages. Ms. Coleman is also seeking lost pension and other benefits and all other compensation denied to the plaintiff accrued at the time of the filing of this petition until the date of judgment.

B.    Damages for inconvenience, incidental damages and loss of enjoyment of life.

C.    An award for past and future pain and suffering, past and future mental anguish.

**D.    Pre-judgment interest after judgment at the maximum legal rate allowed by law until paid.**

E.      Post-judgment interest after judgment at the maximum legal rate allowed by law until paid.

F.      Costs of court.

G.      Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.

H.      Injunctive and other equitable relief, including, but not limited to an order requiring defendants to cease and desist discrimination and retaliation against persons similarly situated to Ms. Coleman; and requiring it to offer training to its managers and supervisors on employee rights under the TCHRA.

I.      Such other and further relief to which the plaintiff may be justly entitled.


Dated:  May 19, 2021



                                        Respectfully submitted,

                                        /s/ N. Sue Allen
                                        N. Sue Allen
                                        Texas Bar No. 00791992
                                        ALLEN LAW FIRM
                                        4701 Altamesa Blvd, Suite 2R
                                        Fort Worth, Texas 76133
                                        (817) 926-5005 (Telephone)
                                        (817) 926-5165 (Facsimile)
                                        **sue@sueallenlaw.com**




## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served May 18, 2021, pursuant to the Texas Rules of Civil Procedure via the e-filing system.

<u>/s/ N. Sue Allen</u>
N. Sue Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sue Allen on behalf of Sue Allen
Bar No. 791992
sue@sueallenlaw.com
Envelope ID: 53612787
Status as of 5/20/2021 11:46 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 5/19/2021 4:00:00 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 5/19/2021 4:00:00 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 5/19/2021 4:00:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 5/19/2021 4:00:00 PM | SENT |

# EXHIBIT D-19

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendant.* | § | **101ST JUDICIAL DISTRICT** |

## <u>AGREED SCHEDULING ORDER</u>

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure and the Parties' agreement, the Court makes the following order to control the schedule of this cause.

1. This case will be set for jury trial beginning on: **<u>March 8, 2022.</u>**

2. Discovery in this case will be controlled by TEX. R. CIV. P. 190.4 (Level 3).

3. The following pre-trial matters will be completed by the following dates:

| Pre-Trial Deadlines | Deadline: Days before Trial Date | Deadline: Calendar Date |
|---|---|---|
| Joinder of Additional Parties. This paragraph does not otherwise alter the requirements of Rule 40 or 47. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party. | **210 days** | August 10, 2021 |
| Deadline for supplemental and amended pleadings asserting new causes of action or defenses. | **210 days** | August 10, 2021 |
| Deadline for Designation of Experts and TRCP 194.2(f) information for parties seeking affirmative relief. | **205 days** | August 16, 2021 |

**EXHIBIT**
**D-19**

| | | |
|---|---|---|
| Deadline for Designation of Experts and TRCP 194.2(f) information for parties opposing affirmative relief | **175 days** | September 14, 2021 |
| Deadline for Designation of Rebuttal Experts and TRCP 194.2(f) information | **155 days** | October 4, 2021 |
| Discovery closes. All depositions shall be completed by this date and all written discovery requests shall be served so that responses are due no later than this date. | **120 days** | November 8, 2021 |
| Deadline to file motions to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery), except for the sanction of exclusion under Rule 193.6. | **7 days after the close of discovery** | November 15, 2021 |
| Deadline to file any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions, except for the sanction of exclusion under Rule 193.6. | **7 days after the close of discovery** | November 15, 2021 |
| Deadline to file Rule 166a motions | **90 days** | December 8, 2021 |
| Mediation Deadline | **60 days** | January 7, 2022 |
| Deadline to amend pleadings (not asserting new causes of actions or defenses) | **45 days** | January 22, 2022 |
| *Pre-Trial Events* | | |
| Deadline to **exchange** designations of deposition testimony to be offered in direct examination, list of trial witnesses, and exhibits, including any affidavits, and copies of any exhibits not previously produced in discovery and any motions in limine | **14 days** | February 22, 2022 |
| Deadline to **exchange** objections to the opposing party's proposed trial witnesses, exhibits, including objections under Rule 193.7, deposition testimony, any rebuttal deposition testimony and responses to motions in limine | **7 days** | March 1, 2022 |
| Parties to **meet-and-confer** regarding objections to pre-trial materials and to determine agreed exhibits and any stipulations in advance of the pre-trial conference. | **5 days** | March 3, 2022 |

