IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2080-D |
| | § | |
| CEDAR HILL INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Cedar Hill Independent School District ("CHISD") moves for entry of a confidentiality and protective order under Fed. R. Civ. P. 26(c)(1). Plaintiff Grinda Coleman ("Coleman") opposes the motion and moves in the alternative that the court enter her proposed confidentiality and protective order. Having considered the parties' respective arguments and included provisions that it almost invariably adds to proposed protective orders,[1] and for the following reasons,[2] the court grants in part and denies in part CHISD's motion and enters a protective order that is largely in the form that CHISD requests. The

---

[1]The court has included on page 1 of the protective order standard language that it includes in almost all protective orders. The inclusion of these paragraphs is not affected by the merits of the instant dispute, but it may assist in addressing concerns about over-designating materials as confidential.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

court denies Coleman's alternative motion.

I

The court notes at the outset that, in CHISD's motion and reply, it refers to the fact that its proposed order is modeled on the one adopted by Miscellaneous Order No. 62. CHISD also refers to the order in its reply as this court's "model protective order." D. Reply 2; *see also id.* at 8 ("Plaintiff has not justified departing from the established standard set forth in this District's model protective order."). This characterization of the model protective order adopted under Miscellaneous Order No. 62 is somewhat overbroad. This is so because Miscellaneous Order No. 62, originally adopted in 2007 and modified as recently as 2019, applies to Dallas Division *patent cases*. *See* Misc. Order No. 62 at ¶ 1-2, *reprinted in* Texas Rules of Court: Federal at 300 (West Pamp. Supp. 2021) ("This Order applies to all civil actions filed in or transferred to the Dallas division of the Northern District of Texas that allege infringement of a utility patent in a complaint, counterclaim, cross-claim, or third-party claim or seek a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable."). The model protective order that Miscellaneous Order No. 62 adopts is therefore limited to Dallas Division patent cases as well. This court has *not* adopted a model protective order for non-patent cases in the Dallas Division or for any cases in the court's other six divisions.[3]

---

[3]Individual judges of the court, of course, may adopt model protective orders for non-patent cases, but the court itself has not and neither has the undersigned.

II

The court has considered the parties' respective positions concerning the provisions of CHISD's proposed protective order at issue: (1) the filing under seal of materials that the filer designates as confidential; (2) "Attorney Eyes Only" filings; (3) who has the burden of proof when a challenge is made to material designated confidential; (4) post-litigation disposition of material designated confidential; and (5) limits on the use in other litigation of material designated confidential in this case. To address the concerns that Coleman expresses and that the court deems meritorious, the court has modified CHISD's proposed protective order in the following material respects.[4]

The court has: added two introductory paragraphs, one of which warns against over-sealing practices; substantially revised ¶ 5, including by clarifying that the party claiming that a confidentiality designation is proper has the burden of proof; revised ¶ 6 to clarify that information designated as "Confidential Information" or "Confidential Attorney Eyes Only Information" can be disclosed to competent courts and government agencies; revised ¶ 13 to clarify that use of this court's filing procedure does not affect the procedure, or burden of proof, specified in ¶ 5; and revised ¶ 15 to add a mechanism for a person who is subject to the protective order, and who wishes after the conclusion of the litigation to retain materials that are covered by the protective order, to move for such relief.

---

[4]There are some changes to the proposed protective order that the court need not discuss, such as alterations of deadlines (typically from 10 business days to 14 calendar days) to conform to current time-counting practices.

With these changes, the court concludes that CHISD has demonstrated its entitlement to the relief granted in the protective order filed contemporaneously with this memorandum opinion and order.

\* \* \*

CHISD's February 23, 2022 motion for entry of a confidentiality and protective order is granted in part and denied in part. Coleman's alternative motion is denied.

**SO ORDERED**.

April 6, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE