IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRINDA COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2080-D |
| | § | |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Grinda Coleman ("Coleman") sues her former employer, defendant Cedar Hill Independent School District ("CHISD"), alleging claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act), Tex. Lab. Code Ann. §§ 21.001-21.556. CHISD now moves to compel Coleman to amend her responses to CHISD's requests for production ("RFPs"), to produce documents in response to its RFPs, and to sign authorizations allowing CHISD to obtain Coleman's medical and employment records. Coleman opposes the motion. For the reasons that follow, the court grants in part and denies in part CHISD's motion to compel and denies CHISD's request for expenses related to the motion to compel.

I

In 2016, while Coleman was employed as a teacher at CHISD, she began experiencing symptoms related to osteopenia, which affected her musculoskeletal system and made it difficult for her to walk to her classroom. In March 2018 CHISD approved Coleman's request for a leave of absence under the FMLA so that Coleman could receive a total knee replacement. When CHISD discovered that Coleman would not be released to return to work at the beginning of the next school year, CHISD informed her that she had exhausted her FMLA leave. Despite denying her additional FMLA leave, CHISD approved Coleman for Temporary Disability Leave ("TDL"). While Coleman was on TDL, CHISD filled her teaching position on September 12, 2018. Coleman alleges that CHISD also refused to restore her to a comparable position within the district, despite the fact that she applied for multiple open teaching positions. In February 2019 Coleman resigned from CHISD and began working for the Dallas Independent School District ("DISD").

Coleman filed this lawsuit in state court in April 2020, and CHISD removed the case to this court based on federal question and supplemental jurisdiction. After removal, the court granted Coleman leave to file an amended complaint. In her amended complaint, Coleman seeks compensatory damages in the form, *inter alia*, of lost wages, front pay, vacation pay, and other benefits; damages for past and future pain and suffering; damages for past and future mental anguish; punitive damages; injunctive relief; and attorney's fees and costs.

CHISD now moves to compel Coleman to (1) sign an authorization for the release of

her medical records; (2) sign an authorization for the release of her employment records; (3) produce all documents responsive to CHISD's RFPs Nos. 17-19 and 30-33;[1] and (4) supplement her response to CHISD's RFPs to specify whether she is withholding responsive documents based on her objections. CHISD also requests that the court award it attorney's fees and costs associated with preparing the instant motion to compel. Coleman opposes the motion, contending that her objections are proper and that she has produced all relevant documents that are in her possession. The court is deciding the motion on the briefs.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." Rule 34(a)(1). And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.

As the party opposing CHISD's motion to compel, Coleman bears the burden of proof. In the Fifth Circuit, "a party who opposes its opponent's request for production [must]

---

[1]The parties previously disagreed about how the RFPs should be numbered. For clarity, the court will refer to the RFPs as the parties do in their briefing related to the instant motion.

'show specifically how . . . each [request] is not relevant . . . .'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

### III

The court first considers CHISD's motion to compel Coleman to supplement her responses to specify whether she is withholding any responsive documents based on her objections.

CHISD contends that Coleman has made several objections to its discovery requests, but she has failed to state whether she is withholding documents based on these objections. The court agrees with CHISD that a party objecting to discovery must state whether any responsive materials are being withheld based on that objection. *See* Rule 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *U.S. Risk, LLC v. Hagger*, 2022 WL 209746, at *3 (N.D. Tex. Jan. 24, 2022) (Godbey, J.) (ordering defendant to supplement discovery responses to specify "whether he is actually withholding any responsive information or documents based on his objections").

Here, some of Coleman's responses to CHISD's RFPs do not specify whether she is withholding documents based on her objections.

Accordingly, the court orders Coleman to review her objections to CHISD's RFPs and to amend her responses as needed to affirmatively state whether she is withholding any responsive information or documents based on her objections. Coleman must file her amended response within 21 days of the date of this memorandum opinion and order.