| | | |
|---|---|---|
| Deadline to **file** the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, witness lists, any motions in limine, and proposed jury charge; demonstrative aids need not be exchanged prior to this time | **5 days** | March 3, 2022 |
| **Pre-Trial Conference**: The Parties request that the Court set a pretrial conference, subject to the Court's availability, on the Friday before trial (May 4) or the Monday before trial (May 7). If the Court's docket does not have availability on these dates, the Parties alternatively request that the Court set a pretrial conference for the morning of trial. | **____ days** | March ____, 2022 at ____:____ ____.m. |

4.        Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.

5.        Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation. The mediator has been selected by agreement of the parties: Hon. Glen Ashworth is hereby appointed mediator. Any mediator substitution requested more than ninety (90) days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

6.        Unless noted in this Order, all deadlines that have already passed are not extended by this Order.

7.        The parties may by written agreement extend any deadlines and/or discovery limits established by this order with the exception of the trial date. Reset or continuance of the trial setting stated above will not alter or extend any deadlines established in this Order or by the Texas Rules of Civil Procedure, except for the events designated under the "Pre-Trial Events" above, unless agreed to by the parties in writing or otherwise ordered by the Court. Pursuant to Texas Rules of Civil Procedure 4, if the date of any deadline listed in this

Order falls on a Saturday, Sunday, or legal holiday, the deadline shall be automatically extended to the next day that is not a Saturday, Sunday, or legal holiday.

**SIGNED _____, 2021.**

_____
**HONORABLE JUDGE PRESIDING**

**AGREED:**

/s/ N. Sue Allen
**ATTORNEY FOR PLAINTIFF**

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

**AGREED:**

*s/Elizabeth F. Griffin*
**ATTORNEYS FOR DEFENDANT**

**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL PLC**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL DISTRICT**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Hammett on behalf of Liz Griffin
Bar No. 24092450
maryellen.hammett@clarkhillstrasburger.com
Envelope ID: 54065242
Status as of 6/4/2021 11:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 6/3/2021 12:27:16 PM | SENT |

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 6/3/2021 12:27:16 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 6/3/2021 12:27:16 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 6/3/2021 12:27:16 PM | SENT |

# EXHIBIT D-20

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendant.* | § | **101ST JUDICIAL DISTRICT** |

## AGREED SCHEDULING ORDER

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure

and the Parties' agreement, the Court makes the following order to control the schedule of

this cause.

*on the 2-week trial docket*

1. This case will be set for jury trial beginning on: **March 8, 2022.** *at 9.00 am*

2. Discovery in this case will be controlled by TEX. R. CIV. P. 190.4 (Level 3).

3. The following pre-trial matters will be completed by the following dates:

| Pre-Trial Deadlines | Deadline: Days before Trial Date | Deadline: Calendar Date |
|---|---|---|
| Joinder of Additional Parties. This paragraph does not otherwise alter the requirements of Rule 40 or 47. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party. | **210 days** | August 10, 2021 |
| Deadline for supplemental and amended pleadings asserting new causes of action or defenses. | **210 days** | August 10, 2021 |
| Deadline for Designation of Experts and TRCP 194.2(f) information for parties seeking affirmative relief. | **205 days** | August 16, 2021 |