IV

The court turns next to CHISD's request that the court compel Coleman to sign authorizations for the release of her medical and employment records.

A

Although the Fifth Circuit has held that a party is not required to sign an authorization to release medical records appended to Rule 33 interrogatories, the court has also suggested in *dicta* that such an authorization may be requested under Rule 34. *See McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982) (holding that plaintiff was not required to sign the form and explaining that "the documents or authority to copy them could have been obtained by a request under Rule 34," and that it was "quite possibl[e] (since [the plaintiff's] physical condition was put at issue by his demands) the court upon proper motion could have ordered him to sign such an authorization"). As both parties acknowledge, since *McKnight* was decided, district court decisions in this circuit have split as to the question whether a party may be required to sign an authorization for the release of medical, employment, or other records pursuant to Rule 34. *See Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319

F.R.D. 220, 227-29 (N.D. Tex. 2016) (Horan, J.) (describing split and collecting cases).

Other judges of this district have concluded that a court may compel parties to sign written releases or authorization forms consenting to the production of various documents. *See, e.g.*, *EEOC v. L-3 Commc'ns Integrated Sys., LP*, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) (Godbey, J.) ("[T]he Court agrees with *Mir* that written authorizations for release may be compelled under Rule 34 because they compel parties to disclose documents that are within their control."); *Mir*, 319 F.R.D. at 229 ("[T]he Court is persuaded to fall in with this second camp of courts that conclude that Rule 34, along with Rule 37, empowers courts to compel parties to sign written releases or authorization forms consenting to the production of various documents."). The court agrees that written authorizations for release of records that otherwise comply with the limits of Rule 26(b) may be requested under Rule 34 and their production compelled under Rule 37. *See S.E.C. v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.) ("[T]he undersigned invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable . . . .").

B

Having decided that Coleman can be required to sign the authorizations, the court now determines whether the authorizations proposed by CHISD are relevant and proportional, as Rule 26(b) requires.

1

With respect to the authorization to release medical records, Coleman maintains that she is willing to sign an authorization that is limited in scope to her physical impairments and restricted by time to records before February 2019. CHISD contends that the medical records authorization is appropriately tailored to the needs of this case because Coleman seeks not only damages related to her physical impairments but also to past and future mental anguish.

The court agrees with CHISD that the medical records authorization is relevant and proportional to the needs of this case. CHISD has already limited the authorization so that it can only obtain medical records dating back to January 1, 2016. Given that Coleman pleads that she began experiencing physical symptoms in 2016 and also seeks both past and future damages for her pain and suffering and mental anguish, an authorization to release medical records giving CHISD access to Coleman's medical records from January 1, 2016 to the present is within the scope of Rule 26(b). *Cf. Garza v. AAA Cooper Transp.*, 2021 WL 3777739, at *5 (S.D. Tex. May 18, 2021) (requiring plaintiff to sign authorization to release medical records, but limiting the time period of the authorization because defendant's request was overbroad); *L-3 Commc'ns Integrated Sys.*, 2018 WL 3548870, at *3 (limiting authorization for release of medical records to date that employee began working for defendant).

The court also rejects Coleman's contention that CHISD should only be authorized to obtain medical records related to her *physical* impairment. Coleman has placed her medical records related to her *mental* health at issue by seeking mental anguish damages.

Because Coleman has not amended her complaint to remove her claims for mental anguish damages, medical records related to her mental anguish are relevant to this case. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 472-74 (N.D. Tex. 2005) (Ramirez, J.) (overruling objection to RFP requesting that plaintiffs execute an authorization to release medical records and collecting cases in which courts found that medical records were relevant to claims of mental anguish in discrimination cases); *see also Clewis v. Medco Health Sols., Inc.*, 2013 WL 5354574, at *3 (N.D. Tex. Sept. 25, 2013) (Horan, J.) ("[T]he undersigned notes that medical records relating to Plaintiff's alleged bipolar condition—the disability that Plaintiff put at issue in her lawsuit—are certainly relevant to this litigation.").