**EXHIBIT**
**D-20**

| Deadline for Designation of Experts and TRCP 194.2(f) information for parties opposing affirmative relief | 175 days | September 14, 2021 |
|---|---|---|
| Deadline for Designation of Rebuttal Experts and TRCP 194.2(f) information | 155 days | October 4, 2021 |
| Discovery closes. All depositions shall be completed by this date and all written discovery requests shall be served so that responses are due no later than this date. | 120 days | November 8, 2021 |
| Deadline to file motions to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery), except for the sanction of exclusion under Rule 193.6. | 7 days after the close of discovery | November 15, 2021 |
| Deadline to file any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions, except for the sanction of exclusion under Rule 193.6. | 7 days after the close of discovery | November 15, 2021 |
| Deadline to file Rule 166a motions | 90 days | December 8, 2021 |
| Mediation Deadline | 60 days | January 7, 2022 |
| Deadline to amend pleadings (not asserting new causes of actions or defenses) | 45 days | January 22, 2022 |
| *Pre-Trial Events* | | |
| Deadline to **exchange** designations of deposition testimony to be offered in direct examination, list of trial witnesses, and exhibits, including any affidavits, and copies of any exhibits not previously produced in discovery and any motions in limine | 14 days | February 22, 2022 |
| Deadline to **exchange** objections to the opposing party's proposed trial witnesses, exhibits, including objections under Rule 193.7, deposition testimony, any rebuttal deposition testimony and responses to motions in limine | 7 days | March 1, 2022 |
| Parties to **meet-and-confer** regarding objections to pre-trial materials and to determine agreed exhibits and any stipulations in advance of the pre-trial conference. | 5 days | March 3, 2022 |

| | | |
|---|---|---|
| Deadline to **file** the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, witness lists, any motions in limine, and proposed jury charge; demonstrative aids need not be exchanged prior to this time | **5 days** | March 3, 2022 |
| Pre-Trial Conference: ~~The Parties request that the Court set a pretrial conference, subject to the Court's availability, on the Friday before trial (May 4) or the Monday before trial (May 7). If the Court's docket does not have availability on these dates, the Parties alternatively request that the Court set a pretrial conference for the morning of trial.~~ | ___ **days** | March ___, 2022 at ___.m. |

*[handwritten annotations:]* If the pre-trial conference can be completed in 1 hour, the pretrial conference will be conducted on the day of trial. Otherwise the PARTIES MUST schedule a pretrial conference.

4.      Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.

5.      Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation. The mediator has been selected by agreement of the parties: Hon. Glen Ashworth is hereby appointed mediator. Any mediator substitution requested more than ninety (90) days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

6.      Unless noted in this Order, all deadlines that have already passed are not extended by this Order.

7.      The parties may by written agreement extend any deadlines and/or discovery limits established by this order with the exception of the trial date. Reset or continuance of the trial setting stated above will not alter or extend any deadlines established in this Order or by the Texas Rules of Civil Procedure, except for the events designated under the "Pre-Trial Events" above, unless agreed to by the parties in writing or otherwise ordered by the Court. Pursuant to Texas Rules of Civil Procedure 4, if the date of any deadline listed in this

Order falls on a Saturday, Sunday, or legal holiday, the deadline shall be automatically extended to the next day that is not a Saturday, Sunday, or legal holiday.

SIGNED _____, 2021.

_____
HONORABLE JUDGE PRESIDING

Page 4

**AGREED:**

/s/ N. Sue Allen
**ATTORNEY FOR PLAINTIFF**

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

**AGREED:**

*s/Elizabeth F. Griffin*
**ATTORNEYS FOR DEFENDANT**

**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com
**CLARK HILL PLC**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT**
**CEDAR HILL INDEPENDENT SCHOOL DISTRICT**

# EXHIBIT D-21

FILED
8/9/2021 10:43 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

Case 3:21-cv-02080-D   Document 1   Filed 08/31/21   Page 314 of 333   PageID 314

## CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **CEDAR HILL INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT'S SECOND AMENDED ANSWER

Defendant Cedar Hill Independent School District ("CHISD" or "Defendant") hereby serves its Second Amended Answer to Plaintiff Grinda Coleman's ("Plaintiff") Second Amended Petition subject thereto.