The court therefore grants CHISD's motion to compel Coleman to sign its proposed authorization for release of medical records. Coleman must sign and deliver the authorization within 21 days of the date of this memorandum opinion and order.[2]

2

With respect to CHISD's request for authorization to obtain employment records, Coleman maintains that she will not sign the release because CHISD has not explained what additional documents it needs from her personnel files. CHISD contends that the limited and redacted documents that Coleman has produced are insufficient, and that the release seeks

---

[2]After the briefing on this motion was completed, the Supreme Court decided *Cummings v. Premier Rehab Keller, P.L.L.C.*, ___U.S. ___, ___ S.Ct. ___, 2022 WL 1243658 (U.S. Apr. 28, 2022), holding, in pertinent part, that emotional distress damages are not recoverable under the Rehabilitation Act, *id*. at *10. Because Coleman's claims are not limited to the Rehabilitation Act, *Cummings* does not alter the court's analysis as it relates to her other claims.

documents that are relevant to this case because they could reveal, *inter alia*, whether Coleman undertook non-teaching jobs while she was waiting to return to CHISD.

The court holds that CHISD is entitled to compel Coleman to sign an authorization to release employment records, but that the release CHISD proposes is not proportional to the needs of this case.  The release CHISD proposes is not time-limited and would allow CHISD to obtain employment records from any of Coleman's previous employers.  This proposed release is overbroad because Coleman's employment history prior to her initial request for FMLA leave informs neither her damages calculation nor whether she attempted to mitigate her damages.  *See Garza*, 2021 WL 3777739, at *3-4 (limiting scope of employment records authorization form to the date plaintiff began working for defendants to present); *Tijerina v. Guerra*, 2020 WL 1663181, at *11 (S.D. Tex. Apr. 1, 2020) (denying motion to compel with respect to authorization to release employment records that was "virtually unlimited in time and scope," but ordering plaintiff to execute an authorization that contained a limited time frame); *Zamora v. GC Servs., LP*, 2016 WL 8853096, at *5 (W.D. Tex. Aug. 19, 2016) (granting motion to compel plaintiff to sign authorization to release employment records that was limited to employers subsequent to plaintiff's employment with defendant).  Accordingly, on the condition that CHISD restricts the scope of the requested release to employment records from March 5, 2018 to the present, the court grants CHISD's motion to compel with respect to the authorization to release employment records.

V

The court next considers CHISD's request that the court compel Coleman to produce documents in response to its RFPs Nos. 17-19 and 30-33.

A

RFPs Nos. 30-32 request that Coleman produce documents that are likely duplicative of the documents CHISD can obtain via the signed authorization to release medical records that the court allows today. This is so because these RFPs seek the production of treatment and billing records related to Coleman's medical and mental condition: documents within the scope of the authorization to release medical records. Accordingly, the court denies without prejudice CHISD's motion to compel with respect to RFPs Nos. 30-32. If CHISD can demonstrate that certain documents cannot be obtained via the authorization to release medical records, it may request that Coleman produce these specific additional documents.

B

RFPs Nos. 18, 19, and 33 request that Coleman produce documents that are likely duplicative of the documents that CHISD will be able to obtain via the signed authorization to release employment records. In particular, RFPs Nos. 18 and 19 ask that Coleman produce all documents reflecting her income and benefits from March 1, 2019 to present. And RFP No. 33 requests that Coleman "produce all documents relating to your employment records with [DISD], including without limitation your application, offer letter, salary, and benefits." D. Br. 23. Because CHISD's employment records release includes pre-employment records, personnel files, and wage and payroll information, it appears that it

- 10 -

would be redundant to compel Coleman to both produce these documents and to sign the authorization to release her employment records. Accordingly, the court denies without prejudice CHISD's motion to compel with respect to RFPs Nos. 18, 19, and 33. If CHISD can demonstrate that certain documents cannot be obtained via the authorization to release employment records, it may request that Coleman produce these specific additional documents.