### I. GENERAL DENIAL

Without waiving the foregoing plea to the jurisdiction and special exceptions, CHISD hereby enters a general denial as pursuant to Texas Rule of Civil Procedure 92, and requests that Plaintiff be required to prove by a preponderance of the evidence all her charges and allegations against CHISD.

### II. DEFENSES

Without waiving the foregoing plea to the jurisdiction, special exceptions, and without admitting any of Plaintiff's allegations, CHISD asserts the following defensive matters and affirmative defenses:

1.      CHISD is not liable to Plaintiff with regard to Plaintiff's claims for compensatory or exemplary damages on the basis of governmental immunity.

---

**DEFENDANT'S FIRST AMENDED PLEA TO THE JURISDICTION,**
**SPECIAL EXCEPTIONS, AND ANSWER**                                                                 **Page 1**
ClarkHill\B0729\A35347\263645639.v2-8/8/21

EXHIBIT
**D-21**

2.      Plaintiff's claims fail because all decisions with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-pretextual reasons unrelated to Plaintiff's protected status, disability, or age.

3.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's own acts or omissions.

4.      Plaintiff's claims are barred because the employment decision about which Plaintiff complains was made on the basis of reasonable factors other than Plaintiff's disability or age.

5.      CHISD asserts that at all times it complied with applicable state and federal laws with respect to Plaintiff's employment.

6.      CHISD relies on the *Ellerth-Faragher* affirmative defense. CHISD maintained reasonable policies, procedures, and practices to prevent, investigate, and remediate claims of discrimination, harassment, and retaliation. Plaintiff's claims fail to the extent CHISD exercised reasonable care to promptly prevent any harassing and/or retaliatory behavior and to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by CHISD or to otherwise avoid harm.

7.      Plaintiff has failed to mitigate any damages she may have suffered, and the damages sustained by Plaintiff, if any, should be reduced by the value of the wages, benefits, and payments in lieu of wages that Plaintiff has received since the events of which Plaintiff complains.

8.      To the extent Plaintiff seeks any equitable relief, Plaintiff's claims are barred, in whole in part, by the doctrine of unclean hands.

9.      Plaintiff's claims for exemplary damages violate the Texas Constitution, and the United States Constitution, and other applicable law.

10.     Plaintiff's claims for damages are barred pursuant to Tex. Labor Code Ann. § 21.128 because CHISD made a good faith effort to accommodate Plaintiff during her employment with CHISD.

11.     CHISD reserves the right to assert additional affirmative defenses as they become apparent throughout the course of this lawsuit.

12.     Any claims alleged in the Original Complaint that were not raised in a charge of discrimination filed with the Equal Employment Opportunity Commission within 300 days of the date of the alleged wrongful conduct, and any claims under the Texas Commission on Human Rights Act ("TCHRA") that were not raised in a charge of discrimination filed with the Texas Workforce Commission – Civil Rights Division (TWCCRD) within 180 days of the alleged wrongful conduct, are barred due to Plaintiff's failure to exhaust his administrative remedies and the applicable statute of limitations.

13.     Any claims alleged in the Original Complaint that occurred outside the statute of limitations provided for in the Texas Labor Code are barred.  Specifically, to the extent Plaintiff filed suit more than 60 days after receiving his Notice of Right to File Civil Action from the TWCCRD or more than 90 days after receiving his Dismissal and Notice of Rights from the EEOC, his claims are barred by limitations.

14.     Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute discrimination, retaliation or harassment; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant.

15.     None of the alleged employment actions with respect to Plaintiff were done willfully, knowingly, intentionally, with malice, with specific intent to cause injury, or with reckless indifference to Plaintiff's rights.

16.     Defendant cannot be vicariously liable for retaliatory or discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination and retaliation.  As a result, Plaintiff is not entitled to recover punitive or exemplary damages.  *See Kolstad v. Amer. Dental Ass'n.*, 527 U.S. 526 (1999).

17.     Plaintiff's claims for compensatory and punitive damages are subject to the limitations set by § 21.2585 of the Texas Labor Code.

### III.     ATTORNEYS' FEES

18.     CHISD seeks recovery of its costs and, as available, reasonable attorneys' fees under Tex. Labor Code § 21.259.

19.     In the alternative, in the event of a finding that Plaintiff's lawsuit is frivolous, unreasonable, and without foundation, CHISD seeks recovery of its costs and reasonable attorneys' fees under Tex. Education Code § 11.161.

Respectfully submitted,

*/s/ Elizabeth F. Griffin*
**KATIE ANDERSON**
State Bar No. 00789631
kanderson@clarkhill.com
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
egriffin@clarkhill.com
**R. PRICE ANDERSON**
State Bar No. 24116029
panderson@clarkhill.com

**CLARK HILL PLC**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR DEFENDANT
CEDAR HILL INDEPENDENT SCHOOL
DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on August 9, 2021, a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

### *<u>VIA EFILE</u>*

N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

COUNSEL FOR PLAINTIFF

*/s/ Elizabeth F. Griffin*
**ELIZABETH F. GRIFFIN**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa Stuckey on behalf of Liz Griffin
Bar No. 24092450
mstuckey@clarkhill.com
Envelope ID: 56111427
Status as of 8/10/2021 10:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 8/9/2021 10:43:30 AM | SENT |

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 8/9/2021 10:43:30 AM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 8/9/2021 10:43:30 AM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 8/9/2021 10:43:30 AM | SENT |

# EXHIBIT D-22

FILED
8/9/2021 6:45 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Connie Jones DEPUTY

Case 3:21-cv-02080-D  Document 1  Filed 08/31/21  Page 321 of 333  PageID 321

CAUSE NO. DC-20-05649

| | | |
|---|---|---|
| **GRINDA COLEMAN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **CEDAR HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## PLAINTIFF GRINDA COLEMAN'S SECOND AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GRINDA COLEMAN files this First Amended Petition against defendant CEDAR HILL INDEPENDENT SCHOOL DISTRICT (Defendant or CHISD), and alleges the following cause of action:

### I.  DISCOVERY CONTROL PLAN

1.     This suit will be governed by the Scheduling Order entered by the Court.

### II. INTRODUCTION

2.     At all times relevant to this lawsuit, Defendant is Ms. Coleman's employer and Ms. Coleman is Defendant's employee.

**EXHIBIT
D-22**

3.     Ms. Coleman is an individual with a disability within the meaning of the Texas Commission on Human Rights Act ("TCHRA") in that she has "a physical impairment that substantially limits one or more major life activities; has a record of such an impairment; and is regarded as having such an impairment." Ms. Coleman's physical impairments" are physiological conditions that affect one or more body systems.  Specifically, Ms. Coleman has a medical condition known as osteopenia which results in bones which break easily and which caused her to develop fractures in multiple regions of her body, osteoarthritis in her knees which required surgical total knee replacement, and weak joints which resulted in torn Achilles' tendons and other injuries.  Because of these physical impairments and medical conditions, Ms. Coleman had extreme difficulty standing, walking, and kneeling, walked with noticeable limp and needed a cane to maintain her mobility. Ms. Coleman has had these impairments and medical issues since at least 2014.

4.     Ms. Coleman has an actual disability, a history of having a disability and the defendant regarded her as disabled.

5.     Ms. Coleman is an individual who is over forty (40) years of age.

6.     Defendant discriminated against Ms. Coleman because of her age or because of her disability by:  1) Denying Ms. Coleman's request for a Temporary Disability Leave under the Texas Education Code 21.409 from August 6, to September 2018, in an attempt to gain her agreement that her leave would expire on August 31, 2018, which meant she would lose her job on that date; 2) Refusing to engage in the good faith interactive process required by Texas law to reach a reasonable accommodation which would allow Ms. Coleman to keep her teaching

position at Cedar Hill High School; and 3) filling Ms. Coleman's position at Cedar Hill High School September 12, 2018, despite knowledge that Ms. Coleman's doctor would release her to return to work September 28, 2018. These actions by defendant are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

7.   In addition, the defendant retaliated against Ms. Coleman for seeking an accommodation for her disability by 1) filling Ms. Coleman's position at Cedar Hill High School September 12, 2018, despite knowledge that Ms. Coleman's doctor would release her to return to work September 28, 2018; 2) denying Ms. Coleman a position as a teacher after she was released to return to work on September 28, 2018; 3)  interfering with Ms. Coleman's access to the internal job posting system by changing her log on credentials and by refusing to correct the issue; 4) refusing to declare a position vacant notwithstanding that the teacher had been suspended since October 2018, and 5) treating Ms. Coleman rudely and with distain as she tried to return to a paid teaching position.  These actions by defendant are unlawful employment practices that violate Chapter 21 of the Texas Labor Code.

### III. JURISDICTION, VENUE AND DAMAGES

8.    The jurisdiction of this Court is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, Tex. Lab. Code Ann. § 21.001, *et seq*., which Act's purpose is to secure

to those within the state of Texas freedom from discrimination in employment. Jurisdiction is proper in the district court of Dallas County, Texas because the damages exceed the minimum amount in controversy for such court.

9.      Venue is proper in Dallas County, pursuant to Tex. Civ. Prac. & Rem. Code §15.002, because all or a substantial part of the events or omissions giving rise to the claims occurred in Dallas County, Texas and because defendants have its operations in Dallas County, Texas.

10.      Ms. Coleman seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact and which are within the jurisdictional limits of this court. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Ms. Coleman pleads that s h e anticipates that the of damages s he will request the jury to assess at trial will be monetary relief monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs and non-monetary relief. In addition to monetary relief, Ms. Coleman seeks an injunction against the Defendant which would require that it cease and desist discriminating against qualified individuals with disabilities and which would require that it train its human resources and executive leadership staff in the employment laws that govern all employers, including, but not limited to the Defendant.

## IV. PARTIES

11.      Ms. Coleman is a citizen of the United States who lives in Dallas

County, Texas.  At times material to this lawsuit, Ms. Coleman was employed by defendant as an active teacher in Cedar Hill High School or inactive teacher waiting for the opportunity to return to paid work.

12.     Defendant has been served this citation and made an appearance in this case.

## V.  FACTS

13.     Defendant employed Ms. Coleman as a teacher. Ms. Coleman began having difficulty with her knees in 2014 such that walking was a painful and difficult endeavor.  In 2016, Ms. Coleman suffered fractures in both ankles and could not even walk from the parking lot to her classroom because of excruciating pain. Shortly thereafter Ms. Coleman developed osteoarthritis in her knee joints which were bone on bone.  Ms. Coleman also suffered a tear in her Achilles' tendons and developed a cyst on her toe.  By March 2018, Ms. Coleman's physical condition had deteriorated to a point that she could barely walk and walked with a noticeable limp and needed a cane for mobility.  As recommended by her doctor, Ms. Coleman  took a Family Medical Leave Act leave of absence to have total knee replacement surgery in March 2018, through the end of the school year which ended in June 2018.  Ms. Coleman had surgery in July 2018, to repair the tears in her Achilles' tendons and other injuries.  Ms. Coleman's doctor did not release her to return to work at the start of the school year which began August 7, 2018, with day for staff development because he believed that she required additional time to heal.  Ms. Coleman notified Defendant that she had

had complications from surgery in July 2018, and that her expected return to work date was August 31, 2018. Ms. Coleman requested FMLA, but was informed that her entitlement to leave under the FMLA, had expired.  Defendant demoed Ms. Coleman a leave of absence under the FMLA although Ms. Coleman, was, in fact, eligible for twelve (12) weeks of FMLA leave on the date of her request, August 7, 2018.   Based on this denial, Ms. Coleman requested a 180-day temporary leave of absence which by Texas law is available to all Texas educators as well as entitled to such leave pursuant to defendant's policies.   Instead of granting Ms. Coleman FMLA or TDL., defendant advised Ms. Coleman that her TDL would be retroactively applied to the date that she took FMLA in March, and accordingly, it would expire on August 31, 2018.  This denial of FMLA and TDL meant that Ms. Coleman would not have job protected leave under the FMLA which would entitle her to return to her same position, and would not have TDL so that if her return to work date was September 2018, she would face termination.  Ms. Coleman also requested, and was denied, a leave of absence until her doctor released her in September 2018, as an accommodation for her disability which she informed them was a 'brittle bone' disease.

14.   Defendant denied Ms. Coleman's request for FMLA leave and initially denied Ms. Coleman's request for a non-retroactive TDL and further failed to engage in the interactive process which was triggered by Ms. Coleman's request for an accommodation for her disability and defendant failed to grant her a reasonable accommodation.

15.     As noted above, Ms. Coleman is a person with an actual disability, a history of a disability and was perceived by defendant as a person who is disabled.

16.     Defendant's action violated the TCHRA and the ADA and also interfered with and denied Ms. Coleman's rights under the FMLA.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.     Prior to filing this suit, Ms. Coleman timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission-Civil Rights Division.

18.     This suit is filed more than 180 days, but less than two years, after the filing of Ms. Coleman's charge of discrimination was filed with the Texas Workforce Commission. Ms. Coleman has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## VII. CAUSES OF ACTION

A.   Violations of Chapter 21, Texas Labor Code – disability discrimination

19.     By this reference, Ms. Coleman incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

20.     At all times set forth hereinafter, defendant was at all relevant times an "employer" as defined by Texas Labor Code § 21.002(8)(D).  Defendants are subject to the provisions of Chapter 21.

21.     Ms. Coleman has a disability within the meaning of Chapter 21 because she suffers from impairments substantially limit one or more major life activities including walking, standing and kneeling, etc. In addition, Ms. Coleman has a record and history of such impairments and has been regarded as having such impairments by defendant.

22.     At all relevant times, Ms. Coleman was an otherwise qualified individual with disabilities within the meaning of Chapter 21, in that she was able to perform all of the essential functions of the position, with or without reasonable accommodations.

23.     Defendant discriminated against Ms. Coleman because of her disabilities despite that she was a qualified individual with disabilities who was and is able to perform the essential functions of the position with or without reasonable accommodations.

24.     Defendant violated Chapter 21 by, *inter alia:*

(a) Failing to engage in the interactive process to find a reasonable accommodation and failing to grant her a reasonable accommodation.

(b) Constructively terminating Ms. Coleman's employment, directly on account of her disability, despite the fact that Ms. Coleman was able to perform the essential functions of her position when it would not allow her to return to a paying job as a teacher after she was released to work on September 28, 2018.

(c) Retaliating against Ms. Coleman because she requested an accommodation and opposed illegal disability discrimination and harassment.

(d)   Failing to allow Ms. Coleman to work as a paid teacher on account of her age or disability, and interfering with her attempts to find another paid teaching position.

(e)   Failing to take prompt and equitable steps to remedy discrimination and retaliation; and

(f)  Causing Ms. Coleman harm, including but not limited to lost pay, benefits, mental anguish and attorney's fees.

B. Violations of the Family Medical Leave Act – interference and retaliation

25**.**   Throughout Ms. Coleman's employment with defendant, defendant employed at least fifty employees and is an employer as that term is defined in FMLA.

26.   Throughout Ms. Coleman's employment with defendant, defendant is an employer within the meaning of the FMLA.

27.   Ms. Coleman worked at least 1,250 hours during the twelve months prior to her request for FMLA leave on August 7, 2018.

28.   Ms. Coleman's surgery, including her continuing medical treatment, constitute an illness, injury, impairment or physical or mental condition that involved in-patient care or continuing treatment by a health care provider at the time of the end of her employment.

29.   Ms. Coleman's medical condition involved more than a three-day absence and continuing treatment by a health care provider.

30.   Defendant interfered with Ms. Perkins exercise of her rights under the FMLA by denying her requested FMLA leave and by not restoring her to her position she held prior to her need for leave in September 2018.

31.     In the alternative, CCA retaliated against Ms. Coleman when it refused to place her in a comparable position after the end of her leave.

32.     Defendant willfully interfered with and denied Ms. Coleman rights that she was entitled to under the FMLA justifying an award, inter alia of back pay, interest, reasonable attorney fees and costs and any and all other damages that she is entitled to under law against defendant CCA.

## VIII. JURY DEMAND

33.     Plaintiff demands a trial by jury on all issues properly submitted to a jury, including fact issues under the Texas Commission on Human Rights, and specifically, the ultimate issues of fact as to the merits of this dispute, back pay, employee benefits and compensatory damages, except for the TCHRA attorney's fee issue and entitlement to front pay, which may be presented for post-judgment for the consideration by the Court.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court grant her the following relief from defendant and that judgment be entered for her and against defendant for each of the following:

A.     That defendant be ordered to compensate, reimburse, and make-whole the plaintiff for all the income plaintiff would have received if not for defendants' illegal actions including, but not limited to lost wages.  Ms. Coleman specifically limits her claim for lost wages from September 28, 2018, when she should have been allowed to

return to work, through the date in February 2019, when Ms. Coleman accepted a better paying job with another school district and is not seeking front pay lost wages. Ms. Coleman is also seeking lost pension and other benefits and all other compensation denied to the plaintiff accrued at the time of the filing of this petition until the date of judgment.

B.    Damages for inconvenience, incidental damages and loss of enjoyment of life.

C.    An award for past and future pain and suffering, past and future mental anguish.

D.    Pre-judgment interest after judgment at the maximum legal rate allowed by law until paid.

E.    Post-judgment interest after judgment at the maximum legal rate allowed by law until paid.

F.    Costs of court.

G.    Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.

H.    Injunctive and other equitable relief, including, but not limited to an order requiring defendants to cease and desist discrimination and retaliation against persons similarly situated to Ms. Coleman; and requiring it to offer training to its managers and supervisors on employee rights under the TCHRA, the ADA and FMLA.

I.    Such other and further relief to which the plaintiff may be justly entitled.

Dated:  August 9, 2021

Respectfully submitted,

/s/ N. Sue Allen
N. Sue Allen
Texas Bar No. 00791992
ALLEN LAW FIRM
4701 Altamesa Blvd, Suite 2R
Fort Worth, Texas 76133
(817) 926-5005 (Telephone)
(817) 926-5165 (Facsimile)
sue@sueallenlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served

August 9, 2021, pursuant to the Texas Rules of Civil Procedure via the e-filing

system.

/s/ N. Sue Allen
N. Sue Allen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sue Allen on behalf of Sue Allen
Bar No. 00791992
sue@sueallenlaw.com
Envelope ID: 56143932
Status as of 8/11/2021 7:50 AM CST

Associated Case Party: CEDAR HILL INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Katie Anderson | | kanderson@clarkhill.com | 8/9/2021 6:45:53 PM | SENT |
| Elizabeth Griffin | | egriffin@clarkhill.com | 8/9/2021 6:45:53 PM | SENT |
| R. PriceAnderson | | PAnderson@clarkhill.com | 8/9/2021 6:45:53 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| N. Sue Allen | 791992 | sue@sueallenlaw.com | 8/9/2021 6:45:53 PM | SENT |