C

RFP No. 17, however, does not request documents that are duplicative of the ones that CHISD can request via the authorization to release employment records because it requests documents related to potential employers, including job applications. RFP No. 17 requests that Coleman "produce all documents you sent to or received from potential employers from March 1, 2019 . . . including without limitation job applications or job resumes, letters, emails and internet postings." D. Br. 20. CHISD argues that these documents are discoverable because they relate directly to whether Coleman attempted to mitigate her damages by seeking substantively-similar employment. Coleman objects to this request, contending that she is not seeking damages after February 2019, when she began substantially similar employment with DISD. Coleman also asserts that there are no responsive documents to this request.

It is unclear whether Coleman has affirmatively limited her damages to the period prior to March 2019. Some language in Coleman's amended complaint suggests that her damages are limited to "benefits illegally withheld from the date of Plaintiff's termination

until the date the Plaintiff is tendered substantially equivalent employment . . . ." Am. Compl. 9 ¶ A. But she also seeks compensatory damages "accrued at the time of the filing of this petition until the date of judgment." *Id.* Given the ambiguity in Coleman's amended complaint, the court overrules her objection, in which she contends that this RFP is not relevant to the claims or defenses of the parties in this suit.

Coleman also responded, however, that there are no documents responsive to this request. "[A] party cannot produce what it does not have, and so, [c]learly, the court cannot compel [a party] to produce non-existent documents." *VeroBlue Farms USA Inc. v. Wulf*, ___ F.R.D. ____, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (Horan, J.) (second and third alterations in original) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 598 (N.D. Tex. 2018) (Horan, J.)). But, if no responsive documents exist, Coleman's responses must be sufficiently detailed so that the court can determine whether she has made a reasonable inquiry and has exercised due diligence, as Rule 26(g)(1) requires. *See Lopez*, 327 F.R.D. at 578 (explaining that "if no responsive documents or tangible things exist . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence" (citation omitted) (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) (Horan, J.))). Coleman's response to RFP No. 17 is conclusory and does not allow the court to determine whether she has made a reasonable inquiry and has exercised due diligence.

Accordingly, consistent with the court's discussion above, Coleman must revisit her objection to RFP No. 17 and determine whether any responsive documents are being

withheld on the basis of the objection. If no responsive documents exists, Coleman must state this in her updated responses, with sufficient specificity. Assuming Coleman does so and no responsive documents are being withheld, CHISD's motion to compel with respect to RFP No. 17 is denied.

VI

Finally, the court turns to CHISD's request for attorney's fees and costs associated with its motion to compel.

Under Rule 37(a)(5)(A), if a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

In view of such factors as the split in authority as to whether a party can request authorizations to release records under Rule 34, the duplicative nature of some of CHISD's RFPs with respect to documents that it can obtain via the authorizations, and Coleman's response that she is not withholding any responsive documents with respect to RFP No. 17, the court finds that Coleman's nondisclosure, response, and objection was substantially justified. *See L-3 Commc'ns Integrated Sys.*, 2018 WL 3548870, at *4 (declining to award expenses under Rule 37(a)(5)(A) because, in light of the split in authority over whether a

party can obtain authorizations to release records under Rule 34, plaintiff was substantially justified in opposing defendant's motion to compel); *Abrego v. Budget Truck Rental, LLC*, 2018 WL 6220163, at *3 (W.D. Tex. Apr. 23, 2018) ("The Court finds that, given the divided authority regarding whether Rule 34 can be used to compel a responding party to execute a medical records release form, Plaintiff's opposition to that request was substantially justified and no award of expenses is appropriate in connection with this request.").

\* \* \*

For the reasons explained, the court grants in part and denies in part CHISD's motion to compel, and denies CHISD's request for attorney's fees and costs. Coleman must comply with this memorandum opinion and order according to the dates specified herein.

**SO ORDERED**.

May 10, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE